SOUTHERN DISTRICT OF FLORIDA
701 Clematis Street, West Palm Beach, FL 33401

CASE NO.: 23-80211-CR-MARRA/MCCABE

UNITED STATES OF AMERICA,
Plaintiff,

v.

ROBERT LEON SMITH III,
Defendant.

_____/

# MOTION TO DISMISS INDICTMENT FOR VIOLATION OF DUE PROCESS, FAILURE TO MAINTAIN AN ACCURATE DOCKET, GRAND JURY MISCONDUCT, DENIAL OF THE RIGHT TO TRAVEL FOR LEGAL ASSISTANCE, IMPROPER EX PARTE COMMUNICATIONS, AND FAILURE TO READ CHARGES ONTO THE RECORD

COMES NOW, Defendant, ROBERT LEON SMITH III, pro se, and respectfully moves this Honorable Court to dismiss the indictment on the grounds that the prosecution has violated the defendants constitutional rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, engaged in improper ex parte communications, failed to maintain an accurate docket, denied him the right to travel for legal assistance, and failed to properly read the charges against him onto the record, depriving him of a fair and impartial proceeding. In support, Defendant states as follows:

I. INTRODUCTION

1. The Defendant has been denied the fundamental right to present evidence before the grand jury, violating his constitutional right to due process and equal access to justice.

2. The Court has failed to maintain an accurate docket, resulting in procedural irregularities that have prejudiced the Defendant's ability to prepare an adequate defense.

3. Ex parte communications between the prosecutor and standby counsel have taken place without the knowledge or consent of the Defendant, compromising the fairness of the proceedings.

4. The Defendant was denied the ability to travel to obtain legal assistance necessary for preparing his defense by Hunter Durham at U.S. Probation & Pretrial Services, violating his fundamental rights.

5. The indictment was obtained through prosecutorial misconduct before the grand jury, including failure to present exculpatory evidence and misleading statements.

6. The charges against the Defendant have not been properly read onto the record, violating his due process rights and his right to be fully informed of the nature of the accusations against him.

7. These combined actions have resulted in irreparable harm to the Defendant, including damage to reputation, economic loss, and deprivation of constitutional rights, which cannot be remedied post-trial.

## II. VIOLATION OF DUE PROCESS

8. The Fifth Amendment to the U.S. Constitution guarantees due process of law, which includes the right to a fair and impartial grand jury proceeding. See *U.S. Const. amend. V*.

9. The Supreme Court has long held that "a defendant has a right to a fair and impartial process, and any deviation from this standard undermines the integrity of the judicial system.

10. The denial of the Defendant's right to present exculpatory evidence before the grand jury violates due process. While prosecutors are not always obligated to present exculpatory evidence, "an indictment obtained through fundamentally unfair means must be dismissed." See *Brady v. Maryland, 373 U.S. 83, 87 (1963).*

11. The prosecution's failure to allow Defendant to present evidence to the grand jury has denied him equal access to justice in violation of his rights under the Fourteenth Amendment.

## III. FAILURE TO MAINTAIN AN ACCURATE DOCKET

12. Federal courts are required to maintain accurate records of all proceedings. The failure to do so violates Defendant's right to due process.

13. The inaccurate or incomplete docket in this case has deprived the Defendant of the ability to track filings, motions, and orders, directly impacting his ability to prepare a defense.

14. A court's failure to provide an accurate docket constitutes a procedural defect that prejudices the Defendant, warranting dismissal.

## IV. GRAND JURY MISCONDUCT AND DUE PROCESS VIOLATIONS

15. The indictment in this case is fundamentally flawed due to prosecutorial misconduct before the grand jury. The prosecution failed to present exculpatory evidence and may have misled the grand jury regarding critical facts, violating the Defendant's Fifth Amendment due process rights.

16. The Supreme Court has ruled that misconduct before the grand jury, including withholding exculpatory evidence, can justify dismissal of an indictment.

17. If the prosecution knowingly withheld or misrepresented material evidence, the indictment must be dismissed as a matter of due process.

## V. FAILURE TO READ CHARGES ONTO THE RECORD

18. Federal Rule of Criminal Procedure 10(a) requires that a defendant be informed of the charges against them in open court. Failure to comply with this rule violates due process and renders the indictment defective.

19. The Supreme Court has ruled that a defendant must be fully informed of the nature of the charges before trial proceedings can lawfully commence.

20. The failure of the prosecution to place the charges on the record violates Federal Rule of Criminal Procedure 7(c)(1), which mandates that an indictment must provide a plain, concise, and definite written statement of the essential facts.

21. The Court must remedy this violation by dismissing the indictment for lack of procedural compliance.

## VI. REQUEST FOR RELIEF – DISMISSAL OF INDICTMENT

22. Given the constitutional and procedural violations presented, this Court should exercise its discretion to dismiss the indictment in the interests of justice.

23. The denial of the Defendant's due process rights, failure to maintain an accurate docket, improper ex parte communications [see exhibit B], grand jury misconduct, denial of the right to travel for legal assistance by Hunter Durham at U.S. Probation & Pretrial Services [see exhibit A], and failure to read charges onto the record render this case unconstitutional and warrant immediate dismissal.

24. WHEREFORE, Defendant respectfully moves this Court to dismiss the indictment and grant such further relief as is just and proper.

Respectfully submitted,

DATED: March 11, 2025.

/s/ *Robert Leon Smith III*
ROBERT LEON SMITH III, Pro Se
PO Box 853
Archer City, Texas
940-378-5555

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was furnished via U.S. Mail and/or electronic filing to the United States District Court, Southern District of Florida, on this 11 day of March 2025.

/s/ *Robert Leon Smith III*
ROBERT LEON SMITH III, Pro Se