UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80211-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT LEON SMITH, III,

    Defendant.
_____/

## ORDER DENYING MOTION FOR CONTINUANCE

THIS CAUSE is before the Court upon Defendant's Motion for Continuance [DE 314]. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

Defendant was indicted in this case on December 13, 2023. [DE 1]. Defendant, then represented by counsel, had an initial appearance in this case on December 15, 2023, and he was arraigned and entered a plea of not guilty on January 19, 2024. [DE 4 and DE 18]. An order scheduling this case for trial on March 8, 2024, was also entered by the Court on January 19, 2024. [DE 19]. The parties then filed a Joint Motion to Continue the Trial, DE 23, and on February 14, 2024, the Court granted the parties' request and reset the trial for over one year later, that being March 21, 2025. [DE 24].

After this case was scheduled for trial, Defendant sought to exercise his constitutional right to represent himself. A *Faretta* hearing was conducted before Magistrate Judge McCabe on May 15, 2024, during which Judge McCabe strongly advised Defendant against pursuing that

1

option. [DE 54; DE 68 at 27, 30].[1]  Despite the Court's warning, Defendant chose to exercise his right to represent himself.  The Court did, however, appoint Defendant's former counsel, Brian Rafferty, as standby counsel. [DE 54 at 2].  A few months later, Defendant raised concerns regarding Mr. Rafferty's continued involvement in the case, DE 90, which resulted in Mr. Rafferty being removed as standby counsel. [DE 100].

In July of 2024, the United States moved the Court to adopt a pretrial scheduling order that set forth deadlines with which the parties were to comply leading up to the March 24, 2025 trial date.  As best the Court can discern, Defendant filed a document which appeared to agree to the entry of the scheduling order,[2] and Defendant did not object to its entry during the hearing held on August 2, 2024 where the scheduling order was discussed.  Thus, the scheduling order was entered on August 2, 2024. [DE 93].  At that hearing, the Court reminded Defendant that the case would proceed to trial in March of 2025.  When the discussion of discovery was had during that conference, Defendant stated: "[D]oes the record reflect that I feel that I am capable and competent to be able to handle that stuff myself."

After the first deadline on the scheduling order passed, which required Defendant to advise the United States by October 1, 2024, if he intended to assert an advice of counsel defense, the Court scheduled a status conference for the purpose of reminding Defendant of the deadlines in the scheduling order and recommending that he obtain counsel. [DE 148; DE 189 at 9-11, 14-16, 21-22, 24].  In the course of that conference, the Court reminded Defendant that the case was going to trial in March of 2025. *Id.* at 21-22.  The Court conducted another status

---

[1] The Court notes that despite Defendant having waived his right to have the charges read to him, *see* DE 15-1, Defendant's recent claim that he has been denied due process because the charges were not read to him is patently frivolous.  During the *Faretta* hearing, Judge McCabe did go over the charges filed against Defendant and advised him of the maximum penalties he faced. Defendant stated on the record and under oath that he understood each of the charges and penalties. [DE 68, pp.18- 21].  Defendant even went so far as to say he read the statutes under which he has been charged. *Id.* at 23-24.
[2] *See* DE 79.

conference on December 10, 2024, during which it once again reminded Defendant of the upcoming trial deadlines and recommended that he retain counsel. [DE 182; DE 190 at 4, 12, 18-19]. At that conference Defendant stated: "I refuse to have any counsel of any matter for I am perfectly capable of dealing with this on my own." *Id.* at 23.

On January 29, 2025, the Court held yet another status conference during which the Court reminded Defendant that the case was going forward toward a trial in March of 2025. [DE 232 at 21-22].

Defendant had over one year to prepare for the upcoming trial. The Court repeatedly advised Defendant of upcoming deadlines and repeatedly recommended that he obtain counsel. Defendant, in turn, refused to obtain counsel, he insisted he was capable of handling the case himself and he ignored the deadlines. Now at the eleventh hour, Defendant wants the Court and the United States to place everything on hold while he scrambles to put together a defense to the charges. It is far too late in the day to accede to Defendant's untimely and unreasonable request.

In view of the history of this case, Defendant's Motion for a Continuance is DENIED.

DONE AND ORDERED in West Palm Beach, Florida this 18th day of March, 2025.

KENNETH A. MARRA
United States District Judge

Copies provided to:

    All counsel