UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80211-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT LEON SMITH, III,

    Defendant.
_____/

## ORDER ON OMNIBUS MOTIONS IN LIMINE

THIS CAUSE is before the Court upon the United States' Omnibus Motions in Limine [DE 236]. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

This matter is scheduled for trial on March 24, 2025. The United States has filed the present Omnibus Motion in Limine seeking to preclude certain matters from being argued or presented to the jury during the trial. As best the Court can tell, Defendant has not opposed the motion. In DE 261 filed by Defendant, which is entitled "Non-Negotiable Notice of Acceptance, he states: "PLEASE TAKE NOTICE that I, Robert Leon Smith III, a sentient moral being, accept your Presentment 'Document 236 Entered on FLSD Docket 02/10/2025.'"

The first type of evidence the Government seeks to preclude relates to any attempt by Defendant to demonstrate or suggest that the alleged victims of Defendant's alleged fraudulent conduct could have or should have known of or discovered the alleged wrongful conduct. Because an alleged perpetrator of fraud is no less guilty because his victim is negligent, *United*

1

*States v. Svete,* 556 F.3d 1157, 1165 (11th Cir. 2009), the Government's motion on this area of inquiry or argument is GRANTED.

The Government next seeks to preclude evidence or argument relating to legitimate business practices in which Defendant may have engaged or from which some of Defendant's clients may have benefitted in order to show a lack of criminal intent. "Evidence of good conduct is not admissible to negate criminal intent." *United States v. Camejo,* 929 F.2d 610, 613 (11th Cir. 1991). Moreover, evidence of instances of compliance with applicable rules and regulation is irrelevant to a defendant's intent relative to the acts of wrongdoing charged in the indictment. *United States v. Moreira,* 605 F. App'x 852, 859 (11th Cir. 2015) (unpublished); *United States v. Hung Thien Ly,* 543 F. App'x 944, 946 (11th Cir. 2013). Therefore, the Government's motion on this issue is GRANTED. Defendant will be precluded from presenting evidence or argument to the jury relative to his legitimate business practices or specific instances of conduct in compliance with the law.

The Government also seeks to have the Court prevent Defendant from offering inadmissible hearsay before the jury. It goes without saying that absent a recognized exception, hearsay evidence is inadmissible. Attempting, in an order, to instruct a *pro se* Defendant on the intricacies of the hearsay rules of evidence would be an exercise in futility. The Court will simply instruct the Government to make timely objections to any attempt by Defendant to offer inadmissible hearsay. This aspect of the Government's motion is DENIED WITHOUT PREJUDICE.

Additionally, the Government seeks to preclude Defendant from improperly impeaching government witnesses with agents' interview reports. The Court is unable to enter a blanket order in this regard until Defendant attempts to use an agent's report and then it can determine

whether Defendant is making improper use of the report.  At this juncture, the Court will order Defendant not to read from or disclose the content of any agent's report that has not be admitted into evidence without first, out of the presence of the jury, advising the Court and the Government of the report he intends to use and what use he intends to make of the report.

The Government is also seeking an order precluding Defendant from alluding to collateral consequences of a conviction or presenting evidence that other culpable individuals may not have been charged.  The motion is GRANTED as to any evidence or argument about the possible length of a sentence upon conviction, or how a conviction may adversely affect Defendant's future earning prospects or the potential impact on his family.  As the standard jury instruction directs, the jurors' decision may not be based on sympathy for or against any party. Eleventh Circuit Pattern Criminal Jury Instructions, B2.1.  Defendant may, however, express to the jury in either opening statement or closing argument the importance of the jurors' decision because of the fact that his liberty is at stake.

As to evidence that other culpable individuals have not been charged, the motion is GRANTED IN PART.  Defendant may not offer evidence or argument about others who have not been charged, except as to a witness who testifies and who may have some culpability. If a witness who testifies has come culpability and has not been charged, Defendant may inquire about the Government's failure to bring charges against that individual in order to show the witness' prejudice, bias or lack of credibility.

The Court GRANTS the Government's motion relative to either party commenting on or asking the jury to draw any adverse inferences from the failure to call a witness that was equally available to both parties.

The Court also GRANTS the Government's motion relative to either party commenting on the volume, nature or timing of discovery produced during the course of this proceeding.

The Court will RESERVE RULING on the Government's motion to preclude argument or evidence relating to the safe harbor exception to the anti-kickback statute absent Defendant laying a predicate for the admission of such evidence. The Court will inquire of Defendant at the pretrial conference regarding this issue and make a determination after hearing from Defendant.

The Court GRANTS the Government's motion to preclude evidence or argument by Defendant that his conduct was based upon his good faith reliance on the advice of counsel. The Court entered a pretrial scheduling order, with no apparent objection from Defendant, DE 93, which required Defendant to disclose whether he intended to advance such a defense and to provide full disclosure of the basis for the defense. That deadline for providing that disclosure was October 1, 2024. Defendant failed to provide any disclosure as required by the pretrial scheduling order. The Court even held a status conference shortly after the deadline had passed to remind Defendant of that deadline and others that were approaching. [DE 189 at 9-11, 14-16, 21-22, 24]. Defendant ignored that deadline, as well as all others in the pretrial scheduling order. Defendant cannot now offer an advice of counsel defense when he failed to provide the Government of his intention to do so and where he failed to provide the basis for the defense well in advance of the trial.

The Court GRANTS the Government's motion to preclude Defendant from raising before the jury any argument or evidence to suggest the laws and regulations under which he is being charged are unconstitutional or invalid, that the Government lacks authority to bring the charges

set forth in the indictment or that the Court lacks authority to preside over the case.

DONE AND ORDERED in West Palm Beach, Florida this 20th day of March, 2025.

KENNETH A. MARRA
United States District Judge

Copies provided to:

All counsel

5