UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
701 Clematis Street, West Palm Beach, FL 33401

CASE NO.: 23-80211-CR-MARRA/MCCABE

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ROBERT LEON SMITH III,
    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS BASED ON TAINTED DISCOVERY AND DENIAL OF DUE PROCESS

COMES NOW, the Defendant, ROBERT LEON SMITH III, appearing in propria persona, and hereby moves this Honorable Court to dismiss this case in its entirety due to the tainted nature of the discovery, the denial of due process, and the prosecution's failure to conduct a fair and impartial investigation before seeking an indictment. In support of this motion, the Defendant states as follows:

## I. INTRODUCTION

1. The prosecution has failed to ensure fairness and justice, beginning with their lack of obtaining relevant testimony before seeking an indictment.

2. The government's objective appears to be intimidation and coercion, rather than the pursuit of justice, violating the Fifth and Sixth Amendments.

3. Andrea Savdie, the prosecutor, showed no interest in gathering complete and balanced evidence before proceeding with an indictment.

4. The grand jury process was compromised by her lack of impartiality, potential self-interest, and reckless disregard for due process.

5. The government has overwhelmed the Defendant with tens of millions of documents, making it impossible to meaningfully review discovery before trial.

6. The prosecution's handling of discovery, including late disclosures and inaccessible evidence, has systematically denied Defendant the right to a fair trial.

7. Judge Kenneth Marra was notified on March 12, 2025, of these discovery violations, yet denied the Defendant's request for a continuance, further compounding the injustice.

## II. FAILURE TO OBTAIN RELEVANT TESTIMONY BEFORE INDICTMENT

1. The prosecution failed to gather relevant testimony before proceeding with an indictment, raising serious questions about the integrity of this case.

2. The grand jury proceedings were tainted by a one-sided, incomplete presentation of evidence, violating the principles set forth in United States.

3. Andrea Savdie demonstrated either incompetence or deliberate misconduct, ignoring exculpatory evidence and depriving the Defendant of a fair pre-indictment process.

## III. DISCOVERY ABUSE AND DUE PROCESS VIOLATIONS

1. The government has engaged in deliberate document dumping, providing tens of millions of documents to overwhelm the Defendant and obstruct effective trial preparation.

2. Many flash drives and hard drives contain personal information of unrelated individuals, which the Defendant has no right to possess, and which further demonstrates reckless mishandling of evidence.

3. Evidence is still being disclosed as late as 10 days before trial, making it impossible for the Defendant to meaningfully prepare.

4. Many of the discovery materials provided to the Defendant are **inaccessible**, further **prejudicing** the Defendant's ability to **review critical evidence and prepare an adequate defense**.

5. Between **March 5 and March 11**, the prosecution sent the Defendant **four thumb drives**, yet **two were completely inaccessible**. Despite multiple attempts to access the contents, the Defendant was **unable to review the evidence** necessary for trial preparation. On **March 12**, during a **status hearing**, the Defendant **explicitly informed the Court of this issue**, yet the concern was **dismissed and ignored**, demonstrating **clear bias in favor of the prosecution**. The Court's failure to address or

remedy this issue **violates the Defendant's due process rights**, as it effectively **denies access to crucial discovery materials needed for rebuttal and defense preparation**. This continued pattern of disregarding the Defendant's fundamental rights further **undermines the fairness and integrity of these proceedings**.

6. On **March 13**, the prosecution sent an email to **standby counsel** containing discovery material, which was then forwarded to the Defendant that same day. After multiple unsuccessful attempts to access the files, the Defendant emailed **standby counsel** on **March 16**, stating: *"I have tried multiple times and am unable to open this. It will not let me accept the invite; it says 'page not found.'"* As of **March 18**, the Defendant has received no response from **standby counsel** regarding this issue. This is yet another example of the **prosecution's unfair practice of dumping discovery material just days before trial**, leaving the Defendant without adequate time to review critical evidence—particularly when the provided materials are inaccessible. This tactic **obstructs due process and further demonstrates prosecutorial misconduct** by depriving the Defendant of a fair opportunity to prepare a defense.

7. On **March 12**, during a **court hearing**, Judge Marra explicitly instructed the **prosecution** to provide the Defendant with the **discovery materials that would be used at trial**. In response, the **prosecution sent an email to standby counsel**, which was then forwarded to the **Defendant the same day**. However, instead of receiving meaningful evidence, the Defendant was provided with **44 pages of vague graphs and ambiguous data, lacking substantive detail** or clarity regarding their relevance to the case. This deliberate lack of transparency further obstructs the **Defendant's ability to properly review and prepare a defense** against the **evidence the prosecution intends to use at trial**. This is not an isolated incident but rather part of a **clear pattern of prosecutorial misconduct**—one that prioritizes **winning at all costs over fairness and due process, effectively discarding the scales of justice**. It is evident that the prosecution is **less concerned with upholding justice** and **more focused on securing a conviction through obstruction, deception, and an outright disregard for the Defendant's fundamental rights**. This continued **pattern of bad faith tactics** calls into question the **integrity of these proceedings** and warrants **immediate judicial intervention to ensure a fair trial**. [See Exabit A]

# IV. COURT'S FAILURE TO REMEDY THESE VIOLATIONS

8. Judge Kenneth Marra was notified on March 12, 2025, about the prosecution's discovery abuses and denied the Defendant's request for a continuance, even though:
    - The Defendant had not received full discovery in a usable format.
    - The Defendant was still receiving discovery mere days before trial.
    - The prosecution's actions violated due process and fundamental fairness.
9. The refusal to allow a continuance under these conditions constitutes judicial error and further supports dismissal of the indictment.

# V. LEGAL BASIS FOR DISMISSAL

10. Due Process Violations (Fifth and Sixth Amendments):
    - The Supreme Court has ruled that prosecutorial misconduct and failure to disclose evidence violate due process.
    - The late and inaccessible discovery materials hinder the Defendant's right to a fair trial.
11. Grand Jury Misconduct:
    - A tainted grand jury indictment is grounds for dismissal
    - The failure to present all relevant testimony before seeking an indictment renders the charges defective
12. Prejudicial Discovery Violations:
    - Federal courts have dismissed cases where prosecutorial discovery abuses prevented a fair trial
    - The government's strategy of overwhelming the Defendant with excessive, untimely, and unusable discovery materials is a denial of due process.

## VI. REQUESTED RELIEF

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

1. Dismiss the indictment in its entirety due to prosecutorial misconduct, tainted discovery, and due process violations.

2. Bar the prosecution from introducing any discovery materials that were disclosed improperly, untimely, or in an inaccessible format.

3. Grant any other relief that this Court deems just and proper to protect the integrity of the judicial process and the Defendant's constitutional rights.

Respectfully submitted,

Defendant reserves all rights without prejudice.

DATED: March 20, 2025.

/s/ *Robert Leon Smith III*
ROBERT LEON SMITH III, In Propria Persona
PO Box 853
Archer City, Texas
940-378-5555

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss Based on Tainted Discovery and Denial of Due Process was furnished via U.S. Mail and/or electronic filing to the United States Attorney's Office, Southern District of Florida, on this 20 day of March 2025.

/s/ *Robert Leon Smith III*
ROBERT LEON SMITH III, In Propria Persona