UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
701 Clematis Street, West Palm Beach, FL 33401

CASE NO.: 23-80211-CR-MARRA/MCCABE

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ROBERT LEON SMITH III,
    Defendant.
_____/

**DEFENDANT'S MOTION TO EXCLUDE WITNESSES FROM TESTIFYING**

COMES NOW, the Defendant, ROBERT LEON SMITH III, appearing in propria persona, and hereby files this Motion to Exclude Witnesses from Testifying based on the Federal Rules of Evidence (FRE), violations of constitutional rights, and prosecutorial misconduct. In support of this motion, the Defendant states as follows:

## I. LEGAL BASIS FOR EXCLUSION OF WITNESSES

1. Hearsay (FRE 801-804): Statements made outside of court that are being offered for their truth are inadmissible unless an exception applies. Many of the government's witnesses lack firsthand knowledge and rely on hearsay.

2. Unreliable Testimony from Elderly Witnesses: Witnesses of advanced age with potential memory decline present unreliable testimony, which could create perjury risks.

3. Government Coercion of Witnesses: Witnesses who accepted plea deals under threats, duress, coercion, force, or fear should not be considered reliable.

4. Lack of Personal Knowledge (FRE 602): A witness must have firsthand knowledge of the events they testify about. Several witnesses have no direct knowledge of Defendant's involvement.

5. Undue Prejudice, Confusion, or Waste of Time (FRE 403): Testimony that is misleading, speculative, or irrelevant should be excluded.

6. Violation of Confrontation Clause (Sixth Amendment): The government must provide video/audio recordings of any alleged confessions, as law enforcement testimony alone is insufficient.

## II. WITNESSES TO BE EXCLUDED

1. Witnesses Whose Testimony Constitutes Hearsay and Lacks Firsthand Knowledge

Victor Vickery – Conversations between him and Defendant are hearsay. He lived over 1000 miles away and has no firsthand knowledge. Accepted a plea deal under duress, threats, and coercion.

Alexi Bethel – Spoke with Defendant only a couple of times. His knowledge is based on secondhand information from Vickery. Took a deal under government pressure.

Marc Sporn – Defendant never spoke to or met him. His knowledge is indirect through Art Guiess, who later had a stroke. His testimony is hearsay and under the pressure of taking a deal from the government.

Charles Schwartz – Defendant was not involved in his business. Any statements are based on speculation, not firsthand knowledge and under the pressure of taking a deal from the government.

Michael McCormac – Ordered a product from Defendant, but past that, has no knowledge of Defendant's business and under the pressure of taking a deal from the government.

Peter Roussonicolos – Has no connection to Defendant. Took a deal under pressure.

Zachary Levenson – His role was strictly compliance-related. If advice of counsel defense is barred, his testimony should be excluded due to him working with attorney's and compliance officer to implement the changes for compliance.

Richard Epstein – Took a plea deal under duress and zero first-hand knowledge of anyting.

2. Witnesses with Unreliable Testimony Due to Age & Memory Issues
   Johanna L. Sullivan
   Stephen Quindoza
   Marylee Robinson
   Karry Reynolds
   Annette Davidson

    Joyce Stem

    Linda Milarczyk

These witnesses have aged significantly, raising concerns about memory accuracy and reliability. Using potentially faulty testimony places them at risk of perjury.

3. Expert Witnesses Without Relevant Knowledge

    Dr. Robert Hoover

    Dr. Warren Joseph

    Dr. Mark Schmeltz

    Dr. Apurva Shah

    Dr. Thomas Vento

None of these witnesses have firsthand knowledge of Defendant's alleged actions. Their testimony is irrelevant and should be excluded.

4. Law Enforcement Agents Relying on Coerced Confessions

    Special Agent Kristin Bailey

    Special Agent Timothy Minden

    Special Agent Orlando Buissereth

Unless the government provides video and audio evidence proving that confessions were made without threats, coercion, duress, force, or fear, these agents should not be permitted to testify.

## III. GOVERNMENT MISCONDUCT & WITNESS COERCION

The prosecution has engaged in witness coercion, intimidation, and deal-making, leading to fabricated testimony. When the government pressures individuals into testifying in exchange for reduced sentences, it raises serious credibility concerns.

    *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998) – Government inducements for testimony violate due process and fair trial rights.

    *Napue v. Illinois*, 360 U.S. 264 (1959) – The government cannot knowingly present false testimony or incentivize witnesses to lie.

    *Brady v. Maryland*, 373 U.S. 83 (1963) – The prosecution must disclose exculpatory evidence, including deals or coercion involving witnesses.

# IV. REQUESTED RELIEF

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

1. Exclude testimony from any witness whose statements are based on hearsay, speculation, or unreliable memory.

2. Disqualify expert witnesses who lack firsthand knowledge or whose testimony is irrelevant.

3. Strike any law enforcement testimony unless audio/video proof is provided to refute claims of coercion.

4. Issue sanctions against the prosecution for any coerced or incentivized testimony.

5. Grant any other relief this Court deems just and proper.

Respectfully submitted,

DATED: March 20, 2025.

/s/ *Robert Leon Smith III*
ROBERT LEON SMITH III, In Propria Persona
PO Box 853
Archer City, Texas
940-378-5555

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Exclude Witnesses was furnished via U.S. Mail and/or electronic filing to the United States Attorney's Office, Southern District of Florida, on this 20 day of March, 2025.

/s/ *Robert Leon Smith III*
ROBERT LEON SMITH III, In Propria Persona