UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

ROBERT LEON SMITH III,

Defendant in Error,

Case No.: 23-80211-CR-MARRA/MCCABE

**PETITION TO COMPEL
PLAINTIFF TO ESTABLISH
TERRITORIAL JURISDICTION
ON THE RECORD
AND
ESTOPPEL IN PIAS
WITH SUPPORTING
MEMORANDUM**

COMES NOW Robert Leon Smith III, HEREINAFTER, "inhabitant" AND DOES HEREBYDEMAND THE UNITED STATES OF AMERICA HEREINAFTER "plaintiff" ESTABLISH TERRITORILA JURISDICTION ON RECORD OF THIS HONORABLE COURT;

    1.) Inhabitant hereby denies being a United States Citizen subject to the territorial jurisdiction of the plaintiff;

    2.) Inhabitant hereby denies being within the territorial jurisdiction of the plaintiff;

PETITION TO COMPEL PLAINTIFF TO ESTABLISH TERRITORIAL JURISDICTION ON THE RECORD AND ESTOPPEL IN PIASWITH SUPPORTING MEMORANDUM - 1

3.) Inhabitant hereby denies being a public officer of the plaintiff;

4.) Inhabitant hereby denies the plaintiff has established standing on record;

5.) Inhabitant hereby denies the plaintiff has established territorial jurisdiction on record;

6.) Inhabitant hereby denies the jurors are residence of the territorial jurisdiction of the plaintiff;

7.) Inhabitant hereby denies being subject to the written law of the plaintiffs territorial jurisdiction;

WHEREAS INHABITANT DOES HEREBY SUPPORT THIS DEMAND FOR PLAINTIFF TO ESTABLISH TERITORRIAL JURISDICTION ON THE RECORD WITH THE FOLLOWING ATTACHED MEMORANDUM AND AUTHORITIES;

1.) The law provides that once State and Federal Jurisdiction has been challenged, it must be proven. Main v. Thiboutot, 100 S. Ct. 2502 (1980)

2.) Jurisdiction can be challenged at any time and once challenged, cannot be assumed and must be decided. Basso v. Utah Power & Light Co., 495 F 2d 906, 910;

3.) "...there is, as well, no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215

4.) "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962)

5.) The burden shifts to the court to prove jurisdiction. Rosemond v. Lambert, 469 F2d 416;

6.) ...if the issue is presented in any way the burden of proving jurisdiction rests upon him who invokes it. Latana v. Hopper, 102 F. 2d 188

7.) When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction." Melo v. United States, 505 F. 2d 1026;

8.) Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150;

9.) No officer can acquire jurisdiction by deciding he has it. The officer, whether judicial or ministerial, decides at his own peril." Middleton v. Low(1866), 30 C. 596, citing Prosser v. Secor (1849), 5 Barb.(N.Y) 607, 608;

10.) Where a court has jurisdiction, it has a right to decide any question which occurs in the cause, and whether its decision be correct or otherwise, its judgments, until reversed, are regarded as binding in every other court. But if it

acts without authority, its judgments and orders are regarded as nullities. They

are not voidable, but simply void, and form no bar to a remedy sought in

opposition to them, even prior to a reversal. They constitute no justification,

and all persons concerned in executing such judgments or sentences are

considered in law as trespassers. Elliott v Peirsol, 1 Pet. 328, 340, 26 U.S. 328,

340, 7L.Ed. 164 (1828);

11.)  Thus, where a judicial tribunal has no jurisdiction of the subject matter on

which it assumes to act, its proceedings are absolutely void in the fullest sense

of the term." Dillon v. Dillon, 187 P 27;

12.)   A court has no jurisdiction to determine its own jurisdiction, for a basic

issue in any case before a tribunal is its power to act, and a court must have the

authority to decide that question in the first instance." Rescue Army v.

Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67

S.Ct. 1409;

13.)  "No Court or officer can acquire jurisdiction by the mere assertion of it or by

falsely alleging the existence of facts on which jurisdiction depends. . . . No

officer can acquire jurisdiction by deciding that he has it. In all such cases,

every officer, whether judicial or ministerial, decides at his peril." Middleton v.

