1

Robert Leon Smith III
506 N. Sycamore Street,

2

Archer City, Texas 76351
Phone: (940) 378-5555

3

Email: smith32r@gmail.com



FILED BY_____D.C.

MAY 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

4

UNITED STATES DISTRICT COURT

5

SOUTHERN DISTRICT OF FLORIDA

6

UNITED STATES OF AMERICA,

Case No.: 23-CR-80211-MARRA/MCCABE

7

Plaintiff,

8

vs.

MOTION TO DISMISS INDICTMENT FOR
VAGUENESS

9

ROBERT LEON SMITH III,

10

Defendant

11

COMES NOW, Robert Leon Smith III, a living man, Defendant, appearing specially and not

12

generally, sui juris, in propria persona, under threat, duress, and coercion, without waiving any rights or consenting

13

to jurisdiction, and submits this Motion to Dismiss Indictment for Vagueness pursuant to Federal Rule of Criminal

14

Procedure 12(b)(3)(B)(v), 28 U.S.C. § 1331, Federal Rules of Evidence, and the Four Organic Laws of The United

15

States of America (Declaration of Independence, Articles of Confederation, Northwest Ordinance, U.S.

16

Constitution). As a pro se litigant, Defendant is entitled to liberal construction of his pleadings under Haines v.

17

Kerner, 404 U.S. 519, 520 (1972). The indictment filed December 14, 2023 is void for vagueness due to multiple

18

ambiguities, failing to provide adequate notice of the charges and violating Defendant's due process rights under the

19

Fifth and Sixth Amendments. Defendant demands dismissal with prejudice.

20

21

I. PRELIMINARY STATEMENT

22

23

The indictment charges Defendant with conspiracy to commit wire fraud and health care fraud,

24

among other counts, but contains critical ambiguities rendering it constitutionally defective. It fails to specify the

25

precise location, nature, and scope of the alleged offenses, omitting essential details such as the latitude and

26

longitude of the offense location, the identity and residency of grand jury members, and the factual basis for

27

interstate commerce nexus. These deficiencies violate Federal Rule of Criminal Procedure 7(c)(1), United States v.

28

Cruikshank, 92 U.S. 542, 558 (1876), and Russell v. United States, 369 U.S. 749, 763-64 (1962), which require

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 1

1   specificity to ensure fair notice and protect against double jeopardy. The indictment's vagueness also contravenes

2   Article I, Section 8, Clause 17 and 18 U.S.C. § 7, as Plaintiff has not established territorial jurisdiction. Adams v.

3   United States, 319 U.S. 312 (1943). The Court must dismiss the indictment as void ab initio. Steel Co. v. Citizens

4   for a Better Env't, 523 U.S. 83, 94 (1998).

5

6                          II. AMBIGUITIES IN THE INDICTMENT

7

8           The indictment contains the following ambiguities, rendering it void for vagueness:

9           Failure to Specify Offense Location:

10          Ambiguity: The indictment alleges offenses occurred "in the Southern District of Florida and

11   elsewhere" but fails to provide the precise location, including latitude and longitude, of any alleged act. This vague

12   reference deprives Defendant of notice of where the crimes purportedly occurred.

13          Legal Deficiency: Federal Rule of Criminal Procedure 7(c)(1) requires the indictment to state

14   "essential facts constituting the offense charged." United States v. Hess, 124 U.S. 483, 487 (1888) (indictment must

15   specify "time and place" to enable defense). The omission of geographic coordinates violates Garland v. State of

16   Washington, 232 U.S. 642, 645 (1914), and United States v. Carll, 105 U.S. 611, 612 (1882) (indictment must be

17   specific enough to bar double jeopardy).

18          Jurisdictional Impact: Plaintiff has not proven the offenses occurred on federal land under 18

19   U.S.C. § 7 or Article I, Section 8, Clause 17, failing to provide a certified land patent or cession agreement. Adams

20   v. United States, 319 U.S. 312 (1943); United States v. Spelar, 338 U.S. 217, 222 (1949). The vague "and

21   elsewhere" clause undermines territorial jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th

22   Cir. 1974).

23

24          Lack of Grand Jury Residency Verification:

25          Ambiguity: The indictment does not verify that the grand jury or its foreman were residents of a

26   federal territory, as required for federal jurisdiction.

