Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Phone: (940) 378-5555
Email: smith32r@gmail.com



FILED BY ℙ D.C.

MAY 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT LEON SMITH III,

    Defendant

Case No.: 23-CR-80211-MARRA/MCCABE

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352]

COMES NOW, Robert Leon Smith III, a living man, Defendant, appearing specially and not generally, sui juris, in propria persona, under threat, duress, and coercion, without waiving any rights or consenting to jurisdiction, and submits this Rebuttal and Counter-Affidavit to the Government's Motion for Revocation of Bond [DE 352, filed May 5, 2025]. This filing is made pursuant to Federal Rule of Criminal Procedure 12(b)(2), Federal Rules of Evidence, 28 U.S.C. §§ 1331, 134, 455, 753, and the Four Organic Laws of The United States of America (Declaration of Independence, Articles of Confederation, Northwest Ordinance, U.S. Constitution). As a pro se litigant, Defendant is entitled to liberal construction of his pleadings under Haines v. Kerner, 404 U.S. 519, 520 (1972). Defendant rebuts the Government's motion point by point, asserting that Plaintiff has failed to establish jurisdiction, meet evidentiary burdens, or justify bond revocation under 18 U.S.C. § 3143(a)(1).

I. PRELIMINARY STATEMENT

The Government's Motion [DE 352] is legally and factually deficient, relying on unsupported allegations, conclusory statements, and mischaracterizations of Defendant's lawful exercise of rights. Plaintiff has not established territorial, subject matter, or personal jurisdiction, as required by Adams v. United States, 319 U.S. 312 (1943), McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936), and United States v. Gardner, 80 F.3d 1310, 1314 (9th Cir. 1996). The Motion fails to provide verified evidence of the alleged offense location's latitude and longitude, grand jury or jury foreman residency in federal territory, or Defendant's non-compliance with

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 1

bond conditions. Federal Rule of Evidence 201 (judicial notice requires verifiable facts); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974). Defendant's filings, including jurisdictional challenges [ECF No. 348], are protected speech under Gentile v. State Bar of Nevada, 501 U.S. 1030, 1076 (1991), and do not constitute grounds for detention. The Motion constitutes a Bill of Attainder, violating United States v. Lovett, 328 U.S. 303, 315 (1946). Defendant demands denial of the Motion and continuation of bond.

## II. COUNTER-AFFIDAVIT

I, Robert Leon Smith III, a living man, solemnly affirm under penalty of perjury:

I am not a corporate fiction, statutory person, or federal citizen under the 14th Amendment, as affirmed in my un-rebutted affidavit. Maxwell v. Dow, 176 U.S. 581, 587 (1900).

Plaintiff has not proven territorial jurisdiction under 18 U.S.C. § 7 or Article I, Section 8, Clause 17, failing to provide a certified land patent, deed, or cession agreement for the alleged offense location. Adams v. United States, 319 U.S. 312 (1943).

Plaintiff has not disclosed the latitude and longitude of the alleged offense location, as demanded, violating Federal Rule of Evidence 301 (burden on proponent). United States v. Spelar, 338 U.S. 217, 222 (1949).

Plaintiff has not verified that the grand jury or jury foreman are residents of a federal territory, undermining the indictment's validity. Ex parte Wilson, 140 U.S. 575, 578 (1891).

I have complied with all lawful bond conditions to the best of my ability under duress. Any alleged non-compliance (e.g., financial statement) is due to Plaintiff's failure to prove jurisdiction or provide lawful instructions. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947).

My filings [ECF Nos. 348, 350] are lawful exercises of my rights to challenge jurisdiction and seek redress, protected by the First Amendment and Gentile v. State Bar of Nevada, 501 U.S. 1030, 1076 (1991).

I have not filed false liens or committed new offenses, as alleged. Plaintiff's claims are unsupported by verified evidence. Federal Rule of Evidence 401 (relevance); Brady v. Maryland, 373 U.S. 83, 87 (1963).

