Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Phone: (940) 378-5555
Email: smith32r@gmail.com



FILED BY ___ D.C.

MAY 20 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA, | Case No.: 23-80211-CR-MARRA |
|---|---|
| Plaintiff, | |
| vs. | REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] WITH FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| ROBERT LEON SMITH III, | |
| Defendant | |

COMES NOW, Robert Leon Smith III, a living man, Alleged defendant, appearing specially and not generally, sui juris, in propria persona, under threat, duress, and coercion, without waiving any rights or consenting to jurisdiction, and submits this Rebuttal and Standing Objections to the Court's Order [DE 358, entered May 12, 2025] denying Defendant's Motion to Disqualify Judge Kenneth A. Marra and Dismiss for Lack of Jurisdiction [DE 355, 356]. This filing integrates all prior submissions, including the Motion to Dismiss for Lack of Territorial Jurisdiction [filed April 26, 2025], Jurisdictional Challenge, Memorandum of Law, and demands for verified documentation, pursuant to Federal Rule of Criminal Procedure 12(b)(2), 28 U.S.C. § 1331, Title 26 U.S.C., Federal Rules of Evidence, and the Four Organic Laws of The United States of America (Declaration of Independence, Articles of Confederation, Northwest Ordinance, U.S. Constitution). As a man, Alleged defendant is entitled to liberal construction of his pleadings under Haines v. Kerner, 404 U.S. 519, 520 (1972). Defendant asserts the following:

I. PRELIMINARY STATEMENT

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE
KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 1

1  The Court's Order [DE 358] is fatally deficient, failing to address Defendant's substantive challenges to territorial, subject matter, and personal jurisdiction, due process violations, judicial bias, and constitutional infirmities. Instead, it relies on conclusory assertions unsupported by primary evidence, violating Federal Rule of Evidence 201 and 28 U.S.C. § 753(b) (requiring a complete record). Defendant has consistently challenged jurisdiction, shifting the burden to Plaintiff to prove jurisdiction on the record. Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974); McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). The Court's failure to require such proof constitutes a Bill of Attainder, breaches fiduciary duty, and renders all proceedings void ab initio. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Merritt v. Hunter, 170 F.2d 739 (10th Cir. 1948). Defendant demands dismissal with prejudice and suspension of proceedings until jurisdiction is proven, supported by Findings of Fact and Conclusions of Law below.

II. FINDINGS OF FACT

Defendant's Status: Defendant, Robert Leon Smith III, is a living man, not a corporate fiction, statutory person, or federal citizen under the 14th Amendment, as affirmed by his un-rebutted affidavit [DE 356, Ex. A]. Maxwell v. Dow, 176 U.S. 581, 587 (1900) (un-rebutted affidavits stand as prima facie evidence).

Jurisdictional Challenge: Defendant filed a Motion to Dismiss for Lack of Territorial Jurisdiction [April 26, 2025], challenging the Court's authority under 18 U.S.C. § 7 and Article I, Section 8, Clause 17. Plaintiff has not provided a certified land patent, deed, or cession agreement proving federal ownership of the alleged offense location. Adams v. United States, 319 U.S. 312 (1943).

Defective Charging Instrument: The indictment lacks a verified complaint, affidavit of injury, or evidence of interstate commerce nexus, failing to invoke subject matter jurisdiction under 18 U.S.C. § 3231 and the Commerce Clause. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908).

Judicial Bias: Defendant's Motion to Disqualify [DE 355] cited Judge Marra's prior rulings (e.g., denial of bond, suppression of exculpatory evidence) as evidence of partiality under 28 U.S.C. § 455(a). The Order [DE 358] dismissed these claims without a hearing, violating Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009).

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 2

  Lack of Judge's Residence Evidence: Plaintiff and the Court have not provided the latitude and longitude of Judge Marra's residence, as requested, to verify his authority under 28 U.S.C. § 134(a) (judicial assignment). This omission undermines the Court's legitimacy. In re Murchison, 349 U.S. 133, 136 (1955).

