UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  23-80211-CR-MARRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT LEON SMITH, III,

    Defendant.
_____/

## ORDER DENYNG MOTIONS TO DISMISS

THIS CAUSE is before the Court upon Defendant's Petition to Dismiss and Demand for Plaintiff to Establish on Record the Latitude and Longitude of Alleged Violation **[DE 364]** and Petition to Dismiss for Lack of Jurisdiction and Immediately Suspend Proceedings **[DE 365].** This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED AND ADJUDGED as follows:

Defendant, acting *pro se,* has moved the Court to dismiss this case.  The primary thrust of both motions is that this Court is not an Article III court and thus, this Court lacks jurisdiction to preside over a case asserting violations of federal criminal law against him.  Defendant claims that he has searched all the judicial acts of Congress from 1789 to the present and can find no proof that the Southern District of Florida was a district court created by Congress and "simply" asks for the production of the statutes of Congress that identify this Court as an Article III court. [DE 364 at ¶¶ 5, 6; DE 365 at 3].

1

The Southern District of Florida was created by Congress on February 27, 1847, by the passage of the statute entitled "An Act to establish a Court at Key West, in the State of Florida, and for other Purposes." That statute can be found at Volume 9 Statutes at Large, page 131. It provided: "That all that part of the State of Florida lying south of a line drawn due east and west from the northern point of Charlotte Harbor, . . . shall be erected into a new judicial district, to be called the Southern District of Florida; a District Court shall be held in said Southern District to consist of one judge, who shall reside at Key West, in said district, and be called a district judge." Later, on July 30, 1962, Congress passed an act "[t]o create an additional judicial district for the State of Florida, to be known as the Middle District, and for other purposes." This statute can be found at Volume 76 Statues at Large, page 247. This statute provided that Florida would be divided into three judicial districts, one of which was the Southern District of Florida. It also provided that courts for the Southern District of Florida shall be held, among other locations, in West Palm Beach.[1] This Court is an Article III court, and all of Defendant's citations to cases that discuss territorial courts are inapplicable. Hence, Defendant's motion to dismiss this case because of the incorrect and baseless assertion that the Southern District of Florida is not an Article III court is DENIED.

This Court also has subject matter jurisdiction over this case. As the Eleventh Circuit Court of Appeals has explained, subject-matter jurisdiction defines the court's authority to hear a given type of case. *United States v. Brown,* 752 F.3d 1344, 1348 (11th Cir. 2014), *citing Alikhani v. United States,* 200 F. 3d 732 (11th Cir. 2000). Congress bestows that authority on lower courts

---

[1] To the extent Defendant might argue that Section 3 of the statute only created three district judge positions and therefore the undersigned is not an authorized district judge, that argument is also rejected. The position the undersigned holds was created by statute on December 21, 2000, when Congress approved H.R. 5548. Section 305 of H.R. 5548 created additional district judge positions in Florida, one of which the undersigned filled. Congress' approval of H.R. 5548 can be found at Volume 114 Statues at Large, page 2762.

by statute. *Id.* For federal crimes, Congress did so in 18 U.S.C. § 3231, providing district courts with original jurisdiction of all offenses against the laws of the United States. *Id.* All that matters for purposes of this court's subject-matter jurisdiction is that the United States filed an indictment charging Defendant with violating the laws of the United States, which is what has occurred here. *Id; see* DE 1.

Regarding Defendant's preposterous claim that the United States has failed to allege the precise longitudinal and latitudinal coordinates of where the crimes at issue occurred, even if that assertion had the slightest basis in law, that claim was waived by Defendant entering his plea of guilty. All non-jurisdictional defects in a criminal proceeding are waived when the defendant enters a plea of guilty. *Brown,* 753 F.3d at 1347. This waiver applies equally to Defendant's assertion that the government has not proved that the offenses in this case occurred in the Southern District of Florida. *Baeza v. United States,* 543 F.2d 572, 573 (5th Cir. 1976) (venue is waived by a plea of guilty).[2]

The Court has gone out of its way to address some of Defendant's baseless assertions. The Court will not address specifically each and every absurd claim Defendant continues to raise. Suffice it to say that the Southern District of Florida is an Article III court; the undersigned is a United States District Judge; this Court has jurisdiction over this case; Defendant was properly and validly indicted; Defendant pled guilty to Counts 1 and 2 of the indictment [DE 337]; Defendant's plea guilty waived all non-jurisdictional defects that might have existed; Defendant now stands convicted of Counts 1 and 2 of the indictment and Defendant must appear before this Court to be sentenced on June 25, 2025.

---

[2] In *Bonner v. City Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), the court held that decisions of the Fifth Circuit Court of Appeals entered before the creation of the Eleventh Circuit Court of Appeals are binding precedent in the Eleventh Circuit.

Defendant represented to this Court that upon the Court's ruling on these motions, he would provide the United States and the Probation Office the information that has been requested of him. The Court expects Defendant to abide by that representation forth with. The filing of additional motions will not delay Defendant's obligation to comply with that representation. If Defendant fails to comply with his representation, the Court will revoke his bond and issue a warrant for his immediate arrest.

For all of the foregoing reasons, Defendant's Motions are DENIED.

DONE AND ORDERED in West Palm Beach, Florida this 20th day of May, 2025.

KENNETH A. MARRA
United States District Judge

Copies provided to:

All counsel