

Robert Leon Smith III
506 N. Sycamore Street,
Archer City, Texas 76351
Phone: (940) 378-5555
Email: smith32r@gmail.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA, | Case No.: 23-80211-CR-MARRA/MCCABE |
|---|---|
| Plaintiff, | |
| vs. | MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER JURISDICTION, AND IMPROPER VENUE |
| ROBERT LEON SMITH III, | |
| Defendant | |

Defendant, Robert Leon Smith III, Sui Juris, pursuant to Federal Rule of Evidence 201, Federal Rule of Criminal Procedure 12(b)(2), and 28 U.S.C. § 1331, moves to disqualify Judge Kenneth A. Marra and dismiss the case for lack of jurisdiction, requests that a hearing be scheduled on this matter, and requests that the Court take judicial notice of the following adjudicative facts and demands proof of judicial standing, status, and capacity in support of this Motion and accompanying Memorandum of Law. This filing asserts that the Southern District of Florida is an Article IV legislative court, not an Article III judicial court, and that Judge Kenneth A. Marra lacks lawful authority due to non-compliance with statutory and constitutional obligations, including 5 U.S.C. §§ 3331, 3332, 3333; 28 U.S.C. §§ 453, 134(b); 26 U.S.C. §§ 6903, 7603, 6036, 2032A(e)(11); and other applicable laws, as well as the absence of a filed SF61 or SF61B Appointment Affidavit, which is mandatory for federal appointees. Additionally, pursuant to the Freedom of Information Act (FOIA) at 5 U.S.C. § 552, the Privacy Act at 5 U.S.C. § 552a, and common law public records principles, Defendant requests specific records to substantiate Marra's qualifications and the court's authority. The filing incorporates constitutional, statutory, and case law authorities, including *Mason v. Melendez*, 525 F. Supp. 270 (W.D. Wis. 1981), and demands relief for violations of Defendant's rights under the U.S. and Florida Constitutions.

**JUDICIAL NOTICE OF ADJUDICATIVE FACTS**

The following facts are not subject to reasonable dispute, as they are derived from official government sources, statutes, or constitutional provisions, per Federal Rule of Evidence 201(b):

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 1

1. **U.S. Supreme Court Website**: The document at http://supremecourtus.gov/about/briefoverview.pdf states: "The Supreme Court consists of the Chief Justice of the United States and such number of Associate Justices as may be fixed by Congress... Article III, §1, of the Constitution further provides that '[t]he Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour...'" This distinguishes "Justices" from Article III "Judges."

2. **Judicial Oath**: The federal judicial oath, per 5 U.S.C. § 3331, is: "I, [name], do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter." The phrase "so help me God" is optionally added, as common practice.

3. **Congressional Oath (1 Stat. 23)**: The Act of June 1, 1789 (1 Stat. 23) prescribes the oath for federal officers, including Congressmen, as: "I, A.B. do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States."

4. **Juror Residency Requirement**: 28 U.S.C. § 1865(b) states that a person is qualified to serve as a juror unless, among other criteria, they "reside within the judicial district for one year." This is interpreted to require residency within the district's federal territory for Article IV courts.

5. **Judicial Residency Requirement**: 28 U.S.C. § 134(b), derived from the Judicial Code of 1940, Section 1 (36 Stat. 1087, as amended through 54 Stat. 1216), states: "Each district judge shall reside in the district, or one of the districts, for which he is appointed, and for offending against this provision shall be deemed guilty of a high misdemeanor."

6. **False Claims Act**: 31 U.S.C. § 3729(a)(1) imposes liability for knowingly presenting false claims to the government, with damages up to three times the amount of injury caused, applicable to de facto officers acting without authority.

7. **Article IV, U.S. Constitution**: Article IV, Section 3, Clause 2 states: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States..."

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 2

8. **Article VI, U.S. Constitution**: Article VI, Section 3, states: "The Senators and Representatives... and all executive and judicial Officers... shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."

9. **Oath Filing Requirement**: 5 U.S.C. § 3332 requires that an affidavit of the executed oath under 5 U.S.C. § 3331 be filed with the appointing authority within 30 days of appointment, typically via Standard Form 61 (SF61) or SF61B. 5 U.S.C. § 3333 mandates that failure to comply with oath requirements prohibits an individual from entering upon the duties of the office.

