**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-80211-MARRA**

**UNITED STATES OF AMERICA,**

**v.**

**ROBERT LEON SMITH III,**

                    **Defendant.**

_____/

*In Re:*

**COURTNEY JANOE**

                    **Third-party petitioner.**

_____/

## UNITED STATES' MOTION TO DISMISS PETITION

Pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2(c)(1)(A), and Federal Rule of Civil Procedure 12, the United States of America (the "United States") hereby respectfully moves to dismiss the Third-Party Petition to Assert Financial Interest filed by Petitioner Courtney Janoe. ECF No. 375. The Court should dismiss the Petition because it was not signed under penalty of perjury as required by the statute, it is premature and moot, and it fails to state a claim.

### I.    BACKGROUND AND HISTORY

1.     On May 15, 2025, during a hearing on defense counsel's motion to withdraw, defense counsel stated that he had funds for representation that he was going to return to the Defendant now that he was no longer representing the Defendant. ECF No. 359.

2.     On May 22, 2025, the United States filed its motion for preliminary order of

1

forfeiture. ECF No. 373. In that motion, the United States seeks the entry of a forfeiture money judgment, to forfeit various real properties, and all funds on deposit belonging to or for benefit of the Defendant in the account of attorney Edward N. Reagan. *Id.* at 9-10.

3. The Court has not ruled on the motion for preliminary order of forfeiture.

4. On May 29, 2025, Petitioner filed her Third-Party Petition to Assert Financial Interest ("Petition"). ECF No. 375. She alleges that $10,000 in attorneys' fees sought to be forfeited belongs to her, attaches the Defendant's email, a contract between herself and the Defendant, and two redacted wire forms.

## II.    MEMORANDUM OF LAW

### A.  LEGAL STANDARD

Pursuant to 21 U.S.C. § 853(k), "Bar on Intervention," no party claiming an interest in property subject to forfeiture may intervene in the criminal case or appeal. § 853(k)(1). Further, no party may commence an action at law or equity against the United States concerning the validity of its interest in property subject to forfeiture. § 853(k)(2).

Pursuant to 21 U.S.C. § 853(n), after the Court has entered its forfeiture order, "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(1), (2). The Government will publish notice of the forfeiture order and if practicable, provide direct written notice to any person known to have alleged in interest in the property. § 853(n)(1).

Such a petition must be filed within thirty days of notice of publication or direct notice of the forfeiture, whichever is earlier. 21 U.S.C. § 853(n)(2). In addition, the petition must be "signed by the petitioner under penalty of perjury," and set forth the following information: the nature and

extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. 21 U.S.C. § 853(n)(3).

"[T]he court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). A motion to dismiss a third-party petition filed before discovery or a hearing should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *See United States v. Marion*, 562 F.3d 1330, 1339, 1342 (11th Cir. 2009).

### B.  THE COURT SHOULD DISMISS THE PETITION

The Court should dismiss the Petition because it was not signed under penalty of perjury as required by the statute, it is premature and moot, and it fails to state a claim.

### 1.  The Petition was not signed as required by the statute

The Petition should be dismissed because it was not signed under penalty of perjury as required by 21 U.S.C. § 853(n)(3). *See* ECF No. 375. It was not even signed; only the certificate of service was signed. *Id.* at 2. To satisfy statutory standing, a third-party petition must comply with the pleading requirements. *See United States v. ADT Sec. Servs., Inc*., 522 F. App'x 480, 489–90 (11th Cir. 2013). The Court may dismiss a petition for failing to meet the statutory pleading requirements of 21 U.S.C. § 853(n)(3). *See* Fed. R. Crim. P. 32.2(c) advisory committee's note (2000) (quoting *United States v. BCCI Holdings (Luxembourg), S.A.*, 919 F. Supp. 31, 36 (D.D.C. 1996) ("If a third party fails to allege in its petition all requisite elements, the court may dismiss the petition without providing a hearing.")). Federal courts demand "strict compliance" with the pleading requirements in 21 U.S.C. § 853(n) "primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge,* 829 F. Supp. 2d 664, 667 (C.D. Ill.

2011) (dismissing petition that was not signed under penalty of perjury and did not state a claim); *see United States v. Lamid*, 663 F. App'x 319, 323, 325 (5th Cir. 2016) (same); *United States v. Winters*, 19-cr-62, 2020 WL 1911473, at *3 (W.D. Penn. Apr. 20, 2020) (listing cases).

Petitioner neither signed the petition nor attached an affidavit. ECF No. 375. The Government requests that the Court dismiss the Petition for failing to comply with the penalty of perjury requirement. *See Burge,* 829 F. Supp. 2d at 667; *United States v. Drayton*, 21-cr-138, 2022 WL 1019235, at *1 (W.D. N.C. Apr. 5, 2022) ("the Court will strictly construe the penalty of perjury requirement and grant the Motion" to dismiss third-party petition).

