UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80211-MARRA

UNITED STATES OF AMERICA,

v.

ROBERT LEON SMITH III,

Defendant.
_____/

## NOTICE OF FILING LEGAL AUTHORITY

This cause is before the Court upon the Court's denial of Defendant's Motion for a Stay (DE 393).  The Court stated that it would subsequently provide legal authority in support of the legal proposition that absent a stay, the filing of a petition for an extraordinary writ in the court of appeals does not deprive the district court of continuing jurisdiction. The legal authority follows:

*See Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022) ("the filing of a mandamus petition didn't divest the district court of jurisdiction") (citing *Nascimento v. Dummer*, 508 F.3d 905, 910 (9th Cir. 2007) ("Petitions for extraordinary writs do not destroy the district court's jurisdiction in the underlying case."); *Clark v. Taylor*, 627 F.2d 284, 288 (D.C. Cir. 1980) ("The trial court had not lost its jurisdiction because the appellate court was entertaining an application for writ of mandamus.") (internal brackets removed).

*Federal Ins. Co. v. United States*, 882 F.3d 348, 362 (2d Cir. 2018) ("Crucially, because mandamus is not an appeal, a petition requesting such relief generally does not oust the district-court's jurisdiction to carry on with its own proceedings. A petition for a mandamus directing the

1

district court to, for instance, decide a long-outstanding motion clearly would not deprive the district court of its power to do so.") (citing 16 Charles Alan Wright & Arthur R. Miller, Fed. Practice & Proc.: Juris. § 3932.1 (3d ed. 2017) (internal quotation marks omitted).

*Ellis v. U.S. Dist. Ct. for W. Dist. of Washington (Tacoma)*, 360 F.3d 1022, 1023 (9th Cir. 2004) ("Indeed, in the context of an extraordinary writ such as mandamus, there is no need for us to relinquish our jurisdiction to the district court because it was never deprived of jurisdiction over the underlying case. The district court does not lose jurisdiction over a case merely because a litigant files an interlocutory petition for an extraordinary writ."

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995) ("Mandamus petitions request an extraordinary remedy that is only appropriate in exceptional circumstances. Moreover, because such requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending. If the district court or the court of appeals finds it appropriate to stay proceedings while a petition for mandamus relief is pending, such a stay may be granted in the court's discretion. However, absent such a stay, the jurisdiction of the district court is not interrupted. In the present case, no stay was granted. Thus, the district court had jurisdiction and retained the authority to enter the order of dismissal.")

Additionally, "[w]hen a matter is appealable, the district court loses jurisdiction absent a certification of frivolousness. . . . But a party can't strip the district court of jurisdiction by prematurely appealing. . . . '[N]o transfer [of jurisdiction to the appellate court] occurs if

the appeal is taken from a non-appealable order.'" *Kellogg,* 41 F. 4th at 1259.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of June, 2025.

 

KENNETH A. MARRA
United States District Judge

3