UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:23-cr-80211-KAM

**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**ROBERT LEON SMITH III,**
**Defendant.**

_____/

FILED BY __cois__ D.C.

JUL 08 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MOTION FOR RECONSIDERATION OF COURT'S ORDER ON JURISDICTION AND EXTRAORDINARY WRIT

COMES NOW Defendant ROBERT LEON SMITH III, appearing Sui Juris, in Proper Persona and respectfully moves this Court to reconsider its Order denying Defendant's Motion for a Stay (DE 393, 399), asserting that the Court has improperly retained jurisdiction and misapplied legal precedent, and states as follows:

1. On June 26, 2025, the Court entered an Order (DE 399) denying Defendant's Motion for Stay and improperly asserting continuing jurisdiction, citing several cases, including Kellogg v. Watts Guerra LLP, 41 F.4th 1246 (10th Cir. 2022), to support the conclusion that a petition for extraordinary writ does not divest the district court of jurisdiction absent a stay.

2. Defendant contends that the Court erred by applying authority involving fundamentally distinguishable circumstances. Unlike cases cited by the Court, Defendant's jurisdictional challenge directly implicates substantial constitutional rights and fundamental jurisdictional defects that have not been adequately addressed.

3. Defendant's ongoing jurisdictional challenges (DE 340, 341, 348, 350, 355, 356, 357, 364, 366, 376, 377) have consistently raised legitimate questions about this Court's authority to proceed. These critical matters remain unresolved and demand judicial clarity and resolution before any further proceedings can accrue.

4. Defendant's filing of an extraordinary writ (Case No. 25-11806, 11th Cir.) was intended precisely to address these unresolved jurisdictional defects and constitutional concerns. Therefore, the continuation of proceedings by this Court while the extraordinary writ is pending effectively denies Defendant due process and a meaningful opportunity to address these substantial issues.

5. The cases cited by the Court in its Order (DE 399) involve materially different contexts—primarily civil matters or collateral procedural disputes—not fundamental constitutional jurisdictional questions in criminal proceedings. Such cases provide no legitimate support for the assertion of jurisdiction in this case (9:23-cr-80211-KAM).

6. Defendant emphasizes that proceeding without fully resolving these core jurisdictional questions will result in irreparable harm, violating Defendant's constitutional rights under the Fifth and Sixth Amendments to due process and effective assistance of counsel.

WHEREFORE, Defendant respectfully requests this Court:

(a) Reconsider its Order (DE 399) and grant Defendant's Motion to Stay pending resolution of jurisdictional and constitutional issues by the appellate court; or in the alternative,

(b) Hold an evidentiary Zoom hearing specifically addressing these jurisdictional and constitutional claims before proceeding further;

(c) Provide any other relief deemed just and proper.

Respectfully submitted this 7th day of July 2025.

/s/ Robert Leon Smith III
Robert Leon Smith III
Sui Juris in Proper Persona
Attorney-in-Fact
PO Box 853
Archer City, Texas 76351
Tel: (940) 378-5555

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2025, I mailed the foregoing Motion for

Reconsideration with the Clerk of the United States District Court for the Southern District of Florida, and served a true and correct copy upon the Office of the United States Attorney via USPS mailing.

/s/ Robert Leon Smith III
Robert Leon Smith III
Sui Juris in Proper Persona
Attorney-in-fact