**Kenneth Marra**

**From:** smith32r@gmail.com
**Sent:** Tuesday, July 22, 2025 7:22 PM
**To:** FLSDdb_efile Marra; Ralf Owen Dunn; Michael.McCarthy2@usdoj.gov
**Subject:** URGENT Matter
**Attachments:** self surrender.pdf

**CAUTION - EXTERNAL:**

I am aware this is not how things should be filled but I have no other way to get it to you immediately. If the government agrees and this can be an unopposed motion can the government upload on my behalf so that the Judge can make a ruling. I can also bring a hard copy with me or mail it in. I have been notified that the US Marshals were at a prior home of mine. I am willing to self surrender upon the court agreeing to hold a hearing on the issues that are in this motion attached.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

## UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:23-cr-80211-KAM

UNITED STATES OF AMERICA
Plaintiff,

v.

ROBERT LEON SMITH III,
Defendant.

## MOTION TO QUASH WARRANT AND NOTICE OF INTENT TO SELF-SURRENDER

COMES NOW the Defendant, ROBERT LEON SMITH III, sui juris, appearing in propria persona, and respectfully moves this Court to Quash the Arrest Warrant issued under sealed docket entry DE 397 and provides Notice of Intent to Self-Surrender, subject to the conditions requested below. This Motion is filed in good faith and pursuant to the Constitution, the laws of the United States, and in accordance with fundamental fairness and due process.

GROUNDS FOR RELIEF

1. Jurisdictional Challenges Remain Unheard
Defendant has presented multiple jurisdictional challenges to this Court concerning subject matter jurisdiction, territorial jurisdiction, and the authority of this Court under Article III of the Constitution. These challenges have been ignored or summarily denied without evidentiary hearings or specific findings of fact and conclusions of law, contrary to the requirements of due process.

2. Termination of Plea Agreement (DE 350-1)
Defendant formally terminated, rescinded, and revoked any plea agreement previously entered, as recorded in DE 350-1 and the public record. The government has failed to rebut the termination or seek a hearing to resolve the dispute. Without a valid plea or conviction, the basis for sentencing and any subsequent warrant is void ab initio.

3. Denial of Motion to Void for Vagueness
Defendant's Motion challenging the vagueness of the statutes under which Defendant was charged, referencing the CFR Parallel Table of Authorities and Rules

(https://www.govinfo.gov/content/pkg/GPO-CFR-INDEX-2024/html/GPO-CFR-INDEX-2024-4.htm), was denied without proper hearing. Defendant maintains these statutes are unconstitutionally vague as applied, rendering any conviction or penalty invalid.

4. Good Faith Efforts to Comply and Contact the Court

Defendant made diligent efforts to contact the Court, including calls to chambers on the Monday and Tuesday preceding the hearing in question, leaving messages without return contact. Additionally, Defendant submitted written requests to reschedule or appear via alternative means, which were denied. The warrant issued thereafter is procedurally defective and inequitable.

5. Request for Fair Hearing and Self-Surrender Conditions

Defendant, under protest and without waiver of any rights, provides notice of intent to self-surrender. Defendant respectfully requests a reasonable window for surrender and proposes appearing Wednesday, July 30, 2025, or within seven (7) days from an Order of this Court. Defendants request a zoom hearing but will uphold the courts decision to be in person if required.

This offer is contingent upon the Court granting a full and fair hearing on all outstanding jurisdictional disputes, the plea termination, and the void for vagueness claims. If these matters cannot be resolved at the District Court level, Defendant requests that the Court stay any further proceedings pending review by the Eleventh Circuit Court of Appeals, ensuring appellate review of these substantial constitutional issues.

6. Judicial Duty and Due Process

Defendant reminds the Court of its sworn duty as an alleged Article III judge to protect the constitutional rights of all parties, not to serve as an enforcer for governmental interests. Defendant asserts that this Court has, to date, trampled on those rights by refusing to address valid constitutional challenges. Denial of due process is not justice; it is tyranny in judicial robes.

PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays this Court:

1. Quash the Arrest Warrant issued under seal (DE 397) as void for lack of jurisdiction and due process defects.
2. Grant a Stay on any enforcement of the warrant pending resolution of jurisdictional, constitutional, and plea-related disputes.
3. Schedule a Fair Hearing on all jurisdictional challenges, the termination of the plea agreement, and the void for vagueness claims.
4. Grant Defendant Leave to Self-Surrender on or before Monday, July 28, 2025, or within five (5) days of this Court's Order, contingent upon the above requests.
5. Grant any other relief the Court deems just and proper.

Respectfully submitted,

(https://www.govinfo.gov/content/pkg/GPO-CFR-INDEX-2024/html/GPO-CFR-INDEX-2024-4.htm), was denied without proper hearing. Defendant maintains these statutes are unconstitutionally vague as applied, rendering any conviction or penalty invalid.

4. Good Faith Efforts to Comply and Contact the Court
Defendant made diligent efforts to contact the Court, including calls to chambers on the Monday and Tuesday preceding the hearing in question, leaving messages without return contact. Additionally, Defendant submitted written requests to reschedule or appear via alternative means, which were denied. The warrant issued thereafter is procedurally defective and inequitable.

5. Request for Fair Hearing and Self-Surrender Conditions
Defendant, under protest and without waiver of any rights, provides notice of intent to self-surrender. Defendant respectfully requests a reasonable window for surrender and proposes appearing Wednesday, July 30, 2025, or within seven (7) days from an Order of this Court. Defendants request a zoom hearing but will uphold the courts decision to be in person if required.

This offer is contingent upon the Court granting a full and fair hearing on all outstanding jurisdictional disputes, the plea termination, and the void for vagueness claims. If these matters cannot be resolved at the District Court level, Defendant requests that the Court stay any further proceedings pending review by the Eleventh Circuit Court of Appeals, ensuring appellate review of these substantial constitutional issues.

6. Judicial Duty and Due Process
Defendant reminds the Court of its sworn duty as an alleged Article III judge to protect the constitutional rights of all parties, not to serve as an enforcer for governmental interests. Defendant asserts that this Court has, to date, trampled on those rights by refusing to address valid constitutional challenges. Denial of due process is not justice; it is tyranny in judicial robes.

PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays this Court:

1. Quash the Arrest Warrant issued under seal (DE 397) as void for lack of jurisdiction and due process defects.
2. Grant a Stay on any enforcement of the warrant pending resolution of jurisdictional, constitutional, and plea-related disputes.
3. Schedule a Fair Hearing on all jurisdictional challenges, the termination of the plea agreement, and the void for vagueness claims.
4. Grant Defendant Leave to Self-Surrender on or before Monday, July 28, 2025, or within five (5) days of this Court's Order, contingent upon the above requests.
5. Grant any other relief the Court deems just and proper.

Respectfully submitted,

Date: July 22, 2025

ROBERT LEON SMITH III
Sui Juris, In Propria Persona
PO Box 853
Archer City, Texas 76351
(940) 378-5555
smith32r@gmail.com