UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80211-MARRA/MCCABE

UNITED STATES OF AMERICA

v.

ROBERT LEON SMITH III,

        **Defendant**.

_____/

## UNITED STATES' MEMORANDUM OF LAW

On October 22, 2025, during a hearing on defense counsel's motion to withdraw [ECF No. 431], Defendant Robert Leon Smith III asserted that his girlfriend, Courtney Janoe, should be permitted to act on his behalf in this case because she purportedly holds a valid power of attorney. The Government objected on the basis that Ms. Janoe is not an attorney and has not entered an appearance in this case. The Court ordered the Government to submit a memorandum of law on this issue. Accordingly, the United States respectfully submits this memorandum of law.

"[A] 'power of attorney' does not permit a non-attorney to represent another party in federal court." *Miller v. Byers*, 833 F. App'x 225, 226 n.1 (11th Cir. 2020) (summarizing and adopting the holding of *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). Courts across the country have repeatedly reached this same conclusion, holding that a non-attorney who participates in a court proceeding on another's behalf is engaging in the unauthorized practice of law, regardless of any power of attorney. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him. For example, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own minor child.")

(citations omitted), *cert. denied*, 122 S. Ct. 213 (2001); *Johns v. County of San Diego,* 114 F.3d 874, 876–77 (9th Cir. 1997) (joining "all other circuit courts addressing the issue [that] have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer").

Undersigned counsel did not identify any cases from any circuit reaching a different conclusion. The five cases listed below provide supporting authority from within the Eleventh Circuit. Each citation is followed by a relevant quotation from the cited opinion. All footnotes are omitted, and all emphases are original.

1. *Estop v. HSBC Bank USA*, No. 22-CV-24012, 2022 WL 17601425, at *2 (S.D. Fla. Dec. 13, 2022).

   The Complaint and the Civil Cover Sheet are signed by someone "on behalf of Andrew Estop." Complaint at 1, 2, 3. And Estop has attached to his Complaint a power-of-attorney form, which appears to bear the same signature. *See id.* at 4. That won't do. Estop can either act *pro se*—that is, for himself—or through a lawyer. But he cannot proceed through a *non*-lawyer. *See, e.g.*, *Miller v. Byers*, 833 F. App'x 225, 226 (11th Cir. 2020) ("Because J.F. Miller was not named in and did not sign the notice of appeal, and he cannot be represented by J.W. Miller, who is not an attorney, he is not a proper party to this appeal, notwithstanding J.W. Miller's claim of power of attorney."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("Since she has not qualified as a 'next friend,' Leona Weber may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law. The powers of attorney executed by the Zimmermans do not invest her with such authority. The Zimmermans are not entitled to have an unlicensed lay person represent them either in the district court or here."); *United States v. Polynice*, 2022 WL 2341184, at *3 n.1 (S.D. Fla. June 29, 2022) (Bloom, J.) ("[B]ecause Mr. Sido is not a lawyer, he cannot represent Mrs. Sido or file an answer on her behalf."). If Estop intends to file a new complaint, then, he must *either* sign and file it himself as a *pro se* litigant *or* else submit it through counsel. But he may not act through a non-lawyer.

2. *Thomas v. Johnson*, No. 2:25-CV-35-WKW-CWB, 2025 WL 798067, at *1 (M.D. Ala. Feb. 24, 2025), *report and recommendation adopted*, No. 2:25-CV-35-WKW, 2025 WL 794450 (M.D. Ala. Mar. 12, 2025).

   Although the filings here are signed by Bernadette Porter as Plaintiff's purported power of attorney (*see* Doc. 1 at pp. 1, 6 & Doc. 2 at p. 2), no such written authorization appears in the record. Regardless, a filing by a non-attorney in a representative capacity is a nullity.

*See Miller v. Byers*, 833 F. App'x 225, 226 (11th Cir. 2020) (stating that non-attorney could not represent another party notwithstanding his power of attorney designation) (citations omitted); *Dickerson v. Ray*, No. 2:23-cv-315, 2023 WL 9183965, at *1 & n.1. (M.D. Ala. Dec. 22, 2023) ("Representation on behalf of another by a *pro se* litigant is typically determined to be a nullity"; "[E]ven if both Plaintiffs have ... power of attorney over Kenneth Dickerson, they still may not pursue a case *pro se* on his behalf") (citations omitted); *see also* 18 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases *personally* or *by counsel*.") (emphasis added).

3. *Burks v. DeepSeafood*, No. CV 22-00008-TFM-B, 2022 WL 21794375, at *1 (S.D. Ala. June 27, 2022).

