Exhibit 1

FILED BY _____ D.C.

JUL 2 4 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § 9:23-cr-80211-KAM |
| | § |
| Robert Leon Smith, III, Defendant | § |

# AMICUS CURIAE
# ENTRY OF NEWLY DISCOVERED EXCULPATORY EVIDENCE
# BY SWORN AFFIDAVIT

| | |
|---|---|
| State of Texas | § |
| Tarrant County | §    ss: |

Comes Now Glenn Winningham; house of Fearn, (hereinafter also, "I", "me", "my" and "mine"), before this Honorable Court, declaring that I am over the age of 21, of no legal disability, having no felony convictions, having no convictions of crimes of moral turpitude, am a follower of Yashua the Messiah in the laws of The Almighty Supreme Creator YHVH, first and foremost and the laws of man when they are not in conflict per Leviticus 18:3, 4.

1. I affirm that pursuant to Matthew 5:33-37 and James 5:12, I am to speak the truth at all times, as supported by your Federal Public Law 97-280, 96 Stat. 1211.

2. I affirm that I have personal knowledge of the matters stated herein, and hereby asseverate understanding of the liabilities presented in your <u>Briscoe v. LaHue</u>, 460 U.S. 325.

3. **I affirm that I have personally investigated matters relative to this above captioned case, and I am respectfully appearing now before this Honorable court under AMICUS CURIAE, Friend of the Court, to bring the newly discovered, exculpatory evidence I have gathered to prove that the Defendant is <u>completely innocent</u> of the charges he is charged with in this case, from the mouth of the Supreme Court of the United States.**

4. I affirm I have the **duty and obligation** to report this newly discovered exculpatory evidence to this court and to all concerned parties, **<u>as any other reasonable and conscientious American would do</u>**, and this Court now has the obligation and the duty to receive and accept this Amicus and evidence for the right, proper and just application of the law.

5. I affirm that the case of <u>Ferguson v. Commissioner of Internal Revenue</u>, 921 F. 2d 588 (5th Cir. 1991) is controlling Federal case law in regard to not allowing testimony based on a witness' refusal to take an oath under a religious objection, and by said ruling, **if the clerk refuses to receive and accept this Amicus, or if I am denied the full opportunity to testify in open court about the veracity of**

this affidavit and to enter all of the Exculpatory Evidence herein, or if this Amicus is removed from the case record for any cause by any actor in any capacity, then that denial of my filing or testimony or the removal of this Amicus would constitute a gross deprivation of due process on the Defendant in this case, sufficient to cause a loss of jurisdiction that would require dismissal of all of the charges against the Defendant.

6. I affirm the case of U.S. v. George, 363 F3d 666, (7th Cir. 2004), states that the Defendant's Sixth Amendment right to present witnesses for their defense may be violated if governmental interference prevents a credible witness from testifying, and as such I fully expect to be Subpoenaed to be able to testify before this Honorable Court in support of my Amicus and its evidence.

## INDICTMENT

7. I affirm that on or about July the 4th, 2025, I gained access to a true and complete copy of the now twenty-seven page Indictment filed in this court against Robert Leon Smith, III, that appears to be file date stamp marked on Dec. 13, 2023, by the Clerk of the U.S. District Court, Southern District of Florida.

8. I affirm that I read the entire 27 page Indictment, the Certificate of Trial Attorney and Penalty Sheets, now totaling 30 pages, and upon its plain reading, it is plain and clear to me that there are only SIX United States Statutes charged

**against** the Defendant in said Indictment, (in numerical order), being specifically, five counts of **18 U.S.C. § 2**, ten counts of **18 U.S.C. §371**, four counts of **18 U.S.C. § 982(a)(7)**, five counts of **18 U.S.C. § 1347**, and one count of **18 U.S.C. § 1349**, and two counts of **42 U.S.C. § 1320a-7b(b)(1)(A)** all showing on **page 1**, entered herein as my AMICUS EXCULPATORY EVIDENCE Exhibit 1.

## 18 UNITED STATES CODE § 2

9. I affirm that I read every word of the United States Statute, **18 U.S.C. § 2** from the Government Website:

*https://www.govinfo.gov/content/pkg/U.S.CODE-2021-title18/pdf/U.S.CODE-2021-title18-part1-chap1-sec2.pdf*

a copy of which is attached as AMICUS EXCULPATORY EVIDENCE Exhibit 2.

## 18 UNITED STATES CODE § 371

10. I affirm that I read every word of the United States Statute, **18 U.S.C. § 371** from the Government Website:

*https://uscode.house.gov/view.xhtml?req=(title:18%20USC%20section:371%20edition:prelim)%20OR%20(granuleid:USC-prelim-title18%20USC-section371)&f=treesort&edition=prelim&num=0&jumpTo=true*

a copy of which is attached as AMICUS EXCULPATORY EVIDENCE Exhibit 3.

## 18 UNITED STATES CODE § 982

11. I affirm that I read every word of the United States Statute, **18 U.S.C. § 982** from the Government Website:

*https://uscode.house.gov/view.xhtml?req=6+usc+982&f=treesort&num=28*

a copy of which is attached as AMICUS EXCULPATORY EVIDENCE Exhibit 4.

## 18 UNITED STATES CODE § 1347

12. I affirm that I read every word of the United States Statute, **18 U.S.C. § 1347**

from the Government Website:

*https://uscode.house.gov/view.xhtml?req=granuleid:USC-prelim-title18-section1347&num=0&edition=prelim*

a copy of which is attached as AMICUS EXCULPATORY EVIDENCE Exhibit 5.

## 18 UNITED STATES CODE 1349

13. I affirm that I read every word of the United States Statute, **18 U.S.C. 1349**

from the Government Website:

*https://uscode.house.gov/view.xhtml?req=(title:18%20section:1349%20edition:prelim)%20OR%20(granuleid:USC-prelim-title18-section1349)&f=treesort&edition=prelim&num=0&jumpTo=true*

a copy of which is attached as AMICUS EXCULPATORY EVIDENCE Exhibit 6

## 42 UNITED STATES CODE 1320a-7b

14. I affirm that I read every word of the United States Statute, **42 U.S.C. 1320a-7b** from the Government Website:

*https://uscode.house.gov/view.xhtml?req=granuleid:USC-2023-title42-section1320a-7b&num=0&edition=2023*

a copy of which is attached as AMICUS EXCULPATORY EVIDENCE Exhibit 7.

## CODE OF FEDERAL REGULATIONS

15. I affirm that I then accessed the most recent printing of the **Code of Federal Regulations Parallel Table Index**, (hereinafter C.F.R.P.T.I.), revised as of January 01, 2024, printed by the Federal Government, at the internet link of:

*http://www.govinfo.gov/content/pkg/GPO-CFR-INDEX-2024/html/GPO-CFR-INDEX-2024-4.htm*

which is available for all to read and independently verify.

16. I affirm that I printed copies directly from the specific Code of Federal Regulations (herein also C.F.R.), entered herein as my AMICUS EXCULPATORY EVIDENCE, all of which are self-authenticating, government-generated documents under Federal Rules of Civil Procedure, Rule of Evidence 902.

17. I affirm that the next AMICUS EXCULPATORY EVIDENCE copies are as follows: Exhibit 8-1 is a copy of the cover that shows the beginning of the C.F.R. Index and Finding Aids showing *"revised as of January 1, 2024"*, and *[[page 962]]* on the left below the middle of the page *"1 of 243"* in the bottom left corner;

18. I affirm that AMICUS EXCULPATORY EVIDENCE Exhibit 8-2 is the copy of *"[[Page 992]]"* of the C.F.R.P.T.I., that shows the beginning of **Title 18** in the

right-hand column below the middle, and showing page 62 of 243 in the bottom left corner, and lists the statutes that **do** have matching Enforcement or Implementing Regulations beginning from **18 U.S.C. §13**, down to **18 U.S.C. §287** at the bottom of that right-hand column.