Low, 30 Cal. 596, 607 (1866) (quoting People v. Cassels, 5 Hill (N.Y.) 164,

168 (1843); Prosser v. Secor, 5 Barb. (N.Y.) 607, 608 (1849)) (internal

quotation marks omitted);

14.) "[S]ince the sexual conduct occurred in the District of Columbia, the State of

Maryland did not have territorial jurisdiction." West v. State, 369 Md. 150,

153, 797 A.2d 1278, 1279 (2002);

15.) "Territorial jurisdiction 'may never be waived' and must be established

beyond a reasonable doubt." People v. Thomas, 997 N.Y.S.2d 53, 55, 124

A.D.3d 56, 59 (N.Y. App. Div. 2014) (quoting People v. McLaughlin, 80

N.Y.2d 466, 470–71, 591 N.Y.S.2d 966, 606 N.E.2d 1357 (1992));

16.) "When it clearly appears that the court lacks jurisdiction, the court has no

authority to reach the merits. In such a situation the action should be dismissed

for want of jurisdiction." Melo v. United States, 505 F.2d 1026, 1030 (8th Cir.

1974);

17.) "A court lacking jurisdiction cannot render judgment but must dismiss the

cause at any stage of the proceedings in which it becomes apparent that

jurisdiction is lacking." Basso v. Utah Power and Light Company, 495 F.2d

906, 909 (10th Cir. 1974) (citing Bradbury v. Dennis, 310 F.2d 73 (10th Cir.

1962));

18.) "Although defendant did not present evidence to support dismissal for lack

of jurisdiction, the burden rested with the plaintiffs to prove affirmatively that

jurisdiction did exist. The defendant's failure to raise the issue before final

judgment did not amount to a waiver, since a court may dismiss a case for lack

of jurisdiction at any stage of the proceeding." Basso, 495 F.2d at 910 (citing F

& S Construction Co. v. Jensen, 337 F.2d 160 (10th Cir. 1964));

19.) "The parties cannot, even by stipulation, confer jurisdiction upon a court

where no jurisdiction exists. . . . '[J]urisdiction is established solely by general

law.' " Evans v. State, 647 So.2d 180, 180 (Fla. 1st DCA 1994) (per curiam)

(quoting White v. State, 404 So.2d 804, 805 (Fla. 2d DCA 1981)) (citing

Sclafani v. County of Dade, 323 So.2d 675 (Fla. 3d DCA 1975));

20.) "No judicial process, whatever form it may assume, can have any lawful

authority outside of the limits of the jurisdiction of the court or judge by whom

it is issued; and an attempt to enforce it beyond these boundaries is nothing

less than lawless violence." Ableman v. Booth, 62 U.S. (21 How.) 506, 524

(1858);

21.) "Fraud in its elementary common law sense of deceit . . . includes the

deliberate concealment of material information in a setting of fiduciary

obligation. A public official is a fiduciary toward the public . . . and if he

deliberately conceals material information from them he is guilty of fraud."

McNally v. United States, 483 U.S. 350, 371–72 (1987) (superseded by statute, 18 U.S.C. § 1346 (1994)) (quoting U.S. v. Holzer, 816 F.2d 304, 307 (7th Cir. 1987) (vacated by McNally, supra)) (internal quotation marks omitted);

22.)  The Organic Laws of the United States of America, the Declaration of Independence, Articles of Confederation, Northwest Ordinance of July 13, 1787 and the Constitution of September 17, 1787 will be shown as the fundamental and organic law preceding the United States Code.  "Secrets bound up in the four Organic Laws limit the United States Code to the territory owned by and ceded to the United States of America.";

23.)  Defendant denies there is evidence that the Articles of Confederation have not been repealed, abolished, nor amended; and The critical importance of Article IV of the Articles of Confederation is the freedom of the American people; and, The contrived abolition of the Articles of Confederation makes possible the idea that the Constitution of the United States grants Congress legislative power over the inhabitants within the several states; and, "The Articles of Confederation protect individual freedom in America without delay, while confirming the limitation of federal law to federal territory." "Statute laws enacted since June 1, 1789 have been codified into the federal United States Code.";

24.)   The United States Code consists of 50 Titles, beginning with Title 1.