27

28

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 2

1           Legal Deficiency: An indictment must be returned by a legally constituted grand jury. Ex parte

2   Wilson, 140 U.S. 575, 578 (1891). Plaintiff's failure to disclose grand jury composition violates Federal Rule of

3   Criminal Procedure 6(a) and 28 U.S.C. § 1861 (jury selection). United States v. Russell, 369 U.S. 749, 763 (1962)

4   (indictment must show authority of charging body). Without proof of residency in a federal territory, the indictment

5   is void. Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884).

6           Due Process Violation: The ambiguity denies Defendant the ability to challenge the grand jury's

7   authority, violating Fifth Amendment due process. Hagans v. Lavine, 415 U.S. 528, 536 (1974).

8           Vague Description of Alleged Acts:

9           Ambiguity: The indictment alleges Defendant "orchestrated a massive fraud" involving "false and

10   fraudulent doctors' orders" and "false and fraudulent bills to Medicare" but fails to identify specific transactions,

11   dates, or beneficiaries. Terms like "approximately $66 million" and "overseas call center" are conclusory and lack

12   particularity.

13           Legal Deficiency: An indictment must "fully, directly, and expressly" set forth the elements of the

14   offense. United States v. Cruikshank, 92 U.S. 542, 558 (1876). The lack of specific facts violates Russell v. United

15   States, 369 U.S. 749, 763-64 (1962) (indictment must enable defendant to prepare defense and plead double

16   jeopardy). Hamling v. United States, 418 U.S. 87, 117 (1974), requires "definite and certain" allegations, which are

17   absent here.

18           Evidentiary Failure: Plaintiff provides no verified evidence (e.g., billing records, contracts) to

19   support these claims, violating Federal Rule of Evidence 301 (burden on proponent). Brady v. Maryland, 373 U.S.

20   83, 87 (1963) (exculpatory evidence must be disclosed).

21           Unspecified Interstate Commerce Nexus:

22           Ambiguity: The indictment alleges wire fraud and health care fraud affecting interstate commerce

23   but does not specify how Defendant's actions impacted commerce or identify specific interstate transmissions.

24           Legal Deficiency: 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1347 (health care fraud) require

25   a clear nexus to interstate commerce. United States v. Lopez, 514 U.S. 549, 561 (1995) (Commerce Clause requires

26   substantial effect). The indictment's failure to detail this nexus violates Louisville & Nashville R.R. v. Mottley, 211

27   U.S. 149, 152 (1908) (jurisdiction requires specific allegations). United States v. McNally, 483 U.S. 350, 360

28   (1987), demands precise statutory elements.

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 3

1         Jurisdictional Impact: Without a verified interstate nexus, the Court lacks subject matter

2 jurisdiction under 18 U.S.C. § 3231. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

3         Failure to Identify Co-Conspirators and Specific Acts:

4         Ambiguity: The indictment refers to "co-conspirators" and a "telemedicine company" but does

5 not name individuals, describe their roles, or specify Defendant's overt acts in the conspiracy.

6         Legal Deficiency: Conspiracy charges require identification of co-conspirators and overt acts to

7 provide notice. United States v. Cecil, 608 F.2d 1294, 1296 (9th Cir. 1979); Wong Tai v. United States, 273 U.S. 77,

8 81 (1927). The vague allegations violate Federal Rule of Criminal Procedure 7(c)(1) and United States v. Debrow,

9 346 U.S. 374, 376 (1953) (indictment must allege "facts and circumstances").

10         Due Process Violation: The ambiguity prevents Defendant from preparing a defense, violating

11 Sixth Amendment rights. In re Oliver, 333 U.S. 257, 273 (1948).

12         Lack of Verified Complaint or Affidavit:

13         Ambiguity: The indictment is not supported by a verified complaint or affidavit of injury, failing

14 to establish a factual basis for the charges.