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 2

I pose no flight risk or danger to the community, having remained in compliance with bond conditions and inhabiting locally in the Republic of Texas. United States v. Giancola, 754 F.2d 898, 902 (11th Cir. 1985).

Plaintiff's Motion is a retaliatory act to punish my jurisdictional challenges, constituting a Bill of Attainder. United States v. Lovett, 328 U.S. 303, 315 (1946).

The Court's failure to address jurisdictional defects renders all proceedings void ab initio. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

### III. POINT-BY-POINT REBUTTAL

The Government's Motion [DE 352] alleges three grounds for bond revocation: (1) failure to comply with plea agreement obligations, (2) possible concealment of assets, and (3) continued commission of new criminal offenses. Defendant rebuts each point, supported by legal authorities:

1. Alleged Failure to Comply with Plea Agreement Obligations

Government's Claim: Defendant failed to cooperate with the Government and provide a financial statement to the Probation Office, breaching the plea agreement [ECF No. 337]. [DE 352, p. 2].

Rebuttal:

Lack of Jurisdiction: The plea agreement is void absent proven territorial, subject matter, and personal jurisdiction. Plaintiff has not provided a certified land patent or cession agreement for the alleged offense location, as required by 18 U.S.C. § 7 and Article I, Section 8, Clause 17. Adams v. United States, 319 U.S. 312 (1943); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974). Without jurisdiction, the plea agreement lacks enforceability. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

No Verified Evidence: The Government provides no affidavit or documentary evidence of Defendant's non-compliance, violating Federal Rule of Evidence 301 (burden on proponent). United States v.

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 3

Spelar, 338 U.S. 217, 222 (1949). Defendant's affidavit [§ II, supra] affirms compliance under duress, standing unrebutted. Maxwell v. Dow, 176 U.S. 581, 587 (1900).

Duress and Coercion: Defendant entered the plea under duress, facing overwhelming prosecutorial pressure and judicial bias (e.g., denial of exculpatory evidence). Brady v. Maryland, 373 U.S. 83, 87 (1963); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009). Cooperation cannot be compelled absent a valid contract. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947).

Protected Speech: Defendant's filings [ECF No. 348] and "plea rescission documents" are lawful jurisdictional challenges, protected under Gentile v. State Bar of Nevada, 501 U.S. 1030, 1076 (1991). Labeling them "frivolous" is a retaliatory act, violating First Amendment rights. Bond v. United States, 564 U.S. 211, 223 (2011).

No Breach: Defendant's refusal to provide a financial statement stems from Plaintiff's failure to prove jurisdiction or Defendant's status as a "taxpayer" under 26 U.S.C. § 7701(a)(14). In re Becraft, 885 F.2d 547, 548 n.2 (9th Cir. 1989). Defendant is not obligated to comply with void orders. Marbury v. Madison, 5 U.S. 137, 176 (1803).

2. Alleged Concealment of Assets

Government's Claim: Defendant's failure to provide a financial statement suggests concealment of assets, hindering restitution and forfeiture. [DE 352, pp. 2, 4].

Rebuttal:

Speculative Allegation: The Government's claim of "possible concealment" lacks verified evidence, violating Federal Rule of Evidence 401 (relevance) and 403 (prejudice). United States v. Piggie, 622 F.2d 486, 488 (10th Cir. 1980) (speculation insufficient for detention). Plaintiff must produce an affidavit or financial records, which it has not. Hagans v. Lavine, 415 U.S. 528, 536 (1974).

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 4

1    No Jurisdictional Basis: Restitution and forfeiture require a valid conviction, which is absent
2    due to unproven territorial jurisdiction. Adams v. United States, 319 U.S. 312 (1943); Louisville & Nashville R.R. v.
3    Mottley, 211 U.S. 149 (1908). The Court lacks authority to enforce financial obligations. United States v. Spelar,
4    338 U.S. 217, 222 (1949).
5    Defendant's Rights: Defendant's refusal to provide a financial statement is a lawful exercise of
6    his Fifth Amendment right against self-incrimination, especially absent proof of liability under 26 U.S.C. § 1.
7    Gardner v. Broderick, 392 U.S. 273, 276 (1968); Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986).
8    Burden on Plaintiff: The Government bears the burden to prove asset concealment, not
9    Defendant to disprove it. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). The Motion's
10   reliance on unverified claims is a nullity. Federal Rule of Evidence 201.