  Due Process Violations: The Court's refusal to hold a jurisdictional hearing violates Federal Rule of Criminal Procedure 12(b)(2) and United States v. Piggie, 622 F.2d 486, 488 (10th Cir. 1980). Suppression of Defendant's exculpatory evidence breaches Federal Rule of Evidence 401 and Brady v. Maryland, 373 U.S. 83 (1963).

  Organic Laws: The Court's actions contravene the Four Organic Laws (Declaration of Independence, Articles of Confederation, Northwest Ordinance, U.S. Constitution), which prioritize individual sovereignty and limited federal authority. Marbury v. Madison, 5 U.S. 137, 176 (1803).

  Title 26 U.S.C. Applicability: The indictment references tax-related charges, but Plaintiff has not proven Defendant's status as a "taxpayer" under 26 U.S.C. § 7701(a)(14) or liability under 26 U.S.C. § 1. In re Becraft, 885 F.2d 547, 548 n.2 (9th Cir. 1989) (frivolous tax arguments rejected absent evidence).

  Procedural Defects: The Court's failure to maintain a complete record under 28 U.S.C. § 753(b) and adhere to Federal Rules of Criminal Procedure 7 (indictment requirements) and 12 (pretrial motions) nullifies its rulings. Garland v. State of Washington, 232 U.S. 642, 645 (1914).

  Fiduciary Breach: Judge Marra, as a public trustee under 5 U.S.C. § 3331, has failed to uphold his oath to the Constitution, breaching fiduciary duty by ignoring jurisdictional challenges. Bond v. United States, 564 U.S. 211, 223 (2011).

### III. CONCLUSIONS OF LAW

  Lack of Territorial Jurisdiction: Federal courts lack jurisdiction over crimes not occurring on federal land, as defined by 18 U.S.C. § 7 and Article I, Section 8, Clause 17. Plaintiff's failure to prove cession or ownership renders the indictment void. Adams v. United States, 319 U.S. 312 (1943); United States v. Spelar, 338 U.S. 217, 222 (1949).

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 3

1. Lack of Subject Matter Jurisdiction: The defective indictment, lacking a verified complaint or interstate commerce nexus, fails to invoke jurisdiction under 18 U.S.C. § 3231. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

2. Lack of Personal Jurisdiction: Defendant's un-rebutted affidavit establishes his status as a non-federal citizen, outside the Court's authority absent consent. United States v. Gardner, 80 F.3d 1310, 1314 (9th Cir. 1996); Maxwell v. Dow, 176 U.S. 581, 587 (1900).

3. Judicial Bias: Judge Marra's refusal to recuse, despite evidence of partiality, violates 28 U.S.C. § 455(a) and due process. Liteky v. United States, 510 U.S. 540, 555 (1994); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009).

4. Due Process Violations: The Court's denial of a jurisdictional hearing and suppression of exculpatory evidence violate Federal Rules of Criminal Procedure 12(b)(2), Federal Rules of Evidence 401, and Brady v. Maryland, 373 U.S. 83 (1963). In re Murchison, 349 U.S. 133, 136 (1955).

5. Bill of Attainder: The Court's presumption of guilt and refusal to address jurisdictional challenges constitute a prohibited legislative punishment. United States v. Lovett, 328 U.S. 303, 315 (1946); Article I, Section 9, Clause 3.

6. Organic Laws: The Court's actions contravene the Four Organic Laws, which limit federal authority to enumerated powers and protect individual sovereignty. Marbury v. Madison, 5 U.S. 137, 176 (1803); Gibbons v. Ogden, 22 U.S. 1, 196 (1824).

7. Title 26 U.S.C.: Plaintiff has not proven Defendant's liability under 26 U.S.C. § 1 or status as a "taxpayer" under 26 U.S.C. § 7701(a)(14), rendering tax-related charges invalid. Flint v. Stone Tracy Co., 220 U.S. 107 (1911) (tax must be clearly authorized).