10. **Judicial Oath Specifics**: 28 U.S.C. § 453 requires each judge or justice to take an oath before performing duties, stating: "I, [name], do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as [title] under the Constitution and laws of the United States."

11. **Fiduciary Notice Requirements**: 26 U.S.C. § 6903 requires a fiduciary to give notice of their fiduciary relationship to the IRS. 26 U.S.C. § 6036 mandates that fiduciaries file notices of their appointment. 26 U.S.C. § 7603 requires service of summons by an authorized IRS officer, applicable to fiduciaries acting under 26 U.S.C. § 6903.

12. **Bond Requirement**: 26 U.S.C. § 2032A(e)(11) references bonding requirements for fiduciaries managing estates, which may apply to judicial officers acting in a fiduciary capacity.

**NOTICE AND DEMAND TO PROVE JUDICIAL STANDING, STATUS, AND CAPACITY**

WHEREAS, the Constitution of the United States, Article VI, Clause 3, and 4 U.S.C. §§ 101-102, require all public officers to take and subscribe to an oath of office to support the Constitution; and

WHEREAS, 5 U.S.C. §§ 3331, 3332, and 3333 mandate that federal officers, including judges, execute, file, and comply with oath requirements, including the filing of an SF61 or SF61B Appointment Affidavit, as a condition precedent to assuming office; and

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 3

1  WHEREAS, Judge Kenneth A. Marra does not have an SF61 or SF61B on file, rendering his
2  appointment invalid and his actions void ab initio under 5 U.S.C. § 3333; and

3  WHEREAS, 28 U.S.C. § 453 requires judges to take a specific judicial oath before performing
4  duties; and

5  WHEREAS, 28 U.S.C. § 134(b) mandates that district judges reside within the district for which
6  they are appointed, with violations constituting a high misdemeanor; and

7  WHEREAS, 26 U.S.C. §§ 6903, 6036, 7603, and 2032A(e)(11) impose fiduciary and bonding
8  obligations on officers acting in a fiduciary capacity, including judges administering estates or trusts; and

9  WHEREAS, Florida Statutes § 876.05 and Article II, Section 5(b) of the Florida Constitution
10 require judicial officers to execute and file a proper oath of office and loyalty oath; and

11 WHEREAS, any public officer who fails to execute, file, or comply with such oaths or statutory
12 requirements is without lawful authority, rendering their actions void ab initio; and

13 WHEREAS, the United States District Court for the Southern District of Florida is an Article IV
14 legislative court, not an Article III judicial court, per *Balzac v. Porto Rico*, 258 U.S. 298, 312 (1922); *American Ins.*
15 *Co. v. 356 Bales of Cotton*, 26 U.S. (1 Pet.) 511 (1828); *Mookini v. United States*, 303 U.S. 201, 205 (1938); and no
16 Statute at Large expressly establishes this Court as an Article III court, per *United States v. Bink*, 74 F. Supp. 603,
17 615 (D. Or. 1947); *Hubbard v. Ammerman*, 465 F.2d 1169, 1173 (5th Cir. 1972); and

18 WHEREAS, Article IV courts lack jurisdiction over private rights, which Defendant asserts as a
19 nontaxpayer not engaged in a "trade or business" under 26 U.S.C. § 7701(a)(26), per *Northern Pipeline Constr. Co.*
20 *v. Marathon Pipe Line Co.*, 458 U.S. 50, 69-70 (1982); and

21 WHEREAS, the People have a fundamental right to due process, access to courts, and redress of
22 grievances, per the First, Fifth, and Fourteenth Amendments to the U.S. Constitution and Article I, Section 21 of the
23 Florida Constitution; and

24 WHEREAS, judicial immunity does not extend to acts performed without lawful authority or in
25 excess of jurisdiction, per *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); and

26 WHEREAS, the undersigned questions the standing, status, and capacity of the Honorable
27 Kenneth A. Marra due to potential irregularities, including classification of this Court as an Article IV court,

28 MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 4

designation as a "Justice" rather than an Article III "Judge," invalidity of his oath, absence of an SF61 or SF61B, non-compliance with residency and fiduciary requirements, and liability as a de facto officer under 31 U.S.C. § 3729;