### 2. The Petition is premature where the Court has not entered its forfeiture order and the Petitioner lacks standing to challenge entry of the forfeiture order

These funds are not yet in federal custody because the Court has not ruled on the Government's forfeiture motion. ECF No. 373. Accordingly, under 21 U.S.C. § 853(k), "Bar on Intervention", Petitioner is barred from intervening at this early stage in the proceedings. Only after the Court enters the preliminary order of forfeiture, assuming that these funds are seized pursuant to the forfeiture order, would Petitioner be able to ask the Court to adjudicate the validity of her alleged interest. 21 U.S.C. § 853(n)(1)-(2). Until that time, this is a moot issue.

The Defendant cannot object to the preliminary order of forfeiture by claiming that the property belongs to someone else. *See* Fed. R. Crim. P. 32.2(b)(2)("The court must enter the order without regard to any third party's interest in the property.") Criminal forfeiture splits into two parts, where the first concerns forfeiting the defendant's interest in the property, and the second concerns any third party's interest in the property. *United States v. Amodeo*, 916 F.3d 967, 972 (11th Cir. 2019). We're still at the first part. These are funds paid to the Defendant's defense attorney, with whom the Defendant had the attorney-client relationship. The Defendant has an

4

interest in them that needs to be forfeited.

It is unclear whether Petitioner filed the Petition, or if it is more of the same from the Defendant, because the Petition uses some of the terminology that has peppered the Defendant's filings. The Petition states that Petitioner "is a private citizen." ECF No. 375 at p. 1. Instead of providing contact information, says she "may be contacted at her phone and email on record. *Id.* It also says that Petitioner "is not requesting any punitive damages or interest."[1] *Id.* at 2.

Petitioner—who as discussed above is barred from intervening in the case by § 853(k) — lacks standing to challenge the motion for preliminary order of forfeiture, to the extent that she filed her Petition in an effort to dissuade the Court from entering it. *United States v. Frey*, 517 F. App'x 512, 513 (6th Cir. 2013); *United States v. Sanchez*, 22-11923, 2023 WL 5844958, at *2 (11th Cir. 2023) (dismissing petitioner's appeal of the preliminary order of forfeiture for lack of jurisdiction where the petitioner's sole mean of challenging forfeiture is to raise a claim in the ancillary proceeding, not to challenge the entry of a preliminary order of forfeiture against the defendant) (citing *United States v. Davenport*, 668 F.3d 1316, 1319 (11th Cir. 2012); *United States v. Cone*, 627 F.3d 1356 (11th Cir. 2010)).

### 3.  The Petition fails to state a claim and the Court should dismiss

The Eleventh Circuit cautions that nominees and straw owners do not have standing to challenge the forfeiture of property:

> [P]ossession of bare legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture. … In brief, people engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name. … [C]ourts look

---

[1]  If the Court does not dismiss the Petition but instead stays it until after the entry of the preliminary order of forfeiture, the United States intends to take discovery on the allegations in the petition.

> behind the formal title to determine whether the record title owner
> is a "strawman" set up to conceal the financial affairs or illegal
> dealings of someone else.

*United States v. 900 Rio Vista Blvd.*, 803 F.2d 625, 630 (11th Cir. 1986) (internal citations omitted). Under 21 U.S.C. § 853(n)(3), a petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." Here, the Petition utterly lacks facts. It does not allege the nature and extent of the Petitioner's alleged right, title, or interest in the funds, or how or when she allegedly acquired such right, title, or interest. This is the Petitioner's pleading burden.

The Petition also fails to detail the nature of Petitioner's alleged interest, including when any purported interest allegedly began. This failure to plead a temporal scope is fatal because time is an essential element of the only two available claims under 21 U.S.C. § 853(n)(6) for a third party to obtain relief from a criminal forfeiture order:

> (A) the petitioner has a legal right, title, or interest in the property,
> and such right, title, or interest renders the order of forfeiture
> invalid in whole or in part because the right, title, or interest was
> vested in the petitioner rather than the defendant or was superior
> to any right, title, or interest of the defendant <u>at the time of the
> commission of the acts which gave rise to the forfeiture</u>; or
> (B) the petitioner is a bona fide purchaser for value of the right, title,
> or interest in the property <u>and was at the time of the purchase</u>
> reasonably without cause to believe that the property was subject
> to forfeiture under this section

21 U.S.C. § 853(n)(6)(A-B) (emphasis added). Absent facts regarding the time of the Petitioner's alleged right, title, or interest, the Petition is inadequately pled and does not state a claim upon which relief can be granted. *United States v. Barber*, No. 13-CR-28, 2014 WL 5473570, at *3 (M.D. Fla. Oct. 28, 2014) (dismissing petitioner's claim for failing to allege the time and circumstances of acquisition and for failing to assert a cognizable interest in the forfeited property).

6

WHEREFORE, for all the reasons stated above, the United States respectfully requests that the Court dismiss the Petition.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on June 6, 2025, on all parties of record. A true and correct copy of the foregoing was also served via regular mail to Petitioner Courtney Janoe at 119 Lands End, Wichita Falls, TX 76308.

Respectfully submitted,

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

By: *s/ G. Raemy Charest-Turken*
Gabrielle Raemy Charest-Turken
Assistant United States Attorney
Florida Bar No. 15939
99 N.E. 4th Street, 7th Floor
Miami FL, 33132-2111
Telephone: (305) 961-9365
E-mail: Gabrielle.Charest-Turken@usdoj.gov