Even assuming Burks's wife holds a valid power of attorney, she cannot, as a non-lawyer, act as Burks's representative in any of the proceedings in this case. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that parties were "not entitled to have an unlicensed lay person represent them either in the district court or here"); *Hanford v. Mortg. Elec. Registration Sys.*, 2010 U.S. Dist. LEXIS 156103 at *2-3, 2010 WL 11647506, at *2 (N.D. Ga. Apr. 12, 2010) ("Duhart is not a party in this case, and he is not an attorney. Although Duhart appears to hold a power of attorney for Hanford, his power of attorney does not entitle him to represent Hanford ...."), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 156107, 2010 WL 11647495 (N.D. Ga. July 7, 2010); *Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004) (noting that layperson, even one with a power of attorney or a familial relationship, could not represent party); *Ross v. Garcia*, 2009 U.S. Dist. LEXIS 85172 at *5, 2009 WL 2970328, at *2 (D. Del. Sept. 16, 2009) ("[A] non-lawyer with a power of attorney is not permitted to represent his family members in court."); *Brown v. Middlebrook*, 2009 U.S. Dist. LEXIS 16571 at *1-2, 2009 WL 536553, at *1 (D. Kan. Mar. 3, 2009) ("A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law.").

4. *Barker v. JP Morgan Chase Bank*, No. 1:15-CV-4469-RWS-JFK, 2016 WL 9453816, at *1 (N.D. Ga. Mar. 25, 2016).

In the present action, even assuming that Ms. Funderburk is acting under a valid power of attorney, she may not provide legal representation to Plaintiff Barker because she is not licensed to practice law in this court. Ms. Funderburk, as noted *supra*, signed the complaint in this case acting as attorney-in-fact on behalf of Plaintiff Barker. [Doc. 1 at 10]. However, an attorney-in-fact is not authorized to sign a complaint or otherwise appear on behalf of the principal. *See In re Foster*, 2012 WL 6554718, at **4-6 (9th Cir. B.A.P. December 14, 2012) (holding that plaintiff's nonlawyer daughter, acting as attorney-in-fact, was not authorized to sign a complaint on behalf of her mother). Ms. Funderburk's actions in signing the complaint constituted the unauthorized practice of law.

*See Harris v. Philadelphia Police Dep't*, 2006 WL 3025882, at *3 (E.D. Pa. October 20, 2006) ("[F]ederal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney."); *In re Conservatorship of Riebel*, 625 N.W.2d 480, 482–83 (Minn. 2001) (holding that nonlawyer mother with power of attorney was not permitted to sign pleadings on behalf of her

3

daughter because such actions constituted the unauthorized practice of law). In addition, because the complaint was signed by Ms. Funderburk and not by Plaintiff or an attorney licensed to practice law, the complaint fails to comply with Federal Rule of Civil Procedure 11(a), which provides: "Every pleading ... must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented."

5. *Hanford v. Mortg. Elec. Registration Sys.*, No. 1:10-CV-1004-WBH-AJB, 2010 WL 11647506, at *2 (N.D. Ga. Apr. 12, 2010), *report and recommendation adopted*, No. 1:10-CV-1004-WBH, 2010 WL 11647495 (N.D. Ga. July 7, 2010).

Duhart is not a party in this case, and he is not an attorney. Although Duhart appears to hold a power of attorney for Hanford, his power of attorney does not entitle him to represent Hanford or to seek to proceed *in forma pauperis. See Weber v. Garza*, 570 F.2d 511, 514 & n.5 (5th Cir. 1978) ("The powers of attorney executed by [third parties] do not invest [individual acting as on their behalf] with such authority [to represent them]. The [third parties] are not entitled to have an unlicensed lay person represent them either in the district court or here."); *Ross v. Garcia*, No. 08-cv-619, 2009 WL 2970328, *2 (D. Del. Sept. 16, 2009) ("Federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with plaintiff's power of attorney."); *Brown v. Middlebrook*, No. 08-cv-3312, 2009 WL 536553, *1 (D. Kan. Mar. 3, 2009) ("A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law.").

Dated: October 28, 2025

Respectfully submitted,

LORINDA LARYEA
ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

*/s/ Owen Dunn*
Owen Dunn
Trial Attorney
Florida Bar No. A5503217
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
202-993-4824
ralf.owen.dunn@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 28, 2025, a true and correct copy of the foregoing was filed and served on all parties of record via the CM/ECF system.

                                          */s/ Owen Dunn*
                                          Trial Attorney
                                          U.S. Department of Justice