19. I affirm that the C.F.R.P.T.I. *"63 of 243"* in the bottom left corner is AMICUS EXCULPATORY EVIDENCE Exhibit 8-3, and the C.F.R.P.T.I *"[[Page 993]]"* is AMICUS EXCULPATORY EVIDENCE Exhibit 8-4 with "64 of 243" in the bottom left corner; and all four pages, (Exhibits 8-1, 8-2, 8-3, and 8-4), show the **entire body** of Title 18 and its matching Enforcement or Implementing Regulations, up to 18 USC 3597, if they exist.

## 18 U.S.C. 2 HAS NO ENFORCEMENT REGULATION

20. I affirm that I then searched AMICUS EXCULPATORY EVIDENCE Exhibit 7-5 to see if there were any Enforcement or Implementing Regulations for **18 U.S.C. § 2**, and it clearly shows on this C.F.R. Index, *"[[Page 992]]"*, above the beginning of 18 U.S.C., on the left column, that **18 U.S.C. 2** HAS **NO** ENFORCEMENT REGULATIONS evidenced by the glaring skip between the beginning of Title 18 U.S.C. and the first Title 18 Statute that DOES have a Regulation, which is 18 U.S.C. 13.

## 18 U.S.C. 371 HAS NO ENFORCEMENT REGULATIONS

21. I affirm that because **18 U.S.C. 371** is being charged against Robert Leon Smith, III, I returned to AMICUS EXCULPATORY EVIDENCE Exhibit 8-3, in the C.F.R. Parallel Table Index, page *"63 of 243"*, in the bottom left corner, to look for the Enforcement Regulations for **18 U.S.C. 371** and found that it plainly and clearly shows that there are **NO matching Enforcement or Implementing Regulations for 18 U.S.C. 371**, **evidenced by the skip between 18 U.S.C. 241** and **18 U.S.C. 437**, there near the top of the left hand column of the C.F.R Index on page *"63 of 243"*.

## 18 U.S.C. 982 HAS NO ENFORCEMENT REGULATIONS

21. I affirm that I returned to AMICUS EXCULPATORY EVIDENCE Exhibit 8-3 which is page *"63 of 243"* of the Parallel Table Index, and below the center of the left hand column found that 18 U.S.C. 982 has no Regulations as **evidenced by the skip between 18 U.S.C. 981** and **18 U.S.C. 983**,

## 18 U.S.C. 1347 HAS NO ENFORCEMENT REGULATIONS

22. I affirm that I continued my research to check and see if **18 U.S.C. 1347** has any Enforcement or Implementing Regulations by returning to AMICUS EXCULPATORY EVIDENCE Exhibit 8-4, (page *"64 of 243"* of the C.F.R. Index in the bottom left corner), which shows the continuation of the Enforcement or Implementing Regulations for the given 18 U.S.C. Statutes, from 18 U.S.C. 1162 at the top of the left hand column, down to 18 U.S.C. 3597 at the bottom of

the left hand column, and it clearly shows there on the left hand column, just below the top, that **18 U.S.C. §1347**, has <u>**NO**</u> matching Enforcement or Implementing Regulations, as **evidenced by the skip between 18 U.S.C. 1301** and **18 U.S.C. 1350,**

## 18 U.S.C. 1349 HAS NO ENFORCEMENT REGULATIONS

23. I affirm that I continued my research to check and see if **18 U.S.C. 1349** has any Enforcement or Implementing Regulations by returning to AMICUS EXCULPATORY EVIDENCE Exhibit 8-4, (page *"64 of 243"* of the C.F.R. Index in the bottom left corner), which shows the continuation of the Enforcement or Implementing Regulations for the given 18 U.S.C. Statutes, from 18 U.S.C. 1162 at the top of the left hand column, down to 18 U.S.C. 3597 at the bottom of the left hand column, and it clearly shows there on the left hand column, just below the top, that **18 U.S.C. §1349**, has <u>**NO**</u> matching Enforcement or Implementing Regulations, as **evidenced by the skip between 18 U.S.C. 1301** and **18 U.S.C. 1350,**

## 42 U.S.C. 1320a-7b HAS ONE REGULATION, 42 PART 1001

24. I affirm that I continued my research to check and see if **42 U.S.C. 1320a-7b** has any Enforcement or Implementing Regulations by returning to AMICUS EXCULPATORY EVIDENCE Exhibit 8-5, (page *"137 of 243"* of the C.F.R.

Index in the bottom left corner), which shows the beginning on the regulations for 42 U.S.C.

25. I affirm that AMICUS EXCULPATORY EVIDENCE Exhibit 8-6 (page *"143 of 243"* of the C.F.R. Index in the bottom left corner), is the continuation of the 42 U.S.C. regulations and shows 42 U.S.C 1320a-7b has one regulation, "42 Part 1001" which is a 65 page regulation entitled SUBCHAPTER B – OIG AUTHORITIES, which is linked below for all to see.

https://www.govinfo.gov/content/pkg/CFR-2024-title42-vol5/pdf/CFR-2024-title42-vol5-part1001.pdf

26. **I affirm that AMICUS EXCULPATORY EVIDENCE Exhibit 10 is the 65 page regulation entitled SUBCHAPTER B – OIG AUTHORITIES and after reading every word of the entire 65 pages of Regulations, it is plain and clear to see that absolutely NONE of the Regulations have anything to do with ANY of the accused acts of Defendant Robert Leon Smith, III, at any place, or at any time or date, but are requirements of the Inspector General for approval of participants in the program.**

27. I affirm that AMICUS EXCULPATORY EVIDENCE Exhibits 9 (the contents of the C.F.R.), "**shall be judicially noticed**" (per 44 U.S.C. 1507), quoted as follows:

*"Under the provisions of 44 U.S.C. 1507, the contents of the C.F.R., a special edition of the Federal Register, shall be judicially noticed."*

28. I affirm that NOW THAT IT HAS BEEN CLEARLY ESTABLISHED that **five** of the Statutes (18 U.S.C. 2, 18 U.S.C. 371, 18 U.S.C. 982(a)(7), 18 U.S.C. 1347, and 18 U.S.C. 1349), accused against the Defendant **have no Regulations**, and the other Statute found at 42 U.S.C. 1320a-7b(b)(1)(A), has **one regulation**, (42 Part 1001), and now that it has been shown that <u>**NOT ONE WORD**</u> of that Regulation has <u>**ANYTHING to do with one single word**</u> of what has been accused against the Defendant in this criminal case's 30 page Indictment, I then searched for Federal case law holdings <u>**regarding the necessity or requirement**</u> for there to be <u>**matching**</u> Enforcement or Implementing Regulations to enable the Statutes enacted by Congress <u>**to be lawfully and fully enforced, implemented, and even prosecuted**</u> against Defendant, <u>**and**</u> I affirm that I further searched for Federal Cases regarding the requirement for those Enforcement Regulations, if they did exist, <u>**to contain specificity**</u> of exactly what *mens rea* Criminal Intent is being regulated and enforced, along with the mandated or prohibited actions.