General Provisions; Title 2. The Congress;  Title 3.The President;  Title 4. Flag

and Seal, Seat of Government, and the States;  Title 5. Government

Organization and Employees; and Appendix;  Title 6. Domestic Security and

continuing in alphabetical order with Title 7. Agriculture and ending with 50.

War and National Defense; and Appendix.  The voluminous laws that few, if

any, members of Congress read before enactment are codified into the various

Titles of the United States Code.  When all the statute laws enacted by

Congress pertaining to one of the Titles, are deemed by Congress to accurately

reflect what has been codified that Title has been enacted into positive law;

25.)   Of the first five Titles, only Title 2.  "The Congress", has not been enacted

into positive law.  The Congress which is the subject of Title 2 is the

"Congress of the United States, which shall consist of a Senate and House of

Representatives."  Unlike the Office of President of the United States, the

Congress of the United States vested with the legislative power has not been

extensively changed by constitutional amendment to become "the Congress."

Beginning with the 12th Amendment to the Constitution of the United States

the Office of President of the United States has become the Office of President.

The transformation of the Office of the President of the United States into the

Office of President began with George Washington's taking of the oral oath to that Office.  The existence of and continuity of the United States in Congress assembled is still hidden in the syntax of the first sentence of the Constitution of September 17,1787;

26.)  The claims the Constitution of the United States replaced the Articles of Confederation, is defeated in Article VI, All Debts contracted and "Engagements entered into, before the Adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation". In practically all American history books, somewhere in those texts the lie will appear that the Articles of Confederation are replaced by the Constitution of the United States.  For 220 years the federal government has hidden the fact that the Articles of Confederation were not replaced bythe Constitution of the United States.  The Articles of Confederation not the Constitution of the United States is, therefore, the most important Organic Law of the United States of America after the Declaration of Independence;

27.)  Anyone who clings to Constitutional rights and longs for the restoration of the republic is seriously mistaken about the meaning of the Organic Law of the United States of America especially the Articles of Confederation:

28.)  Articles of Confederation Article IV;

PETITION TO COMPEL PLAINTIFF TO ESTABLISH TERRITORIAL JURISDICTION ON THE RECORD AND ESTOPPEL IN PIASWITH SUPPORTING MEMORANDUM - 9

The better to secure and perpetuate mutual friendship and intercourse among the people of the different states in this union, the free inhabitants of each of these states, paupers, vagabonds and fugitives from Justice excepted, shall be entitled to all privileges and immunities of free citizens in the several states; and the people of each state shall have free ingress and regress to and from any other state, and shall enjoy therein all the privileges of trade and commerce, subject to the same duties, impositions and restrictions as the "inhabitants" thereof respectively, provided that such restriction shall not extend so far as to prevent the removal of property imported into any state, to any other state of which the Owner is an "inhabitant"; provided also that no imposition, duties or restriction shall be laid by any state, on the property of the united states, or either of them;

29.)  Each of the thirteen original states was bound by the Articles of Confederation to recognize the right of every "inhabitant" to enjoy all the privileges and immunities enjoyed by persons who claim to be citizens in the several states of the original and perpetual Union.  George Washington and the Freemasons devised the Northwest Ordinance of July 13, 1787 and Constitution of September 17, 1787 to permit the State governments of the thirteen states to make laws that would appear to be binding on both the

PETITION TO COMPEL PLAINTIFF TO ESTABLISH TERRITORIAL JURISDICTION ON THE RECORD AND ESTOPPEL IN PIASWITH SUPPORTING MEMORANDUM - 10

"inhabitants" and citizens of the several States;

30.)  Let us take judicial notice the Organic Law of the United States of America, This is the fundamental law for all the laws enacted by Congress in chronological order: the Organic Law is the Declaration of Independence, Articles of Confederation, Northwest Ordinance of July 13, 1787 and the Constitution of September 17, 1787;