15         Legal Deficiency: An indictment must rest on probable cause supported by verified evidence.

16 Kalina v. Fletcher, 522 U.S. 118, 129 (1997). The absence of a sworn complaint violates Federal Rule of Criminal

17 Procedure 3 and Giordenello v. United States, 357 U.S. 480, 486 (1958). Merritt v. Hunter, 170 F.2d 739, 741 (10th

18 Cir. 1948) (unverified charges lack jurisdiction).

19         Evidentiary Failure: Plaintiff's failure to provide an affidavit violates Federal Rule of Evidence

20 602 (personal knowledge). Maxwell v. Dow, 176 U.S. 581, 587 (1900) (un-rebutted affidavits stand as evidence).

21         Ambiguous Statutory Application:

22         Ambiguity: The indictment cites 18 U.S.C. §§ 1343, 1347, and 1349 but does not clarify how

23 Defendant's actions meet each element, particularly for health care fraud (e.g., intent to defraud a "health care

24 benefit program").

25         Legal Deficiency: Statutory citations alone are insufficient; the indictment must allege facts

26 meeting each element. United States v. Carll, 105 U.S. 611, 612 (1882); United States v. McNally, 483 U.S. 350,

27 360 (1987). The vague application violates United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (indictment

28 must specify conduct violating statute).

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 4

1    Due Process Violation: The ambiguity denies Defendant fair notice, violating Fifth Amendment

2    due process. Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926).

3

4    III. LEGAL STANDARD

5    An indictment must provide "a plain, concise, and definite written statement of the essential facts

6    constituting the offense charged." Federal Rule of Criminal Procedure 7(c)(1). It must enable the defendant to

7    prepare a defense, avoid double jeopardy, and ensure probable cause. Russell v. United States, 369 U.S. 749, 763-64

8    (1962); United States v. Cruikshank, 92 U.S. 542, 558 (1876). Vague or ambiguous indictments violate Fifth and

9    Sixth Amendment rights and must be dismissed. United States v. Hess, 124 U.S. 483, 487 (1888); Connally v. Gen.

10   Constr. Co., 269 U.S. 385, 391 (1926). The Court lacks jurisdiction absent a valid indictment and proven territorial

11   authority. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Adams v. United States, 319 U.S. 312

12   (1943).

13   IV. ARGUMENT

14   The indictment's ambiguities render it void for vagueness, violating constitutional and procedural

15   standards:

16   Due Process Violation: The lack of specific location, grand jury verification, and detailed acts

17   deprives Defendant of fair notice and the ability to prepare a defense. Russell v. United States, 369 U.S. 749, 763

18   (1962); In re Oliver, 333 U.S. 257, 273 (1948). The vague "Southern District of Florida and elsewhere" clause fails

19   to meet Hess, 124 U.S. 483, 487 (1888), and Garland v. State of Washington, 232 U.S. 642, 645 (1914).

20   Territorial Jurisdiction Defect: Plaintiff's failure to specify the offense location or provide a land

21   patent undermines federal jurisdiction under 18 U.S.C. § 7 and Article I, Section 8, Clause 17. Adams v. United

22   States, 319 U.S. 312 (1943); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974). The Court

23   cannot proceed without proof of federal territory. United States v. Spelar, 338 U.S. 217, 222 (1949).

24   Subject Matter Jurisdiction Defect: The indictment's failure to establish an interstate commerce

25   nexus or verified complaint negates jurisdiction under 18 U.S.C. § 3231. Louisville & Nashville R.R. v. Mottley,

26   211 U.S. 149, 152 (1908); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Merritt v. Hunter,

27   170 F.2d 739, 741 (10th Cir. 1948).

28

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 5

1    Personal Jurisdiction Defect: Defendant, a living man, is not a statutory person subject to federal

2    jurisdiction absent consent. The indictment does not rebut Defendant's affidavit of status [DE 356, Ex. A]. United

3    States v. Gardner, 80 F.3d 1310, 1314 (9th Cir. 1996); Maxwell v. Dow, 176 U.S. 581, 587 (1900).

4    Organic Laws Violation: The indictment's vagueness and jurisdictional defects violate the Four

5    Organic Laws, which limit federal authority and protect individual sovereignty. Marbury v. Madison, 5 U.S. 137,

6    176 (1803); Gibbons v. Ogden, 22 U.S. 1, 196 (1824).