3. Alleged Commission of New Criminal Offenses

14   Government's Claim: Defendant's filing of "false liens" constitutes new criminal offenses under
15   18 U.S.C. § 1521, posing an economic danger to the community. [DE 352, p. 5].

17   Rebuttal:

19   No Evidence of Liens: The Government provides no verified evidence (e.g., lien documents,
20   affidavits) of Defendant's alleged filings, violating Federal Rule of Evidence 401 and 602 (personal knowledge).
21   Brady v. Maryland, 373 U.S. 83, 87 (1963) (exculpatory evidence must be disclosed). The claim is speculative and
22   prejudicial. United States v. Piggie, 622 F.2d 486, 488 (10th Cir. 1980).
23   Protected Activity: Defendant's filings are jurisdictional challenges, not liens, protected under
24   the First Amendment and Gentile v. State Bar of Nevada, 501 U.S. 1030, 1076 (1991). The Government's
25   mischaracterization is a retaliatory act. United States v. Lovett, 328 U.S. 303, 315 (1946).
26   No Economic Danger: The Government's reliance on United States v. Lewis, 2020 WL
27   6262984 (S.D. Fla. 2020), is misplaced, as it involved proven financial crimes, unlike here where jurisdiction is

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 5

unproven. Defendant's compliance with bond conditions negates danger. United States v. Giancola, 754 F.2d 898, 902 (11th Cir. 1985).

Jurisdictional Defect: Alleged offenses under 18 U.S.C. § 1521 require federal territorial jurisdiction, which Plaintiff has not established. Adams v. United States, 319 U.S. 312 (1943); United States v. Spelar, 338 U.S. 217, 222 (1949).

4. Additional Objections

Flight Risk: The Government's claim that Defendant is a flight risk due to financial means and a potential 30-year sentence is speculative. Defendant has complied with bond conditions, inhabiting locally in the Republic of Texas, and has no history of fleeing. United States v. Giancola, 754 F.2d 898, 902 (11th Cir. 1985) (clear and convincing evidence required). United States v. Grobman, 460 F. Supp. 3d 1331 (S.D. Fla. 2020), is distinguishable, as Defendant has not violated bond terms. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957) (contacts with forum state support jurisdiction, not flight risk).

Danger to Community: The Government's assertion of economic danger relies on unproven allegations of liens, contradicted by Defendant's affidavit [§ II, supra]. United States v. Norman, 2009 WL 464078 (S.D. Fla. 2009), requires concrete evidence, which is absent. Federal Rule of Evidence 403 (prejudice outweighs probative value).

Grand Jury and Jury Foreman: Plaintiff has not verified that the grand jury or jury foreman are residents of a federal territory, undermining the indictment's validity. Ex parte Wilson, 140 U.S. 575, 578 (1891); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884).

Latitude and Longitude: Plaintiff's failure to provide the alleged offense location's coordinates violates Defendant's right to a precise indictment. Federal Rule of Criminal Procedure 7(c); Garland v. State of Washington, 232 U.S. 642, 645 (1914).

Bill of Attainder: The Motion's punitive intent, targeting Defendant's lawful filings, constitutes a Bill of Attainder. Calder v. Bull, 3 U.S. 386, 388 (1798); United States v. Lovett, 328 U.S. 303, 315 (1946).

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 6

Organic Laws: The Government's actions violate the Four Organic Laws, which limit federal authority and protect individual sovereignty. Marbury v. Madison, 5 U.S. 137, 176 (1803); Gibbons v. Ogden, 22 U.S. 1, 196 (1824).