8. Judicial Authority: The lack of verified evidence of Judge Marra's residence (latitude and longitude) under 28 U.S.C. § 134(a) undermines his authority to preside. Jackson v. Ashton, 33 U.S. 148, 149 (1834) (jurisdictional defects void proceedings).

9. Void Proceedings: The Court's failure to adhere to Federal Rules of Criminal Procedure, Federal Rules of Evidence, and 28 U.S.C. § 753(b) renders its orders void. Merritt v. Hunter, 170 F.2d 739 (10th Cir. 1948); Hagans v. Lavine, 415 U.S. 528, 536 (1974).

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 4

## IV. REBUTTAL AND STANDING OBJECTIONS

The Court's Order [DE 358] is legally and factually deficient for the following reasons, supported by the cited cases and authorities:

Failure to Prove Jurisdiction: The Order ignores Defendant's challenge to territorial jurisdiction, requiring Plaintiff to produce a land patent or cession agreement. Adams v. United States, 319 U.S. 312 (1943); Basso v. Utah Power & Light Co., 495 F.2d 906, 910 (10th Cir. 1974). The Court's reliance on statutory presumptions violates Federal Rule of Evidence 301 (presumptions require evidence). United States v. Spelar, 338 U.S. 217, 222 (1949).

Defective Indictment: The indictment fails to meet Federal Rule of Criminal Procedure 7(c), lacking specificity and a verified complaint. Garland v. State of Washington, 232 U.S. 642, 645 (1914); Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908). The Court's dismissal of this defect breaches Ex parte Wilson, 140 U.S. 575, 578 (1891).

Personal Jurisdiction: The Order does not rebut Defendant's affidavit of status, which denies federal citizenship or consent. United States v. Gardner, 80 F.3d 1310, 1314 (9th Cir. 1996); Bank of Augusta v. Earle, 38 U.S. 519, 587 (1839). The Court lacks authority over a sovereign man. Chisholm v. Georgia, 2 U.S. 419, 455 (1793) (historical context, modified by Eleventh Amendment).

Judicial Bias: The Order's cursory denial of recusal ignores evidence of Judge Marra's partiality, violating 28 U.S.C. § 455(a) and Liteky v. United States, 510 U.S. 540, 555 (1994). The lack of a hearing breaches Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009). Defendant objects to Judge Marra's continued participation.

Due Process Violations: The Court's refusal to hold a jurisdictional hearing violates Federal Rule of Criminal Procedure 12(b)(2) and United States v. Piggie, 622 F.2d 486, 488 (10th Cir. 1980). Suppression of exculpatory evidence breaches Federal Rule of Evidence 401 and Brady v. Maryland, 373 U.S. 83 (1963). Davis v. Alaska, 415 U.S. 308, 316 (1974) (right to confront evidence).

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 5

1. Title 26 U.S.C.: Tax-related charges are invalid absent proof of Defendant's taxpayer status under 26 U.S.C. § 7701(a)(14) or liability under 26 U.S.C. § 1. Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir. 1986); In re Becraft, 885 F.2d 547, 548 n.2 (9th Cir. 1989). The Court's failure to address this violates Heiner v. Donnan, 285 U.S. 312, 326 (1932) (tax presumptions require due process).

2. Organic Laws: The Court's actions violate the Four Organic Laws, which limit federal authority to enumerated powers and protect individual rights. Marbury v. Madison, 5 U.S. 137, 176 (1803); Gibbons v. Ogden, 22 U.S. 1, 196 (1824). The Declaration of Independence and Constitution prioritize sovereignty, rendering federal overreach void. Luther v. Borden, 48 U.S. 1, 47 (1849).

3. Judge's Residence: The lack of latitude and longitude for Judge Marra's residence, as demanded, undermines his authority under 28 U.S.C. § 134(a). Jackson v. Ashton, 33 U.S. 148, 149 (1834); In re Murchison, 349 U.S. 133, 136 (1955). Defendant objects to unverified judicial assignment.