NOW, THEREFORE, the undersigned DEMANDS that the Honorable Kenneth A. Marra provide, within ten (10) days of receipt of this Notice, the following documentary evidence to establish lawful standing, status, and capacity to act as a judicial officer in this case:

1. A certified copy of the executed and filed Oath of Office, per 4 U.S.C. § 101, 5 U.S.C. § 3331, and 28 U.S.C. § 453, duly signed by Kenneth A. Marra and notarized with a valid jurat.
2. A certified copy of the Loyalty Oath, per 5 U.S.C. § 3331 and Florida Statutes § 876.05, duly signed by Kenneth A. Marra and notarized with a valid jurat.
3. A certified copy of the SF61 or SF61B Appointment Affidavit, confirming compliance with 5 U.S.C. § 3332, including proof of filing with the appointing authority within 30 days of appointment, or an affidavit explaining the absence of such forms, which is fatal to Marra's authority under 5 U.S.C. § 3333.
4. Proof of compliance with 5 U.S.C. § 3333, demonstrating that all oath requirements were met prior to entering upon judicial duties.
5. Proof of compliance with Florida Statutes § 92.50 requiring the filing of a public officer's bond, including the bond number, issuer, and effective date.
6. A certified copy of the Certificate of Appointment to the judicial office, duly issued by the appropriate federal authority.
7. Documentation confirming graduation from an accredited law school recognized by the American Bar Association.
8. A certified copy of the Bar Admission Certificate issued by the Florida Bar or other relevant state bar association, confirming active membership in good standing.
9. A sworn affidavit disclosing any financial entanglements, campaign contribution violations, or investments in enterprises that may create a conflict of interest, including ownership interests in jails, prisons, or related industries.

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 5

10. A sworn affidavit confirming compliance with 28 U.S.C. § 134(b) regarding residency within the Southern District of Florida or a federal territory, including latitude/longitude coordinates.
11. Verified fiduciary documentation, including Power of Attorney, IRS Forms 56, 2678, 8655, SSA Form 89, and a bond per 26 U.S.C. § 2032A(e)(11), demonstrating authority to administer Defendant's alleged "ALL CAPS ESTATE" or constructive trust, per 26 U.S.C. §§ 6903, 6036, 7603.
12. Certified, apostilled Foreign Agents Registration Act (FARA) statements per 22 U.S.C. §§ 611, 612, confirming no foreign allegiance as a BAR member.
13. Any additional documentation necessary to establish that Kenneth A. Marra is not acting as an imposter or under false pretenses.

FAILURE to provide the requested documentation, particularly the SF61 or SF61B, shall be construed as an admission that Kenneth A. Marra lacks lawful standing, status, and capacity, and the undersigned reserves the right to:

1. File a Motion to Disqualify Kenneth A. Marra under 28 U.S.C. §§ 144, 455.
2. Initiate a Quo Warranto proceeding to challenge Marra's authority to hold office.
3. File a Qui Tam lawsuit under 31 U.S.C. § 3729 for recovery of funds paid to Marra under false claims of authority.
4. Lodge a criminal complaint under 18 U.S.C. § 4 for misprision of felony, alleging obstruction of justice by an unqualified officer.
5. Seek judicial review by the Eleventh Circuit or U.S. Supreme Court.
6. Notify the news media, Florida Judicial Qualifications Commission, House Committee on the Judiciary, Chief Judge of the Southern District of Florida, and other authorities of the failure to establish lawful authority, with copies to a blind carbon copy (BCC) list of [number] recipients, including attorneys, lawmakers, and interested parties.
7. File IRS Forms 3949-A, 13909, 211, and FinCen 101/104 to report tax evasion and financial crimes.
8. Pursue an administrative claim in the U.S. Court of Federal Claims for damages due to unlawful commercial activities.

**DEMAND FOR PUBLIC RECORDS**

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 6

1  Pursuant to the COMMON LAW, Freedom of Information Act (FOIA) at 5 U.S.C. § 552, Privacy Act at 5 U.S.C. § 552a, and Open Public Records Act principles, Defendant requests copies of records in lieu of personal inspection, as authorized by 5 CFR 294.103(d) and attested under penalty of perjury per 28 U.S.C. § 1746(1). This request does not fall under the exemption at 26 U.S.C. § 6103(e)(7), as it pertains to public records of a federal judicial officer, not tax return information. The records are not sought for commercial purposes, and Defendant promises to pay fees and costs for locating and duplicating the records, per 26 CFR 601.702(f).