## THE REINIS CASE

29. I affirm that I found the case of <u>U.S. v. Reinis</u>, 794 Fed.Rep.2d 506, consisting of 3 pages, wherein Mr. Ruben Reinis' <u>**false conviction**</u> of violating 31 U.S.C. §5313, 18 U.S.C. §2, 18 U.S.C. §371 and 18 U.S.C. §1001, <u>**was reversed**</u>, after

being tried and convicted for money laundering, structuring activity, concealment of a material fact from the IRS and conspiracy. *(emphasis mine.)*

30. I affirm the Reinis Court held on its page 506, note 3, that **the "reporting form"... "was not effective as regulation** under Reporting Act, where such form was never promulgated pursuant to rule-making requirements of Administrative Procedures Act. 31 U.S.C.A. §5313(a); 5 U.S.C.A. §553." *(emphasis mine.)*

31. I affirm the Reinis Court held on its page 507, note 4, that **"Criminal penalties for failure to report currency transactions under Reporting Act <u>can attach only upon violations of regulations promulgated by Secretary of the Treasury</u>. 31 U.S.C.A. §5313(a)."** *(emphasis mine.)*

32. I affirm the Reinis Court held on its page 507 in the first paragraph of [1], that "...The Secretary **has not promulgated a regulation** requiring reports by other participants in currency transactions." *(emphasis mine.)*

33. I affirm that the Reinis Court, on its page 507 in the second paragraph of [1], cites the case <u>United States v. Varbel</u>, 780 F.2d. 758 (9th Cir.1986), to say, "we held that (1) the Reporting Act **and its regulations** do not impose a duty on a participant in a currency transaction with a bank to inform the bank of the nature of the transaction; (2) since the participant had no duty to report, there could be no concealment in violation of 18 U.S.C. §1001..." *(emphasis mine.)*

34. I affirm that the Reinis Court, on its page 507, in [2], cites the case of <u>United States v. Espriella</u>, 781 F.2d 1432 to say, "we further held that where each currency transaction involved less than $10,000.00, **there could be no 18 U.S.C. §371 conspiracy** to violate the Reporting Act...."

35. I affirm that the Reinis Court, on its page 508, continuing from [3-5] on its page 507, cites the case of <u>United States v. Richter</u>, 610 F.Supp. 480, 489 that "Form 4789, however was never promulgated to the rule making requirements of the Administrative Procedure Act, 5 U.S.C. §553."

36. I affirm that the Reinis Court further cited and quoted at this point on its page 508, the case of <u>United States v. $200,000.00 in United States Currency</u>, 590 F.Supp. 866 (S.D.Fla.1984) to say, "Consequently, Form 4789 is **not effective as a regulation.**" *(emphasis mine.)*

37. I affirm that the Reinis Court further cited and quoted at this point on its page 508, the case of <u>California Bankers Association v. Shultz</u>, 416 U.S. 21, to say, "**Criminal penalties for failure to report currency transaction <u>can attach only upon violation of regulations promulgated by the Secretary.</u>**" *(emphasis mine.)*

38. I affirm that the Reinis Court closed with this language on its page 508, "As the bank did not violate the law by failing to treat multiple transactions on the same

day as a single transaction, **Reinis cannot have been guilty of any of the offenses for which he was charged. REVERSED**." *(emphasis mine.)*

## THE VARBEL CASE

39. I affirm that I found the case of United States v. Varbel, 780 F.2d. 758, (9th Circ. 1986) cited in the Reinis case, and found that the Court on its page 758, **REVERSED the false convictions** of "wire fraud, conspiracy to conceal and concealing material facts within jurisdiction of IRS" because the Court of Appeals "held that individuals allegedly engaged in money laundering scheme were not required by Currency Transaction Reporting Act to inform banks of their currency transactions, which all involved less than $10,000 per bank, even though aggregate amount involved in scheme exceeded that sum." *(emphasis mine.)*

40. I affirm that the Varbel Court further states on its page 758 that **the defendants "could not be criminally liable for the conduct under statutes** prohibiting wire fraud and concealing of material facts within jurisdiction of IRS; reporting requirement of Act was applicable only to financial institutions and only to transactions involving more than $10,000;..." *(emphasis mine.)*

41. I affirm that the Varbel Court further states on its page 759 that "Appellants were convicted of wire fraud, conspiracy to conceal and concealing material facts within the jurisdiction of the Internal Revenue Service. They content that the

indictment failed to allege a crime under **31 U.S.C. §5313 and §5322.** <u>**We agree and reverse their convictions**</u>." *(emphasis mine.)*

42. I affirm that the Varbel Court further states on its page 760 that "This case presents an issue of first impression in this circuit. We are required to determine whether the Currency Transaction Reporting Act <u>**and regulations promulgated pursuant to the Act**</u> imposed a duty on appellants to inform the banks of the nature of their currency transactions. **We hold they do not.**" *(emphasis mine.)*

43. I affirm that the Varbel Court further states on its page 760, "Analysis; It is well settled that criminal laws are to be strictly construed.", citing four more cases and two acts of Congress.

44. I affirm that the Varbel Court further states on its page 760 that, "**[A] penal statute [must]** <u>**define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement**</u>.", citing the Supreme Court case of <u>Kolender v. Lawson,</u> 461 U.S. 352, 357.

45. I affirm that the Varbel Court further states on its page 761 that, "It is also well settled that conduct made punishable by the government must be the subject of a valid criminal statute which existed at the time of the alleged offense."

Case 9:23-cr-80211-KAM Document 410 Entered on FLSD Docket 07/24/2025 Page 16 of 44

46. I affirm that the Varbel Court further states on its page 761 that, "We have held that a defendant could not be convicted of transporting forged securities when the transported instruments were not classified as securities in the criminal statute under which the indictment issued."

47. I affirm that the Varbel Court further states on its page 761 that, "The interpretation of these statutes **and regulations** raises a question of law which we review de novo." *(emphasis mine.)*

48. I affirm that the Varbel Court further states on its page 761 that, "We begin our interpretation by reading the statutes **and regulations** for their plain meaning. The plain meaning rule has its origin in <u>United States v. Missouri Pac. R.R.</u> 278 U.S. 269." *(emphasis mine.)*

49. I affirm that the Varbel Court further speaks of the Missouri Rail Road case on page 761 that, "There the Supreme Court stated that "where the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended."

50. I affirm that the Varbel Court further states on its page 761 and 762, "It is patently clear from the language of 31 U.S.C. §5313(a) that a currency transaction report is not required to be filed with the Secretary when the amount of the

currency transaction is less than $10,000. **The language of 31 C.F.R.** [the Code of Federal Regulations], **103.22 is equally plain – only financial institutions are required to file reports.**" *(emphasis mine.)*

51. I affirm that the Varbel Court further states on its page 762 that it examined the First Circuit's case about that same timeframe, the case of U.S. v. Anzalone 766 F.2d. 676, wherein Anzalone purchased 12 cashier's checks on separate days, but none of them for amounts over $10,000.00, and the bank did not file any reports. Anzalone was then charged with violating 18 U.S.C. §2, 18 U.S.C. §1001 and 31 U.S.C. §5313 and §5322, for failing "to inform the bank of the structured nature of his transfers" and was thus accused of an "illegal scheme" to avoid detection of these payments by causing the bank to fail in its duty to report them, and Anzalone was indicted, tried and convicted. *(use of pronoun "his" in this ppg. is for Anzalone.)*

52. I affirm the First Circuit in Anzalone held as quoted on Varbel's page 762 to say, "the Reporting Act and its attendant regulations imposed no duty on Anzalone to inform the bank of the structured nature of his currency transactions. **The court found that the application of criminal sanctions for engaging in the described activities would violate the fair warning requirements of the due process clause of the fifth amendment**. Id. at 682. **The indictment** [against Anzalone]