31.)  It doesn't take a great legal scholar to dismiss the Declaration of Independence and the Articles of Confederation as sources of congressional legislative power;  The only law the Declaration of Independence refers to is "the Laws of Nature and of Nature's God," and King George's "Acts of pretended Legislation."  The Articles of Confederation are renown for their absence of any delegation of legislative power from the States to the United States in Congress assembled, the Congress of the Confederacy;

32.)  The Congress of Confederacy acquired a power to legislate for the Northwest Territory, when the States that had claims to territory outside their original charters ceded those claims to the United States of America;  That proprietary power was exercised in the ordination of the Northwest Ordinance of July 13, 1787, which created a temporary government for the first federal district;

33.)  The fourth and final Organic Law, the Constitution of September 17, 1787, would create a second Congress identified in Article I Section 1 as "a Congress of the United States, which shall consist of a Senate and House of Representatives" and which will be granted "[A]ll the legislative Powers" when the first nine States ratified this Constitution;  The grant of all legislative Powers must refer to the power to ordain legislation for federal district known as the Northwest Territory, for nine States, under Article X, could delegate the power to make laws for the district;

34.)  The answer to the question: "Where exactly does Congress get the power to make laws"is the Northwest Ordinance of July 13, 1787; The Constitution of September 17, 1787, when ratified by nine States, established that Constitution between the ratifying States, which means the legislative power over the district was delegated to the new "Congress of the United States, which shall consist of a Senate and House of Representatives.";

35.)  The Constitution of September 17, 1787 is ratified by all the States, but it is never adopted by any government;  The first members of the Congress of the United States, which shall consist of a Senate and House of Representatives, never take the Article VI oath necessary to form a government, so one is never formed;

36.)  Article III of the Constitution of September 17, 1787 vests the judicial

Power of the United States in "one supreme Court" "and in such inferior

Courts as the Congress may from time to time ordain and establish."  The

Congress of the United States, which, in Article III, is the United States in

Congress assembled of the Articles of Confederation has the power to ordain

and establish; The Northwest Ordinance of July 13, 1787 was a result of the

exercise of that power to ordain and establish. As Article I Section 1 of the

Constitution of September 17, 1787 clearly shows: "All legislative Powers

herein granted shall be vested in a Congress of the United States, which shall

consist of a Senate and House of Representatives."   The Congress of the

United States with the power to ordain and establish is the "United States in

Congress assembled," which survives as the Senate of the United States.  The

first nine States to ratify the Constitution of September 17, 1787 established

the Senate as a Committee of States pursuant to Article IX of the Articles of

Confederation;

37.)  The legislative U.S. Supreme Court created by the Judiciary Act of 1789 can

exercise no judicial power, as the Congress of the United States, with the

power to ordain and establish, is the United States in Congress assembled;  The

Chief Justice who heads the legislative U.S. Supreme Court, according to the

Judiciary Act of 1789, is bound to perform legislative duties, because he is a the person who must preside, according to Article I Section 3 Clause 6, at the impeachment trial of the President of the United States, a non-judicial proceeding;

38.) An Article III "one supreme Court," once ordained and established would have to have Judges, not Justices, appointed to it by a President who had taken and subscribed an Article VI oath. As no President Elect has ever taken and subscribed such an oath and no Supreme Court has been ordained and established, there is no evidence that any Article III court exists anywhere;

39.) All federal judges including the Chief Justice and Associate Justices are appointed, by the President of the United States, with the advice and consent of the Senate, to legislative courts;

40.) The phrase "this Constitution" when used in the Constitution for the United States of America means the written one, which might ultimately be adopted; The phrase "the Constitution of the United States" in the oath of Office of President of the United States refers to the territorial composition of the United States of America subject to the legislative power of "a Congress of the United States.";

41.) The Northwest Ordinance of July 13, 1787 made the Northwest Territory

part of the Confederacy formed by the Articles of Confederation;  The

Northwest Territory, however, was so sparsely populated none of it would

become States of the Union under the Articles of Confederation for many

years; By virtue of its joiner to the United States of America these territories

and future territory added to the United States of America became known as

the United States;