7    Bill of Attainder: The indictment's vague and punitive nature constitutes a legislative act of

8    punishment, prohibited by Article I, Section 9, Clause 3. United States v. Lovett, 328 U.S. 303, 315 (1946); Calder

9    v. Bull, 3 U.S. 386, 388 (1798).

10    Evidentiary Failure: The absence of verified evidence (e.g., affidavits, billing records) violates

11    Federal Rules of Evidence 301, 401, and 602. Brady v. Maryland, 373 U.S. 83, 87 (1963); Kalina v. Fletcher, 522

12    U.S. 118, 129 (1997).

13    V. DEMAND FOR RELIEF

14    WHEREFORE, Defendant respectfully demands:

15    Dismissal of the indictment with prejudice for vagueness and lack of jurisdiction.

16    A hearing requiring Plaintiff to produce:

17    Certified land patent or cession agreement proving territorial jurisdiction under 18 U.S.C. § 7.

18    Latitude and longitude of the alleged offense location.

19    Verification of grand jury and foreman residency in a federal territory.

20    Verified complaint or affidavit supporting the charges.

21    Suspension of all proceedings until jurisdiction is proven on the record.

22    Production of exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963).

23    Costs and damages for violations of Defendant's rights under 42 U.S.C. § 1983 and the Federal

24    Tort Claims Act.

25    Any further relief the Court deems just, consistent with the Four Organic Laws and Marbury v.

26    Madison, 5 U.S. 137 (1803).

27

28

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 6

## VI. RESERVATION OF RIGHTS

Defendant reserves all rights, privileges, and immunities under the U.S. Constitution, Bill of Rights, and Four Organic Laws, including the right to amend this filing, challenge void orders, and seek remedy for misconduct. Defendant does not consent to admiralty, equity, or statutory jurisdiction and maintains his standing as a sovereign man. Bank of Augusta v. Earle, 38 U.S. 519, 587 (1839); Bond v. United States, 564 U.S. 211, 223 (2011).

Respectfully submitted, this 15th day of May, 2025,

/s/ Robert Leon Smith III

Robert Leon Smith III, sui juris

In propria persona, under duress

506 N. Sycamore Street,

Archer City, Texas 76351

Phone: (940) 378-5555

Email: smith32r@gmail.com

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 7

CERTIFICATE OF SERVICE

I, Robert Leon Smith III, certify that on May 15, 2025, a true and correct copy of this Motion to Dismiss Indictment for Vagueness was served upon the Court and all parties via CM/ECF or U.S. Mail to:

Clerk of Court, U.S. District Court, Southern District of Florida

United States Attorney's Office, Southern District of Florida

Michael P. McCarthy, Trial Attorney, U.S. Department of Justice

/s/ Robert Leon Smith III
Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Attorney in Fact
Propria Persona
            Dated this 15th day of May, 2025

Robert Leon Smith III

MOTION TO DISMISS INDICTMENT FOR VAGUENESS - 8

CERTIFIED MAIL

7589 0710 5270 1957 3423

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

POSTAL SERVICE® FLAT RATE

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2






  

PRESS FIRMLY TO SEAL      PRESS FIRMLY TO SEAL

RDC 03    0 Lb 5.40 Oz

US POSTAGE & FEES PAID
PM
WICHITA FALLS, TX 78
MAY 16, 2025
33128
**$14.95**
S2324Y502085-32

POSTAL SERVICE®      MATE

FROM:  Robert Leon Smith III
c/o P.O. Box 853
Archer City, Texas

■ Expected delivery date specified for domestic use.
■ Domestic shipments include $100 of insurance (restrictions apply).*
■ USPS Tracking® service included for domestic and many international destinations.
■ Limited international insurance.**
■ When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the
Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

MAY 20 2025

TO:
Angela Emilia Noble, Clerk of Court
United States District Court, Southern District of Florida
Wilkie D. Ferguson, Junior U.S. Courthouse
400 North Miami Avenue Miami, Florida 33128

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP




PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2

PAPER
POUCH

This package is made from post-consumer waste. Please recycle • again.