## IV. LEGAL STANDARD

Under 18 U.S.C. § 3143(a)(1), a defendant awaiting sentencing shall be detained unless the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community. The burden is on the defendant to rebut the presumption, but the Government must provide verifiable evidence to justify revocation. United States v. Giancola, 754 F.2d 898, 902 (11th Cir. 1985). The Court's jurisdiction must be proven before enforcing bond conditions. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). Defendant meets the burden through compliance with bond terms and un-rebutted affidavit, while Plaintiff fails to meet evidentiary standards under Federal Rules of Evidence 201, 301, and 401.

## V. DEMAND FOR RELIEF

WHEREFORE, Defendant respectfully demands:

Denial of the Government's Motion for Revocation of Bond [DE 352].

Continuation of Defendant's bond under current conditions.

A jurisdictional hearing requiring Plaintiff to produce:

Certified land patent or cession agreement proving federal territorial jurisdiction under 18 U.S.C. § 7.

Latitude and longitude of the alleged offense location.

Verification of grand jury and jury foreman residency in a federal territory.

Dismissal of all charges with prejudice for lack of jurisdiction, per Adams v. United States, 319 U.S. 312 (1943).

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 7

Production of exculpatory evidence, including alleged lien documents, under Brady v. Maryland, 373 U.S. 83 (1963).

Sanctions against Plaintiff for filing a retaliatory motion, constituting a Bill of Attainder. United States v. Lovett, 328 U.S. 303, 315 (1946).

Costs and damages for violations of Defendant's rights under 42 U.S.C. § 1983 and the Federal Tort Claims Act.

Any further relief the Court deems just, consistent with the Four Organic Laws and Marbury v. Madison, 5 U.S. 137 (1803).

## VI. RESERVATION OF RIGHTS

Defendant reserves all rights, privileges, and immunities under the U.S. Constitution, Bill of Rights, and Four Organic Laws, including the right to amend this filing, challenge void orders, and seek remedy for misconduct. Defendant does not consent to admiralty, equity, or statutory jurisdiction and maintains his standing as a sovereign man. Bank of Augusta v. Earle, 38 U.S. 519, 587 (1839); Bond v. United States, 564 U.S. 211, 223 (2011).

Respectfully submitted, this 15th day of May, 2025,

/s/ Robert Leon Smith III
Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Attorney in Fact
Propria Persona, under duress

MOTION TO QUASH WITH A REBUTTAL AND COUNTER-AFFIDAVIT TO GOVERNMENT'S MOTION FOR REVOCATION OF BOND [DE 352] - 8

CERTIFICATE OF SERVICE

I, Robert Leon Smith III, certify that on May 15, 2025, a true and correct copy of this Rebuttal and Counter-Affidavit was served upon the Court and all parties via CM/ECF or U.S. Mail to:

Clerk of Court, U.S. District Court, Southern District of Florida

United States Attorney's Office, Southern District of Florida

Michael P. McCarthy, Trial Attorney, U.S. Department of Justice

/s/ Robert Leon Smith III
Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Attorney in Fact
Propria Persona

Dated this 15th day of May, 2025.

_____
Robert Leon Smith



 

PRESS FIRMLY TO SEAL                                PRESS FIRMLY TO SEAL

9589 0710 5270 1957 3423

POSTAL SERVICE®                    MATE

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014    EP14F October 2023
                 OD: 12 1/2 x 9 1/2



U.S. POSTAGE PAID
WICHITA FALLS, TX 76
MAY 15, 2025
RDC 03    0 Lb 5.40 Oz    $14.95
S2324Y502085-32

9589 0710 5270 1957 3423 63

PRESS FIRMLY TO SEAL                PRESS FIRMLY TO SEAL

POSTAL SERVICE®    MATE

FROM: Robert Leon Smith III
c/o P.O. Box 853
Archer City, Texas

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.

**TRACKED ■ INSURED**

USPS.COM/PICKUP

TO:
Angela Emilia Noble, Clerk of Court
United States District Court, Southern District of Florida
Wilkie D. Ferguson, Junior U.S. Courthouse
400 North Miami Avenue Miami, Florida 33128

PS00001000014    EP14F October 2023
OD: 12 1/2 x 9 1/2