4. Bill of Attainder: The Court's presumption of guilt and refusal to address challenges constitute a prohibited legislative punishment. United States v. Lovett, 328 U.S. 303, 315 (1946); Calder v. Bull, 3 U.S. 386, 388 (1798).

5. Procedural Defects: The Court's failure to maintain a complete record under 28 U.S.C. § 753(b) and adhere to Federal Rules of Criminal Procedure 7 and 12 nullifies its orders. Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 382 (1884); Hagans v. Lavine, 415 U.S. 528, 536 (1974).

## V. DEMAND FOR RELIEF

WHEREFORE, Defendant respectfully demands:

Immediate dismissal of all charges with prejudice for lack of territorial, subject matter, and personal jurisdiction,

A jurisdictional hearing requiring Plaintiff to produce verified evidence, including land patents, cession agreements, and proof of Defendant's taxpayer status under 26 U.S.C. § 7701(a)(14).

Recusal of Judge Kenneth A. Marra and reassignment to an impartial judge, with verified evidence of residence per 28 U.S.C. § 134(a).

Suspension of all proceedings until jurisdiction is proven on the record.

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 6

Production of exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963), and Federal Rule of Evidence 401

Any further relief the Court deems just and proper, consistent with the Four Organic Laws and Marbury v. Madison, 5 U.S. 137 (1803).

## VI. RESERVATION OF RIGHTS

Defendant reserves all rights, privileges, and immunities under the U.S. Constitution, Bill of Rights, and Four Organic Laws, including the right to amend this filing, challenge void orders, and seek remedy for misconduct. Defendant does not consent to admiralty, maritime, or statutory jurisdiction and maintains his standing as a sovereign man. Bank of Augusta v. Earle, 38 U.S. 519, 587 (1839); Bond v. United States, 564 U.S. 211, 223 (2011).

Respectfully submitted, this 15th day of May, 2025,

/s/ Robert Leon Smith III
Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Attorney in Fact
Propria Persona

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 7

CERTIFICATE OF SERVICE

I, Robert Leon Smith III, certify that on May 15, 2025, a true and correct copy of this Rebuttal and Standing Objections was served upon the Court and all parties via [CM/ECF or U.S. Mail] to:

Clerk of Court, U.S. District Court, Southern District of Florida

United States Attorney's Office, Southern District of Florida

/s/ Robert Leon Smith III
Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Attorney in Fact
Propria Persona

Dated this 15th day of May, 2025.

Robert Leon Smith

REBUTTAL AND STANDING OBJECTIONS TO ORDER DENYING MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA OR DISMISS FOR LACK OF JURISDICTION [DE 358] - 8



9589 0710 5270 1957 3423 6

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

POSTAL SERVICE® MATE

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



**TRACKED ■ INSURED**

USPS.COM/PICKUP

PS00001000014   EP14F October 2023
OD: 12 1/2 x 9 1/2







Retail
U.S. POSTAGE PAID
WICHITA FALLS, TX 76
MAY 15, 2025

9589 0710 5270 1957 3423 63

PRESS FIRMLY TO SEAL   PRESS FIRMLY TO SEAL

RDC 03  0 Lb 5.40 Oz  $14.95
33128  S2324Y502085-32

POSTAL SERVICE®   MATE

FROM: Robert Leon Smith III
c/o P.O. Box 853
Archer City, Texas

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.



To schedule free Package Pickup,
scan the QR code.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

TO:
Angela Emilia Noble, Clerk of Court
United States District Court, Southern District of Florida
Wilkie D. Ferguson, Junior U.S. Courthouse
400 North Miami Avenue Miami, Florida 33128

**TRACKED ■ INSURED**

USPS.COM/PICKUP



PS00001000014
EP14F October 2023
OD: 12 1/2 x 9 1/2