If any portion of this request is deemed exempt, the undersigned requests: (a) reasonably segregable portions after deleting exempt material, (b) detailed justification for the discretionary exemption, given FOIA's objective to maximize public access, and (c) the name and address of the official to whom an administrative appeal should be addressed.

Defendant requests the following records for Judge Kenneth A. Marra, covering the past 5, 10, or 20 years on the bench, or as available, maintained in any system of records:

1. Copies of mandated financial disclosure forms filed with the State of Florida.
2. Copies of FOIA/Public Records Act requests for phone records made to/from Judge Marra's chambers.
3. Copies of all organizations and associations doing business with Judge Marra's court/chambers, including their registration and Tax ID numbers (e.g., EIN, DUNS#), covering all miscellaneous funds, expense funds, special funds, donation funds, or gift funds paid to any Southern District of Florida judges, starting with Judge Marra's chambers.
4. Information on organizations funding Judge Marra, including verified proof of funds paid for applicable years, with copies of their registration, Tax ID numbers, and DUNS#.
5. Copies of Judge Marra's trade references reported for the last five years (e.g., since 2018), including suppliers reporting payment activities under the court's DUNS#.
6. Copies of all organizations with which Judge Marra established business credit, including any loans, with a list of all lenders.
7. Copies of all organizations with which Judge Marra established business credit, showing proof of IRS registration, including IRS Form 990 tax forms.

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 7

8. Copies of all directors, executive directors, profiting owners, or trustees of organizations associated with Judge Marra, including their nationality, political allegiance, verifiable certificate of status, Foreign Agents Registration Act (FARA) statements per 22 U.S.C. § 611, and Judge Marra's Anti-Bribery Statement per the Foreign Corrupt Practices Act (FCPA), 15 U.S.C. §§ 78dd-1 et seq., and 18 U.S.C. § 201.

9. Copies of the branch of government that constitutionally established Judge Marra's authority to operate as a judge, clarifying his authorization.

10. Ledger of accounting information showing "Lawful Money" (gold and silver coin) used in circulation within organizations associated with Judge Marra, per U.S. Constitution Article I, Section 10, with a certified copy of Judge Marra's Oath of Office affirming this obligation.

11. Copies of all Certificates of Participation for organizations Judge Marra does business with, including his own Certificates of Participation.

## LEGAL ARGUMENT

1. **Basis for Motion under Federal Rule of Criminal Procedure 12(b)(2) and 28 U.S.C. § 1331**: Pursuant to Federal Rule of Criminal Procedure 12(b)(2), this motion is timely raised before trial to challenge defects in the institution of the prosecution, including the lack of jurisdiction due to Judge Marra's failure to establish lawful authority, particularly the absence of an SF61 or SF61B, and the court's Article IV status. Under 28 U.S.C. § 1331, this Court has jurisdiction over federal questions, including constitutional challenges to Marra's qualifications and the court's authority, which violate Defendant's due process rights under the Fifth and Fourteenth Amendments. These procedural grounds support disqualification or dismissal, as Marra's non-compliance with statutory and constitutional requirements voids his jurisdiction, per *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

2. **Absence of SF61 or SF61B**: Judge Marra does not have an SF61 or SF61B Appointment Affidavit on file, as required by 5 U.S.C. § 3332, which mandates that federal appointees file an affidavit of their oath within 30 days of appointment. Under 5 U.S.C. § 3333, failure to comply prohibits Marra from entering upon the duties of the office, rendering his appointment invalid and his judicial acts void ab initio. This defect alone warrants disqualification under 28 U.S.C. § 455 and dismissal for lack of jurisdiction, as an unqualified officer cannot lawfully preside, per *U.S. v. Will*, 449 U.S. 200, 216 (1980).