<u>was accordingly dismissed</u>." *(use of pronoun "his" in this ppg. is for Anzalone.) (emphasis mine.)*

53. I affirm that the Varbel Court further states on its page 762, "We find the First Circuit's reasoning persuasive. The present ambiguity regarding coverage of the Reporting Act <u>and its regulations</u> has indeed been created by the government itself. 31 U.S.C. §5313(a) extends its coverage to financial institutions and any other participant in the transaction. The Secretary could have required participants other than financial institutions to file a report, <u>however 31 C.F.R. 103.22 limits the reporting requirement to financial institutions only</u>. See <u>California Bankers Ass'n v. Shultz</u> 416 U.S. 21." *(emphasis mine.)*

54. I affirm that the Varbel Court further states on its page 762, "We conclude that the Reporting Act <u>and its regulations</u> did not impose a duty on appellants to inform the banks involved of the nature of their currency transaction. <u>We believe that the application of criminal sanctions against appellants here would violate due process</u>." *(emphasis mine.)*

55. I affirm that the Varbel court held further on its page 762, "**The indictment, which alleged violations of 18 U.S.C. §§1001, 2, and 1343 must fail. Since appellants were under <u>no duty</u> to report their currency transactions to or through the bank, there can be no concealment in violation of 18 U.S.C.**

§1001. Nor did appellants violate 18 U.S.C. §2, since they did not aid, abet, or cause anyone to commit an offense against the United States." *(emphasis mine.)*

56. I affirm that the Varbel court held further on its page 762 and 763, "Counts III and IV, alleging two violations of **18 U.S.C. §1343**, must also be dismissed. Since the appellants have not illegally concealed matter within the jurisdiction of the IRS, the wire transfer of funds from the Cayman Islands to Phoenix could not have furthered a scheme to defraud the IRS.", and at the end of 762 the Court held, "...<u>it is not our function to rewrite the law or the implementing currency reporting regulations promulgated by the Secretary</u>. If Congress or the Secretary wish to impose a reporting duty on financial institution customers, they must do so in clear, unambiguous language. We cannot impose the duty by implication.", and finally, "**The conviction of each of the defendants is REVERSED.**" *(emphasis mine.)*

57. I affirm that the Reinis case, this Varbel case, and the First Circuit's Anzalone case cited by Varbel, clearly show how persuasive arguments made by a Federal Prosecutor who conveniently leaves out the necessary Enforcement Regulations can easily convince 24 Grand Jurors (who are largely ignorant of Federal Law and their matching Federal Regulations), **to INDICT someone who has not even violated the law, and how those now Indicted Defendants can be tried and even convicted in open court, even before another 12 American**

Case 9:23-cr-80211-KAM Document 410 Entered on FLSD Docket 07/24/2025 Page 20 of 44

Citizens in the jury box who <u>also</u> do not know the law, or the requirement of a matching enforcement regulation containing the specificity of the act and the intent of the Defendant, <u>and end up being labeled a criminal, sent to prison, and then only on appeal</u>, the Court of Appeals has to be the ones who come in and rule that the statutes must be specific in their acts and applicability <u>COMBINED WITH the specific wording of the enforcement regulations</u>, causing them to overturn the false convictions.

## THE ESPRIELLA CASE

58. I affirm that I found the case of <u>United States v. Espriella</u> 781 Fed.Rep. 1432, cited in the Reinis case.

59. I affirm that the Espriella case states on its page 1433 that; "Plain language of the Currency Transaction Reporting Act, **31 U.S.C.A. §5313**, <u>and accompanying regulations</u> makes clear that currency transaction reports are required only in financial institutions and only when currency transactions involve $10,000 or more, and thus, defendants...did not violate §5313, and so could not be convicted of conspiracy to violate currency reporting laws and defraud government and fraudulent concealment of material facts from the Internal Revenue Service relating to filing of currency transaction reports. **18 U.S.C.A. §§371, 1001, 31 U.S.C.A. §§5313, 5322.**" *(emphasis mine.)*

60. I affirm that the Espriella Court further states on its page 1433 that "**Regulations** defining "**financial institution**" as any person engaged as business in dealing in or exchanging currency is consistent with Congress' intent in enacting the Currency Transaction Reporting Act **31 U.S.C. §5313**." *(emphasis mine.)*

61. I affirm that the Espriella Court states on its page 1435 at [1] that "The precise question at issue was recently considered by this court in <u>United States v. Varbel</u> 780 F.2d 758 (9th Circ. 1986). There, we held that the plain language of Section 5313 **and accompanying regulations** made clear that CTR's were required only of financial institutions and only when the currency transaction involved $10,000 or more. Id. At 762; accord <u>United States v. Anzalone</u>, 766 F.2d. 676, 681-83 (1st Circ.1985). **We also held that, <u>because the individual transactions involved were perfectly legal</u>, there could be no violation of 18 U.S.C. §2** (aiding or abetting a violation of §5313) **or 18 U.S.C. §1001** (fraudulent concealment of material fact concerning a transactions within the jurisdiction of a federal government agency.) Varbel, At 762-63. **We think it equally clear from Varbel that, where each currency transaction involves less than $10,000 there can be no conspiracy, under 18 U.S.C. §371, to violation §5313**." *(emphasis mine.)*

62. I affirm that the Espriella Court states on its page <u>1433 at note 2</u> and again on page <u>1436 at note [2-3]</u> that; "Money laundering itself is not a crime."

63. I affirm that the Espriella Court states on its page 1436 that "The term "financial institution is defined both by statute **and regulation**.", <u>and it is these combined definitions that govern, not just the less defined statute</u>. *(emphasis mine.)*

64. I affirm that the Espriella case at [4] on its page 1436 cites two cases; <u>United States v. Goldberg</u>, 756 F.2d 949 and <u>California Bankers Assoc. v. Shultz</u>, 416 U.S. 21.

65. I affirm that the Espriella case relies on the Goldberg case to delineate between different actions taken by an Espriella co-defendant, Gustavo Ronderos, as Ronderos <u>admitted and confessed</u> that he was in the regular business of laundering money by handling amounts larger than $10,000 all at once, and thus the **definitions of the statute and its matching regulation** DID apply to him, (by admission, confession or nolo contendere), while this definitions did **not** apply to Espriella and the other co-defendants. *(The pronouns "he" and "him" in ppg. 75 are only referencing Defendant Ronderos of that case.)*

66. I affirm that the Espriella Court states in its page 1438 that "Because we find that the currency reporting requirements of **31 U.S.C. §5313** do not apply to multiple transactions, each involving less than $10,000 but aggregating to more than $10,000, **we REVERSE the convictions of appellants Antoinette Espriella, Margaret Caro, Alberto Espriella and Pablo Chapoy.** For the same reason, we

REVERSE appellant Gustavo Ronderos' convictions on Courts Seven and Ten of the Indictment. We also AFFIRM the Ronderos conviction on Counts One and Six, for the reasons discussed above.", which included Ronderos in the definition of the Federal regulations, by his confession of large volume money handling. *(The pronoun"him" in ppg. 71 is only referencing Defendant Ronderos of that case.) (emphasis mine.)*

## THE RICHTER CASE

67.  I affirm that I found the case of United States v. Richter, 610 Fed.Supp. 480, cited in the Reinis case, and this Richter case (who was an attorney) states on its page 480 that; "(5) **defendants could not be charged with wire fraud under theory that they intended to defraud Internal Revenue Service of "intangible rights" since defendants had no fiduciary duty to Service;"** *(emphasis mine.)*

68.  I affirm that this Richter case further states on its page 480 that "Charge of concealment under statute [**18 U.S.C.A. §1001**] prohibiting concealing by trick material facts within jurisdiction of Treasury Department requires that defendant have been under some statutory or regulatory duty to disclose material information."