42.)  This Constitution created a government for the territory added to the United

States of America, in which a President under this Constitution and as

President of the United States of America under the Articles of Confederation

would appoint a President of the United States to administer the United States;

43.)  The Seventh Article of this Constitution provided that the ratification of nine

States would "be sufficient for the Establishment of this Constitution between

the States so ratifying the Same;"  This ratification could create a United States

Government of the territory and property belonging to the United States of

America in the ratifying States and in the Northwest Territory;

44.)  Amendment of the Articles of Confederation required a unanimous vote of

thirteen States, so the vote of nine States would be insufficient to repeal,

replace or amend the Articles of Confederation; This means that the Articles of

Confederation survive even when the ratification of this Constitution by the

remaining thirteen States occurs;

45.)  The only reasonable conclusion of the consequence of the ratification of this

Constitution by the first nine States is the creation of a government for the

territory subject to the legislative power of "a Congress of the United States;"

46.)  Article II of the Articles of Confederation secures the individual sovereignty

of each member State of the thirteen State Confederacy and the Articles of

Confederation confer no legislative power in the United States, in Congress

assembled;

47.)  Article IX of the Articles of Confederation provided that nine States would

be sufficient to form a Committee of States to manage the affairs of the

Confederacy, which now include the management and administration of

territory belonging to the United States of America.  An Article VII ratification

of this Constitution by nine States would be sufficient to form the Committee

of States as the new Senate;

48.)  The Declaration of Independence, Articles of Confederation, Northwest

Ordinance of July 13, 1787 and this Constitution comprise the Organic Law of

the United States of America;  Each of these laws present a filter through

which certain legal concepts must be able to pass before they can be made

applicable to certain personages contemplated in law;

49.)  Inhabitants of the states of the United States of America enjoy the most freedom because they are not subject to the Northwest Ordinance or the Constitution of the United States;

50.)  Once nine States ratified this Constitution, it became the Constitution of the United States; George Washington was elected to the Office of President on February 4, 1789, when only 11 States had ratified this Constitution; By April 30, 1789 when he took the oath of Office of President of the United States, the new Union was still two States short of the original thirteen;

51.)  On July 4, 1790, it might have been possible for George Washington to become the first person elected to the Office of President to take the Article VI oath of Office to support this Constitution; By that time it was too late to "Adopt this Constitution" by having the President take the oath to support this Constitution;  By then, George Washington was already illegitimately expanding the United States by usurping the power of the states;

52.)  On June 1, 1789 "a Congress of the United States," they First, enacted a new oath of office to support the Constitution of the United States, a government of territory subject to the legislative power of Congress that would claim authority to enact laws pursuant to authority of the Article I Section 8 enumerated powers of this Constitution;

PETITION TO COMPEL PLAINTIFF TO ESTABLISH TERRITORIAL JURISDICTION ON THE RECORD AND ESTOPPEL IN PIASWITH SUPPORTING MEMORANDUM - 17

WHERFORE INHABITANT (GENEROUSLY) GRANTS PLAINTIFF THREE (3) DAYS (72-HOURS) TO ESTABLISHED TERITORRIAL JURISDICTION ON THE RECORD OF THIS HONORABLE COURT;

IN LIEU OF ESTABLISHING TERRIRTORIAL JURISDICTION, ALL PARTIES AGREE TO DISMISS THIS CAUSE OF ACTION WITH PREJUDICE AND REMITT ALL RENTS PROFITS PROCEEDS FUTURES AND ANNUITIES FROM THE COMPLAINT SECURITY LODGED ON THE COURT LEDGER TO THE INHABITANT AND RENDER SETTLE AND CLOSE THE ACCOUNT (aka DEFENDANT IN ERROR) WITH A FULL ACCOUNTING (i.e. included but not limited to the W9/W8/W7 for all participants, the CUSIP, AUTOTRIS, 484B PROSPECTUS, FORMS 56)

Respectfully presented and submitted this 27th day of March 2025

By: /s/Robert Leon Smith III

///
///
///