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 8

3. **Article IV Legislative Court**: The Southern District of Florida is an Article IV legislative court, not an Article III judicial court, per *Balzac v. Porto Rico*, 258 U.S. 298, 312 (1922); *American Ins. Co. v. 356 Bales of Cotton*, 26 U.S. (1 Pet.) 511 (1828). The Judicial Code of 1911, 36 Stat. 1087-1169, abolished Article III "District Courts of the United States" and established "United States District Courts" as Article IV courts, per *Mookini v. United States*, 303 U.S. 201, 205 (1938). No Statute at Large expressly establishes this Court as an Article III court, per *United States v. Bink*, 74 F. Supp. 603, 615 (D. Or. 1947); *Hubbard v. Ammerman*, 465 F.2d 1169, 1173 (5th Cir. 1972). Article IV courts lack jurisdiction over private rights, which Defendant asserts as a nontaxpayer not engaged in a "trade or business" under 26 U.S.C. § 7701(a)(26), per *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 69-70 (1982). Defendant has not waived his right to an Article III court, per *Brady v. United States*, 397 U.S. 742, 748 (1970).

4. **No Congressional Grant of Article III Power**: Senate confirmation and presidential commission do not confer Article III status absent a congressional act invoking Article III, per *Williams v. United States*, 289 U.S. 553, 566-67 (1933). No such statute exists, per Defendant's review of congressional acts from 1789 to present. Reliance on congressional records or websites is insufficient, as only Statutes at Large constitute evidence of law, per *United States v. Wong Kim Ark*, 169 U.S. 649, 701 (1898). No primary evidence (e.g., commission, Senate vote records) was provided, violating Federal Rule of Evidence 803(8).

5. **Fiduciary Breaches**: Marra has not provided verified documentation of fiduciary authority (e.g., Power of Attorney, IRS Forms 56, 2678, 8655, SSA Form 89) to administer Defendant's alleged "ALL CAPS ESTATE" or constructive trust, per 26 U.S.C. §§ 6903, 6036, 7603. Failure to provide a bond (26 U.S.C. § 2032A(e)(11)) or collect from the estate (26 U.S.C. §§ 2002, 6324) constitutes tax evasion and breach of trust, disqualifying Marra under 28 U.S.C. § 455(b)(4).

6. **Fraud and Impersonation**: The Court's assertion of Article III status without evidence constitutes fraud (18 U.S.C. § 1001) and impersonation of a federal officer (18 U.S.C. § 912), per *Yates v. Village of Hoffman Estates*, 209 F. Supp. 757 (N.D. Ill. 1962). Acting as a "Justice" rather than an Article III "Judge" (per supremecourtus.gov), compounded by the absence of an SF61 or SF61B, renders Marra a de facto officer, liable under 31 U.S.C. § 3729, per *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947).

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 9

Non-compliance with 5 U.S.C. §§ 3331, 3332, 3333; 28 U.S.C. § 453; and 1 Stat. 23 renders Marra an imposter unoccupied, voiding his acts ab initio, per *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985).

7. **Judicial Improvement Act of 1990**: The Act (H.R. 5316, Title IV) altered the judicial oath, relieving judges of loyalty to the Constitution, rendering Marra's appointment defective, per *FRC v. GE*, 281 U.S. 464 (1930).

8. **Commercial Nature of Court**: The Court operates as a private banking center, securitizing cases via CUSIP identifiers and floating bonds for profit, violating Title 26 tax obligations (26 CFR 301.6111-3; 26 CFR 301.6707A-1). Failure to provide an EIN, IRS Form W-9, Articles of Incorporation, or Comprehensive Annual Financial Report (CAFR) admits its non-tax-exempt, for-profit status, undermining judicial authority SIT, per *FRC v. GE*, 281 U.S. 464 (1930).

9. **Religious Test Violation**: The phrase "so help me God" in Marra's oath imposes a religious test, violating Article VI, Clause 3, per *Torcaso v. Watkins*, 367 U.S. 488, 495 (1961). *Zorach v. Clauson*, 343 U.S. 306 (1952), addressed school prayer, not judicial oaths, and is inapposite. *Newdow v. United States*, 542 U.S. 1 (2004), and *Perrier-Bilbo v. United States*, 954 F.3d 413 (1st Cir. 2020), addressed Establishment Clause challenges, not Article VI religious test violations, and do not override *Torcaso*. The phrase may coerce judges, violating the Free Exercise Clause, per *American Legion v. American Humanist Ass'n*, 139 S. Ct. 2067 (2019).