69. I affirm that the Richter Court explains that the Attorney Richter was receiving quantities of cash in amounts larger than $10,000 from undercover government agents, through the other co-defendants, and Richter was breaking those larger

Case 9:23-cr-80214-KAM Document 410 Entered on FLSD Docket 07/24/2025 Page 24 of 44

amounts up into smaller amounts before they were deposited in financial institutions to move the funds overseas, and thus was in-essence acting as a financial institution according to the definitions of the Federal Statutes **and their matching Federal Regulations,** and so the Indictment Counts XI-XVI (eleven through sixteen) had to be dismissed, but Richter's other Indicted offenses were upheld.

70. I affirm that the Richter Court cites on its page 489 at note 14 that; "The IRS amended Form 4789 (the CTR form) in 1980 to impose such duty on banks, but this amendment was never promulgated pursuant to the notice and comment procedures of the Administrative Procedures Act. See **5 U.S.C. §533**. Thus, a strong argument exists that the banks have no duty to file a CTR in the multiple deposit situation. Cf. United States v. $200,000 in U.S. Currency, 590 F.Supp. 866 (S.D.Fla.1984)(IRS form relevant to foreign reporting provisions was void for not being amended under notice and comment procedures of APA)."

## THE $200,000 CASE

71. I affirm that I found the case of United States v. $200,000 in United States Currency, 590 F.Supp. 866 (S.D.Fla.1984), cited in the Reinis and Richter cases, explains how Mr. Palzer had arrived in the Miami International Airport from the Cayman Islands with $200,000 in United States Currency concealed on his person and Mr. Palzer had not declared said cash on any Customs Declaration Form 6059-

B or Currency Reporting Form 4790, prior to his arrival, and the cash was discovered and seized.  *(the use of "his" in ppg. 76 is Defendant Palzer.)*

72.  I affirm that this $200,000 Court states on its page 866 at note 1 that; " "Rule" or "regulation" is product of administrative legislation. **5 U.S.C.A. §551.**"

73.  I affirm that this $200,000 Court further states on its page 866 and 867 at note 3 that "Currency Reporting Form, as a "rule" under Administrative Procedure Act, **should have been** published in **Federal Register** and **should have been** subject to **APA notice and comment procedures**, and since **Form was not constructively published sufficiently to satisfy APA procedural requirements,** **Form was a nullity with respect to claimant,** from whom United States Customs Department seized $200,000 at international airport." *(emphasis mine.)*

74.  I affirm that this $200,000 Court states on its page 867 at note 9 that "Requirement of publication of rule in Federal Register is not satisfied by merely filing rule with Office of Federal Register. **5 U.S.C.A. §553(d).**"

75.  I affirm that this $200,000 Court states on its page 867 at note 11 that "Custom declaration form asking questions whether traveler is carrying more than $5,000 and advising traveler that, if so, he or she was required to complete Currency Reporting Form, was not a "rule" under Administrative Procedure Act."

Case 9:23-cr-80211-KAM Document 410 Entered on FLSD Docket 07/24/2025 Page 26 of 44

76. I affirm that this $200,000 Court states on its page 869 at [1] that "A "rule" or a "regulation" is the product of administrative legislation. A rule is analogous to a statute in that courts are bound by rules in the same way that courts are bound by statutes; this is because a rule is promulgated pursuant to agency authority delegated by Congress."

77. I affirm that this $200,000 Court states on its page 869 that "the Supreme Court of the United States held that **the Bank Secrecy Act is not self-executing**; absent action by the Secretary of the Treasury, ("the Secretary"), the currency reporting requirements would bear no real significance." *(emphasis mine.)*

78. I affirm this $200,000 Court then cites California Bankers Association v. Shultz, 416 U.S. 21 on page 869 by quoting the language therefrom, **"the Act's civil and criminal penalties attach only upon regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone."** *(emphasis mine.)*

79. I affirm that this $200,000 Court states on its page 870 that "In the case of Form 4790, no description was published, no notification was given of the place at which the form could be obtained, and no instructions or notice were provided as to the scope or contents of the required report."

80. I affirm that this $200,000 Court further states on its page 870 that "The APA requires that rules be published in the Federal Register absent an explicit exemption provided by the Act **5 U.S.C. §553**. No exemptions apply here. Form 4790 does not involve military or foreign affairs function of the federal government." *(emphasis mine.)*

81. I affirm that this $200,000 Court states on its page 872 that "Form 4790 is a substantive and implementing rule which falls within none of the acceptable exemptions under the APA and should have been published in the Federal Register under **5 U.S.C. §553(b) and (d)**." *(emphasis mine.)*

82. I affirm that this $200,000 Court further states on its page 872, "thus, with respect to Custom Form 4790, notice to the public was inadequate, the public was not given a meaningful opportunity to comment, and the Secretary did not adequately explain the basis for the specific information requirements of the form."

83. I affirm that this $200,000 Court states on its page 875 that "**For the foregoing reasons, Customs Form 4790 is null and invalid with respect to Claimant PALZER, and Claimant PALZER's Motion to Dismiss Amended Complaint is hereby GRANTED WITHOUT PREJUDICE, as enunciated above.**" *(emphasis mine.) (The use of the pronouns "him"*

**THE CALIFORNIA BANKERS ASSOCIATION v. SHULTZ CASE**

84. I affirm that I found the case of <u>California Bankers Association v. Shultz</u>, 416 U.S. 21, that is cited in the previous Reinis, Varbel, Espriella, Richter and $200,000 cases, hereinafter "CBA".

85. I affirm that this CBA case states on its page 21, "The Bank Secrecy Act of 1970...authorizes the Secretary of the Treasury to prescribe **by regulation** certain bank recordkeeping and reporting requirements, **the Act's penalties attaching only upon violations of the regulations thus prescribed.**" *(emphasis mine.)*

86. I affirm that this CBA case states on its page 26, "**...we think it important to note that <u>the Act's civil and criminal penalties attach only upon violations of regulations promulgated by the Secretary</u>; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone.**" *(emphasis mine.)*

87. I affirm that as a result of this case, the CBA Court finally held on its pages 77 and 78, that "On the Government's appeal in No. 72-1073 from that portion of the District Court's judgment which held that **the domestic reporting requirements imposed under Title II of <u>the Act violated the Constitution, the judgment is reversed</u>**."

### THE MERSKY CASE

88. I affirm that I then found the case of <u>United States v. Mersky</u>, 361 U.S. 431, (1960), where Mr. Mersky had **imported ten violins** from the then Soviet

Controlled East Germany, into West Germany and then to America for them to be resold, and Mr. Mersky had **removed the glued on sticker labels in the violins** that indicated their country of origin in the USSR.

89.  I affirm that in the Mersky case, Prosecutors filed an Information into Court against Mr. Mersky for the (heinous criminal) sticker removal and replacement before shipping the violins to the retail buyers, in violation of **19 U.S.C. §1304**, but **the District Court dismissed the Information.**

90.  I affirm that apparently, the U.S. Attorneys were so intent on convicting Mr. Mersky for being caught in the sticker removal "crime", based upon their continued prosecutorial actions, only caring about the exact wording of the Statute and its "clear violation", that they appealed this **Information Dismissal** to the Court of Appeals, which thus held that the case was further appealable directly to the United States Supreme Court for determination under **18 U.S.C. §3731**, and thankfully, the U.S. Supreme Court accepted the case.