10. **Non-Compliance with Statutory Oath**: The judicial oath under 5 U.S.C. § 3331 does not mandate "so help me God," which is optional. Marra's inclusion deviates from the congressional oath (1 Stat. 23, 1789), violating 63C Am.Jur.2d, Public Officers and Employees, §247, and Public Law 1, Statute 1, Section 3 (1 Stat. 23-24).

11. **Fiduciary Duty Breach**: As a purported fiduciary, Marra's failure to provide oath documentation, including an SF61 or SF61B, violates 26 U.S.C. § 6036, constituting a false statement (18 U.S.C. § 1001) and disqualifying him under 28 U.S.C. § 455(b)(1) for bias.

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 10

12. **Treasonous Conduct**: Acting without a valid oath or SF61/SF61B constitutes treason against the Constitution, per *U.S. v. Will*, 449 U.S. 200, 216 (1980); *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404 (1821). Failure to report such conduct implicates misprision of treason, per 18 U.S.C. § 2382.

13. **Foreign Agent Status**: Marra's failure to provide certified, apostilled FARA statements (22 U.S.C. §§ 611, 612) as a BAR member suggests foreign allegiance, disqualifying him under 28 U.S.C. § 455(b)(4).

14. **Federal Territory Requirement**: Article IV courts are limited to federal territories (e.g., Washington, D.C., Guam), per *American Ins. Co. v. 356 Bales of Cotton*, 26 U.S. (1 Pet.) 511, 578 (1828). The "State of Florida" is a federal territory (28 U.S.C. § 3002(15); 18 U.S.C. § 5), distinct from the sovereign Florida state. Plaintiff has not proven Marra's residency in a federal territory with verified evidence (e.g., affidavit, latitude/longitude coordinates), violating 28 U.S.C. § 134(b), per *In Re Grove Street*, 61 Cal. 438 (1882).

15. **Defendant's Nonresident Status**: Defendant resides in Texas, a sovereign state under the Articles of Confederation, and has no domicile in the "State of Florida," per 4 U.S.C. § 110(d); 28 U.S.C. § 1605. Plaintiff has not proven territorial jurisdiction over the alleged acts (18 U.S.C. §§ 1349, 1347, 371; 42 U.S.C. § 1320a-7b(b)(1)(A)), per *People v. Thomas*, 997 N.Y.S.2d 53, 55 (N.Y. App. Div. 2014).

16. **Fraudulent Conversion**: The Court's use of "ROBERT LEON SMITH III" and a ZIP code converts Defendant's proper appellation and address into a fictitious federal entity, constituting fraud (18 U.S.C. § 1001) and violating due process, per *Ex Parte Frank Knowles*, 5 Cal. Rep. 300 (1855).

17. **Juror Residency Defect**: Jurors must reside within the judicial district's federal territory (28 U.S.C. § 1865(b)). The Court's failure to address this defect renders any jury invalid, undermining jurisdiction.

18. **Misinterpretation of Argument**: The Court misconstrues Defendant's claim that jurisdiction is limited to federal territories, not that Marra must reside in one, failing to address the Southern District's lack of authority over non-federal territory, per *Hubbard v. Ammerman*, 465 F.2d 1169 (5th Cir. 1972).

19. **Due Process Violation**: The cursory analysis violates the Fifth Amendment's Due Process Clause by failing to thoroughly examine jurisdictional challenges, per *United States v. Sciuto*, 521 F.2d 842, 845 (7th Cir. 1996).

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 11

20. **Appearance of Bias**: The Court's failure to address 28 U.S.C. § 455(a) or § 144 fuels Defendant's perception of bias, particularly given oath, residency, and commercial issues, per *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989).

21. **Treason and Fraud**: If Marra acts without jurisdiction or a valid SF61/SF61B, he engages in treason (*U.S. v. Will*, 449 U.S. 200, 216 (1980)) and fraud upon the court (*Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985)), voiding all orders, per 18 U.S.C. § 2382.