91.  I affirm that the Supreme Court stated on page 431 that "the District Court dismissed the information on the ground that removing the labels did not violate §1304 **because the applicable regulation appeared to require the Soviet Zone marking for _tariff purposes only_, rather than to apprise the ultimate purchasers of the place of origin, and also that the regulation was not**

"**sufficiently clear and unambiguous to justify a criminal prosecution**.", clearly showing that **even the REASON for the Violin Purchaser's sticker label removal had to apply for the statute to be enforceable**. *(emphasis mine.)*

92. I affirm that the **Supreme Court further stated** on its page 431 at note 1 that "The charges in the information are founded on §1304 and the regulations thereunder; the information was dismissed solely because its allegations did not state an offense under §1304, **as amplified by the regulations**; **the statute and regulations are so inextricably intertwined that an interpretation of the regulations necessarily is a construction of the statute**." *(emphasis mine.)*

93. I affirm that the Supreme Court further stated on its page 431 at note 2 that "**The regulation herein involved appears to be aimed at the collection of duties, rather than the protection of ultimate purchasers in the United States; it is not sufficiently clear and unambiguous to furnish a basis for a criminal prosecution** for violation of 19 U.S.C. §1304; and the Information was properly dismissed." *(emphasis mine.)*

94. I affirm that in the Opinion of the Supreme Court beginning on its page 433, it states, "The District Court dismissed the information, holding that the changing of the labels did **not** violate the Act because the applicable regulation appeared to require the Soviet Zone marking **only for tariff purposes** rather than to apprise the

ultimate purchasers of the place of origin. **In any event, the court found, the intent of the regulation was not "manifested in a manner sufficiently clear and unambiguous to justify a criminal prosecution."** *(emphasis mine.)*

95. I affirm that further in the Opinion of the Supreme Court on its page 437, it states, "<u>As we see it, a construction of the regulation necessarily is an interpretation of the statute</u>. An administrative regulation, of course, is not a "statute." While in practical effect regulations may be called, "little laws," they are at most but offspring of statutes." *(emphasis mine.)*

96. I affirm that further in the Opinion of the Supreme Court on its page 437 and 438, it states "<u>Here the statute is not complete by itself, since it merely declares the range of its operation and leaves to its progeny the means to be utilized in the effectuation of its command</u>. But it is the statute which creates the offense of the willful removal of the labels of origin and provides the punishment for violations. <u>The regulations, on the other hand, prescribe the identifying language of the label itself, and assign the resulting tags to their respective geographical areas. Once promulgated, these regulations, called for by the statute itself, have the force of law</u>, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the congressional language. <u>The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force</u>. In

effect, therefore, the construction of one necessarily involves the construction of the other." *(emphasis mine.)*

97. I affirm that further in the Opinion of the Supreme Court on its page 438, it states, "The charges in the information are founded on §1304 and its accompanying regulations, and the information was dismissed solely because its allegations did not state an offense under §1304, as amplified by the regulations. **When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute**." *(emphasis mine.)*

98. I affirm that on its page 441, the Supreme Court AFFIRMED the District Courts Dismissal of the Information filed against Mr. Mersky, as that lower court had ruled correctly, **upholding the "Void for Vagueness" precept**, over the conviction-goal-oriented wishes of the Prosecutors, stating, "**In the framework of criminal prosecution, unclarity alone is enough to resolve the doubts in favor of defendants**." *(emphasis mine.)*

## THESE CASES MUST BE READ IN PARI MATERIA TO GAIN AWARENESS OF THE SUPREME COURT'S STARE DECISIS

99. I affirm that when these above various types of cases are read **in pari-materia**, the cumulative reversal of convictions on defendants Reinis, Varbel, Anzalone,

Case 9:23-cr-80211-KAM Document 410 Entered on FLSD Docket 07/25/2025 Page 33 of 48

Antoinette and Alberto Espriella, Margaret Caro, Pablo Chapoy, and Mr. Mersky as shown herein, provide any reasonable human the ability to understand that this is plenty stare decisis tenet foundation for revealing the **reversible errors** of those lower courts across the nation, and their error of allowing prosecution to be initiated by the Federal Prosecutors filing Informations and Indictments into court against them **when either the regulation did not exist at all, as in this case, or when the Statute applies to someone or some other act or reason for the act, as enunciated by their existing matching regulation.**

100. I affirm that **the Supreme Court's taking the lead**, going back some 63 years ago to at least 1960, and the lower Federal Courts holdings from various Circuits across this country, cumulatively show **any reasonable human** that **Statutes MUST have matching Enforcement or Implementing Regulations to clarify exactly who the statutes apply to or what action the statutes were intending to prohibit or compel, and even the intent of the action that was done needing to apply to be valid for conviction.**

101. I affirm that I believe the Supreme Court when they rule that **CRIMINAL CONVICTION is too harsh a punishment** when either the Statute has no regulation, or when the regulation that does exist - reveals that the statute is being inappropriately aimed at the Defendant, their actions, their inactions or their property, and that when Statutes do not have any regulations or do not apply - if

they do exist, <u>this causes a gross deprivation of due process on the accused, meriting reversal or shutting down the case, as in the Mersky case; In Summary: without applicable Regulations, there is no way to KNOW who the statutes apply to or what actions or inactions are intended to be prosecuted.</u>

102.  I affirm that I accessed a government published version of the **United States Constitution,** at

*https://www.senate.gov/civics/constitution_item/constitution.htm,*

and located **Article IV, Section 1,** (signed September 17, 1787), which states:

*"**Full Faith and Credit** shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may be general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."*

and I affirm that I believe that this means that each and every one of "we the people" have the right to rely on any court ruling made in one part or court of the country and use it for our defense in any other part or court of the country.

103.  I then read the entire remainder of the Constitution, all the way to the bottom of the 27th Amendment, on this same website, to check to make sure that this specific language at **Article IV, Section 1** <u>had not been repealed</u> *(at any time, in any manner or degree; like how the 18th Amendment was repealed by the 21st Amendment),* **and found that this Section** <u>has not been repealed</u> **by any**

subsequent enactment of Congress, and therefore I believe the bedrock precept of law contained in the "Full Faith and Credit" clause is <u>still in full force and effect</u>, even in all Federal Courts.

## WHAT DOES ALL THIS MEAN?
## THE SUPREME COURT SETTLED THIS
## CONTROVERSIAL ISSUE 63 YEARS AGO

104. I affirm that all this means that the Supreme Court of the United States has already SETTLED THIS ISSUE by laying down the stare decisis rulings that prove that the Defendants in this case did NOT violate 18 U.S.C. 2 or 18 U.S.C. 371 or 18 U.S.C. 982(a)(7) or 18 U.S.C. 1347 or 18 U.S.C. 1349, **because** those five statutes have no regulations per the C.F.R.P.T.I., and it proves that the Defendants did NOT violate any part of 42 U.S.C. 1320a-7b(b) **because** the seven regulations, *(for Buying Land for Indians, D.O.D. Identification, Marshall Islands Regs, Improvement of State Education, Mining Claims Regs., Federal Prison Guidelines and Protection of Military Victims of UCMJ Crimes)*, that DO exist for those statutes DO NOT APPLY IN ANY WAY, SHAPE OR FORM to the alleged acts accused against the Defendants in this case, and therefore they CANNOT be lawfully prosecuted and MUST be released of these false charges filed against them in this Honorable Court.