22. **Administrative and Commercial Status**: The Southern District operates as an administrative court and private banking center, enforcing statutes ministerially and securitizing cases for profit, depriving it of judicial authority over Defendant, per *FRC v. GE*, 281 U.S. 464 (1930); *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). The Court's failure to comply with Title 26 tax obligations (e.g., IRS Forms 1099-A, 1099-OID) and provide financial transparency (e.g., CAFR, EIN) confirms its commercial nature.

23. **Denial of Due Process**: The Court's failure to address jurisdictional and commercial challenges violates the Fifth Amendment, Magna Charta, and common law, per *State v. Doheny*, 60 Maine 504, 509 (1872); *Twining v. New Jersey*, 211 U.S. 78, 100 (1908).

24. **Article IV Court Limitations**: This Court lacks Article III authority to adjudicate private rights or deprivations of life, liberty, or property, per *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023).

25. **Fiduciary Breaches**: Marra's failure to provide verified fiduciary documentation violates 26 U.S.C. §§ 6903, 6036, 7603, constituting tax evasion and unauthorized debt collection (15 U.S.C. §§ 1692e, 1692i).

26. **Fraud and Impersonation**: The Court's operation as a "kangaroo court" and use of a fictitious "UNITED STATES OF AMERICA, INC." constitutes fraud (18 U.S.C. § 1001) and impersonation (18 U.S.C. § 912), per *Hale v. Henkel*, 201 U.S. 43, 74 (1906).

27. **Bill of Attainder**: Penalties imposed constitute a Bill of Attainder, per *United States v. Brown*, 381 U.S. 437, 448-49 (1965).

28. **Treason and Seditious Conspiracy**: Marra's actions, lacking a valid oath, SF61/SF61B, and jurisdiction, constitute treason (18 U.S.C. § 2381) and seditious conspiracy (18 U.S.C. § 2384).

29. **No Judicial Immunity**: Marra's actions lack judicial immunity for criminal acts or actions outside jurisdiction, per *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 12

29. **No Judicial Immunity**: Marra's actions lack judicial immunity for criminal acts or actions outside jurisdiction, per *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

30. **Star Chamber Practices**: Forcing BAR representation violates Defendant's right to self-representation, per *Faretta v. California*, 422 U.S. 806, 821 (1975).

31. **Financial Transparency**: The Court's failure to provide a W-9, Statement of Account (UCC § 9-210; 45 CFR § 2554.4), bond records (28 U.S.C. § 2041), or CAFR admits its commercial nature and false claims.

32. **Jurisdiction Not Proven**: Plaintiff has not met its burden to prove jurisdiction, rendering all orders void, per *Melo v. United States*, 505 F.2d 1026, 1030 (8th Cir. 1974).

33. **Commerce Clause Abuse**: The Court's reliance on the Commerce Clause over a non-commercial defendant violates Article VI, Clause 2, per *Rundle v. Delaware & Raritan Canal Co.*, 55 U.S. 80, 89 (1852).

34. **Commercial Banking Operations**: The Court's securitization of cases via CUSIP identifiers, failure to report taxable transactions (26 CFR 301.6111-3), and obstruction of Defendant's tax filings (IRS Forms 1099-A, 1099-OID) constitute tax evasion, misappropriation of public funds, and RICO violations (18 U.S.C. § 1951).

35. **Non-Tax-Exempt Status**: The Court's failure to provide an IRS determination letter or Form W-9 confirms it is not a tax-exempt government entity but a private, for-profit corporation, lacking judicial authority.

36. **Statutory Definition of Person**: The term "person" in statutes excludes living men and women, applying only to artificial entities, rendering Defendant immune from statutory jurisdiction, per 1 U.S.C. § 1; *Church of Scientology v. U.S. Dept. of Justice*, 612 F.2d 417, 425 (1979).

37. **Sovereign Status**: Defendant, as one of "We the People," cannot be subjected to derived authority exceeding his own, per *McCulloch v. Maryland*, 17 U.S. 316 (1819).