105. I affirm that I further found that the regulation that the C.F.R.P.T.I that was linked to 42 U.S.C. 1320a-7b(b)(1)(A), as accused against Defendant Robert Leon

Smith, III, fell within any of the exemptions to the requirement to have regulations, as cited in the U.S. v. $200,000 case, (supra), per the Administrative Procedures Act enacted by Congress, codified at 5 U.S.C. 553, **therefore the absolute requirement for <u>applicable</u> regulations are mandatory for lawful prosecution of this case.**

106. I affirm that I believe that the **U.S. Attorney Markenzy Lapoint, U.S.D.O.J.** and/or **Andrea Savdie**, has already deprived the Defendant of substantive and procedural, Federally Protected Rights of DUE PROCESS as protected by the **5th Amendment and the 14th Amendment of the United States Constitution** by (a) falsely charging him with a Statutes, **42 U.S.C. 1320a-7b(b)(1)(A)**, that has <u>**grossly misapplied**</u> and totally inapplicable Regulations, **and** (b) by charging him with the remaining Statutes, **18 U.S.C. 2, 18 U.S.C. 371, 18 U.S.C. 982(a)(7), 18 U.S.C. 1347, and 18 U.S.C. 1349** that have no Enforcement or Implementing Regulations **<u>at all</u>**, it constitutes a clear case of **<u>Fraud on Court</u>**, thereby creating a charge-lethal **<u>Void for Vagueness condition</u>**, **because the indictment against the Defendants do not fully** *"define the criminal offense, (the statutes plus their enforcement regulations), with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."*, quoting Varbel (supra).

107.  I affirm that I believe this is the weaponization that President Trump was subjected to, because of a political agenda, and the reason Trump started the Weaponization Working Group, with the Director being Edward Martin Jr., and this is a malicious prosecution, and this Amicus, if unrebutted, shall stand as evidence of it.

108. I affirm that I also believe that the Defense Attorneys in this case, certainly by now could have found and read that 18 U.S.C. 2, 18 U.S.C. 371, 18 U.S.C. 982(a)(7), 18 U.S.C. 1347, and 18 U.S.C. 1349 have no regulations and could have also found and read the **inapplicable Regulation** that I found for **42 Part 1001** in the C.F.R.P.T.I.

109.  I affirm that I believe that the Defense Attorneys also could have found the case laws that I found and exhibited herein, **by searching just as I did in a law library or through an online subscription database**, and could possibly have found even more cases that support these **established tenets of law**, and thus, **if** the Defense Counsels in this case fail to vigorously defend the Defendants by neglecting or refusing to use **this Exculpatory Evidence** I have discovered and brought to open court for all to see, along with whatever other defenses are also available, I believe that that neglect or refusal would constitute **GROSS**

Case 9:23-cr-80211-AKM Document 48-10 Entered on FLSD Docket 07/24/2025 Page 38 of 44

**Ineffective Assistance of Counsel**, which could also constitute yet another form of **Deprivation of Due Process** by neglect, and would be clearly Reversible Error.

## SUPREME COURT WISDOM
## OVERRIDES PROSECUTORIAL FERVOR

110.  I affirm that it took the Supreme Court's COLLECTIVE WISDOM to override the Prosecutor's zeal and fervor in the Mersky case, who <u>wanted to use only the language of the statute for an easy conviction</u> of the "violin sticker removal" while ignoring and disregarding the timing or the reason for Mr. Mersky's actions, and I believe <u>THIS Honorable Court can and should rely on the fine-tuned surgical analysis in that settled ruling, and on my exculpatory evidence</u> and dismiss the indictment in this case, (just like the Supreme Court did for Mr. Mersky), because this indictment has nothing but; (a); statutes that have no regulations, and (b), statutes that have regulations that do NOT apply to the Defendants in any way, to shut down the potential for unjust, false conviction.

111.  I affirm that I believe that <u>now</u> that this Newly Discovered Exculpatory Evidence and six decades of stare decisis support in REVERSIBLE ERROR CASELAW has been found by me and brought and entered into this Honorable Court for all to see; for this court to allow this case to proceed to trial with even the possibility of a conviction for these mis-regulated and unregulated statute accusations, <u>it would horridly shock the conscience of the</u>

Case 9:23-cr-80211-KAM   Document 410   Entered on FLSD Docket 07/05/2025   Page 39 of 48

**people of America and would cause a massive, nationwide loss of faith in the American Judicial System that it can ill afford to lose.**

## IN CLOSING

112.  I affirm that the United States Prosecutor at Nuremberg, **Robert H. Jackson** is quoted to have said, "If you are determined to execute a man in any case, there is no occasion for a trial; the world yields no respect to courts that are merely organized to convict."

113.  I affirm **Thomas Paine** is quoted to have said, "An avidity to punish is always dangerous to liberty.  It leads men to stretch, to misinterpret, and to misapply even the best of laws.  He that would make his own liberty secure must guard even his enemy from oppression; for if he violates this duty, he establishes a precedent that will reach to himself." *(use of pronoun "he", "his" and "himself" in ppg. 124 references anyone.)*

## DENIAL OF DUE PROCESS

114.  I affirm that once due process is denied **ALL** jurisdiction ceases, per your very own **5 U.S.C. § 556(d), 557** and **706,** wherefore any alleged jurisdiction over the Defendant appears to have already been voided by the denial of due process witnessed, documented and evidenced so far by the people of America.

115.  Lastly, I affirm that the Federal case of **Group v. Finletter**, 108 F. Supp. 327,  states: "Allegations in affidavit in support of motion **must be considered as true in absence of counter-affidavit**.", and the state cases: **Coyne v. Krempels**, **36  Cal.2d  257**, and **Hardware Mutual Insurance Co. v. Valentine**, **119 Cal.App.2d 125, 129, 259 P.2d 70**, both lay down the rule that the **failure to file counter-affidavits cannot be remedied** by resort[ing] to the pleadings, and the Texas case of **Morris v. National Cash Register**, 44 S.W. 2d 433, clearly states at point #4 that "*uncontested* **allegations of fact in affidavit must be accepted as true**.", and  the Federal case of **Trinsey v. Pagliaro**, D.C.Pa. 1964, 229 F.Supp. 647, establishes that **Markenzy Lapoint**, and/or **Andrea Savdie**, or any other DOJ Attorney's unsupported opposition to this, my Amicus, are: "[mere] Statements of counsel in brief or in argument [and] are **not** facts before the court and are therefore **insufficient** for a motion to dismiss or for summary judgment.". (*emphasis mine.*)

116.  I affirm that I have not made any deletions, alterations or changes to the numerical or word text of these AMICUS EXCULPATORY EVIDENCE Exhibits 1 through 9, and have only added small arrows or dots in the margins of the text to assist the Prosecution, the Court, the Defense Counsels and the Defendants to find the specific text and pertinent information being written about or quoted.

117. I affirm that **I am absent any contempt of Court** and none should be inferred, even though I may be the only voice in America willing to step up and stand in the gap and file an Amicus like this; I simply cannot and will not "sit on the sidelines" and do nothing with what I have learned and discovered.

118. I affirm that all emphasis of any kind contained in this Amicus, showing in law and case law is solely mine.

119. I affirm that I am not an expert in the law however I do know right from wrong and I am **WELL-VERSED** in what I have found in my research. If there is any human being damaged by any statements herein, if they will inform me in writing, by declared facts I will sincerely make every effort to amend my ways.