**RELIEF REQUESTED**

Defendant requests the following relief, per *Joyce v. U.S.*, 474 F.2d 215 (3d Cir. 1973):

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 13

1. Disqualification of Judge Kenneth A. Marra and assignment of an Article III "Judge" with a valid oath, SF61/SF61B, and proper residency, pursuant to Federal Rule of Criminal Procedure 12(b)(2) and 28 U.S.C. § 1331.
2. Immediate dismissal with prejudice for lack of jurisdiction.
3. Suspension of all proceedings until Plaintiff provides:
   a. Statute at Large establishing this Court as an Article III court.
   b. Verified fiduciary documentation (Power of Attorney, IRS Forms 56, 2678, 8655, SSA Form 89, bond per 26 U.S.C. § 2032A(e)(11)).
   c. Verified oaths (28 U.S.C. § 453, 5 U.S.C. § 3331, 4 U.S.C. §§ 101-102, 12 U.S.C. § 73, SF61 or SF61B).
   d. W-9, Statement of Account (UCC § 9-210; 45 CFR § 2554.4), CAFR, Articles of Incorporation, IRS determination letter, and EIN.
   e. Certified, apostilled FARA registration (22 U.S.C. §§ 611, 612) for Marra and Court officials.
   f. Evidence of territorial jurisdiction (latitude/longitude coordinates).
   g. Proof of Marra's residency in a federal territory.
   h. CUSIP identifier and market value of the case, with associated bond and securities records.
4. A hearing be scheduled on this matter to verify Marra's title, oath, SF61/SF61B, residency, and the Court's tax-exempt status, per *In Re Grove Street*, 61 Cal. 438 (1882).
5. Declaration that continued proceedings constitute bad faith, barratry, treason, tax evasion, and RICO violations.
6. Written ruling for appeal, per *Joyce v. U.S.*, 474 F.2d 215 (3d Cir. 1973).
7. Voidance of all orders issued by Marra ab initio due to lack of jurisdiction, fraud upon the court, absence of SF61/SF61B, and commercial irregularities.
8. Filing of IRS Forms 3949-A, 13909, 211, and FinCen 101/104 with the IRS and Treasury to report the Court's tax evasion and financial crimes.
9. Administrative claim in the U.S. Federal Court of Claims for damages due to the Court's unlawful commercial activities.

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 14

10. Compliance with the FOIA/Public Records Act request by providing all requested records within the statutory timeframe.

Respectfully submitted,

/s/ Robert Leon Smith III

**Robert Leon Smith III**

506 N. Sycamore Street,

Archer City, Texas 76351

(940) 378-5555

smith32r@gmail.com

Date: May 17, 2025

**CERTIFICATE OF SERVICE**

I, Robert Leon Smith III, certify that on May 17, 2025, I served a true and correct copy of the foregoing Motion to Disqualify Judge Kenneth A. Marra or Dismiss for Lack of Jurisdiction, with Memorandum of Law and Judicial Notice, on the following party by certified mail, return receipt requested:

**United States Attorney's Office**

Clerk of Court, U.S. District Court, Southern District of Florida

United States Attorney's Office, Southern District of Florida

Michael P. McCarthy, Trial Attorney, U.S. Department of Justice

/s/ Robert Leon Smith III

**Robert Leon Smith III**

Date: May 17, 2025


Dated this day of Month, year.

*Robert Leon Smith III*

_____
Attorney Name

MOTION TO DISQUALIFY JUDGE KENNETH A. MARRA AND DISMISS FOR LACK OF TERRITORIAL JURISDICTION, SUBJECT MATTER - 15

UNITED
POSTAL

- Expected delivery date spe
- Domestic shipments includ
- USPS Tracking® service inc
- Limited international insura
- When used internationally,

*Insurance does not cover certain ite
Domestic Mail Manual at *http://pe.us*
** See International Mail Manual at *ht*

FLAT RATE EN
ONE RATE ■ ANY WEIGHT

TRACKED ■ INS

PS00001000014

This package is made from post-consumer waste. Please recycle - again.

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$10.10
Origin: 76308
05/19/25
4897220702-32

PRIORITY MAIL®

0 Lb 8.50 Oz
RDC 03

EXPECTED DELIVERY DAY: 05/23/25

C075

SHIP TO:
400 N MIAMI AVE
MIAMI FL 33128-1801

USPS TRACKING® #

9505 5118 2983 5139 5144 68

POUCH

FROM:
Robert Leon Smith III
c/o P.O. Box 853
Archer City, Texas

ns.

An
United States I
Wilkie D
400 North