## RESERVATION OF RIGHTS

120. I hereby and herein reserve the right to amend and make amendment to this document as necessary in order that the whole truth may be ascertained and proceedings justly determined, if anyone can prove that what I have found and disclosed herein is not true, or is falsely represented or factually inaccurate, providing they inform me of the specific error in a Sworn counter-affidavit.

## CHALLENGE

121. I affirm that I can declare the following: if the parties given notice by means of this document have any information that would controvert and overcome this

Case 9:23-cr-80211-KAM Document 410 Entered on FLSD Docket 07/25/2025 Page 42 of 48

Affidavit, please advise me IN WRITTEN SWORN AFFIDAVIT FORM at my address provided below within thirty (30) days from receipt hereof, providing me with your signed, sealed, sworn counter-affidavit, proving point by point, with particularity, by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this, my Affidavit Statement is substantially and materially false sufficiently to materially change my status and factual declarations. Because this AMICUS is a critical document with the very LIVES of the Defendant is hanging in the balance under these void-for-vagueness false charges. I hereby DEMAND that anyone who thinks they can prove me wrong, by showing that I have NOT found what I have provided herein, in the United States Statutes and in the Code of Federal Regulations, and by proving that the Law and the Case Law Evidence does NOT say what I have claimed it says, to do so now in Sworn Affidavit form, mailed to my address below. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as IRREFUTABLE FACT as a matter of law. May the will of our Heavenly Father YHVH, through the power and authority of the blood of his only Son Yashua be done on Earth as it is in Heaven.

122. Lastly, I affirm that I have very limited funds and it would be a burdensome expense on me to take off work and personally come to Florida to testify about this

Amicus and its Evidence, and therefore I ask this Honorable Court to provide for my airfare and hotel near the Courthouse for the duration of my testimony, and if that is not possible, then in the alternative, I request to have the opportunity for me to give Remote Testimony at the United States District Court, Northern District of Texas, in Fort Worth, so that I can be examined by the **Defense Attorneys** and cross-examined by **Markenzy Lapoint,** and/or **Andrea Savdie,** on court camera as to the contents of this Amicus.

## 28 U.S.C. §1746(1)

I declare under penalty of perjury under the laws of the United States of America that I believe that every word of the foregoing Affidavit is true, complete and correct to the best of my knowledge, belief and understanding of the law, the case law, the facts and the evidence on this the _14th_ day of the _July_ month in the year of our Lord and Savior, two thousand and twenty five.

Reserving ALL of my Natural, God-Given,
Unalienable Birthrights, Waiving None, Ever

x _____
glenn winningham; house of fearn, sui juris, a man
sovereign living soul, holder of the office of "the people"
Judicial Power Citizen by right of blood
With full responsibility for my actions
under YHWH's law as found in the Holy Bible and no other

With a postal address of;
Non-Domestic Mail, ZIP CODE EXEMPT
C/O 6340 Lake Worth Boulevard, #437
Fort Worth Texas [RR 76135]
Non-Domestic Mail, Without the Pope's United States, Inc.

## NOTARY

I, _Hope Renee Pulliam_, a Notary Public in and for the State of Texas declare that glenn winningham; house of fearn, who provided sufficient identification, affirmed and attested to the contents, and subscribed this 45 page Affidavit on the _14th_ day of _July_, 2025.

x _[signature]_

HOPE RENEE PULLIAM
Notary ID #134440960
My Commission Expires
July 6, 2027

## EXHIBIT LIST

1. Page One of the Indictment against Robert Leon Smith, III................one page

2. 18 U.S.C. 2..........................................................................one page

3. 18 U.S.C. 371......................................................................one page

4. 18 U.S.C. 982......................................................................one page

5. 18 U.S.C. 1347....................................................................one page

6. 18 U.S.C. 1349....................................................................one page

7. 42 U.S.C. 1320a-7b.............................................................one page

8. Code of Federal Regulations, Parallel Table Index...................six pages

9. 44 U.S.C. 1507....................................................................one page

10. 42 Part 1001, Subchapter B – OIG Authorities...................sixty-five pages

## TABLE OF AUTHORITIES
## BIBLE

Leviticus 18:3, 4.........................................................................page 1

Matthew 5:33-37.........................................................................page 1

James 5:12.................................................................................page 1

## UNITED STATES CONSTITUTION

6th Amendment............................................................................page 3

Article IV Section 1.....................................................................page 35

Fifth Amendment....................................................................page 18, 37

Fourteenth Amendment...........................................................,,,,,page 37

## PUBLIC LAW

Public Law 97-280, 96 Stat. 1211..............................................page 1

## FEDERAL RULES OF CIVIL PROCEDURE

Federal Rules of Civil Procedure, Rule of Evidence 902.......................page 6

## UNITED STATES CODE

18 U.S.C. 2...................................................................page 7, 11, 36, 37

18 U.S.C. 371.........................................page 4, 7, 8, 11, 13, 21, 36, 37

18 U.S.C. 1001........................................page 11, 12, 17, 18, 19, 21, 23

44 U.S.C. 1507...............................................................page 10

18 U.S.C. 13 .................................................................page 7

31 U.S.C. 5313.........................page 11, 12, 15, 16, 17, 18, 20, 21, 22

[31 U.S.C.] 5322...........................................page 15, 17, 21

5 USC 553.............................................page 12, 13, 26, 27, 36

18 U.S.C. 1343...............................................................page 18, 19

5 U.S.C. 551.................................................................page 25

19 U.S.C. 1304.........................................page 29, 30, 31, 32, 33

18 U.S.C. 3731...............................................................page 30

5 U.S.C. 556.................................................................page 40

[5 U.S.C.] 557......................................................................page 40

[5 U.S.C.] 706......................................................................page 40

28 U.S.C. 1746.....................................................................page 43

## CODE OF FEDERAL REGULATIONS

42 Part 1001........................................................................page 9, 10, 38

## CASE LAW AUTHORITIES

Briscoe v. LaHue, 460 U.S. 325................................................page 2

Ferguson v. Comm'r of Internal Revenue, 921 F. 2d 588...................page 2

United States v. George, 363 F3d 666........................................page 3

United States v. Reinis, 794 Fed.Rep.2d 506......page 11-14, 19, 20, 23, 25, 28, 33

United States v. Varbel, 780 F.2d. 758...................page 12, 14-19, 21, 28, 33, 37

United States v. Espriella, 781 Fed.Rep. 1432................page 13, 20-23, 28, 33

United States v. Richter, 610 Fed.Supp. 480..................page 13, 23, 24, 25, 28

United States v. $200,000, 590 F.Supp. 866.....................page 13, 24-28, 36

Calif. Bankers Ass'n v. Shultz, 416 U.S. 21....................page 13, 18, 22, 26, 28

Kolender v. Lawson, 461 U.S. 352, 357.........................................page 15

United States v. Missouri Pac. R.R. 278 U.S. 269............................page 16

United States v. Anzalone, 766 F.2d. 676.........................page 17-19, 21, 33

United States v. Goldberg, 756 F.2d 949......................................page 22

United States v. Mersky, 361 U.S. 431.....................page 29, 30, 33, 34, 38, 39

Group v. Finletter, 108 F. Supp. 327.............................................page 40

Coyne v. Krempels, 36 Cal.2d 257.............................................page 40

Hardware Mut. Ins. Co. v. Valentine, 119 Cal.App.2d 125.....................page 40

Morris v. National Cash Register, 44 S.W. 2d 433.............................page 40

Trinsey v. Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647..........................page 40