**ROBERT LEON SMITH III**
Reg. No. 91598-510
FDC Miami
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL   33101



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (WEST PALM BEACH)

| | |
|---|---|
| **ROBERT LEON SMITH III,** | Case Number: **9:23-cr-80211-KAM-1** |
| Defendant-Petitioner(s), | |
| vs. | **DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)** |
| **UNITED STATES OF AMERICA,** | |
| Plaintiff(s). | |

**COMES NOW**, the Robert Leon Smith III, Defendant in Federal Custody, respectfully moves this Honorable Court for an Order permitting Defendant Smith the withdrawal of his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B).

1

**DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

## I. INTRODUCTION

Defendant Robert Leon Smith III, was charged in this case with one count of Conspiracy to Commit Heath Care Fraud in violation of 18 U. S. C. § 1349; five counts of Health Care Fraud in violation of 18 U. S. C. § 1347; one count of Conspiracy to Defraud the United States and to Pay and Receive Health Care Kickbacks in violation of 18 U. S. C. § 371 and two counts of Solicitation and Receipt of Kickbacks in violation of 42 U.S.C. § 1320(a)-7b(b)(1)(A). [DE 1].

Defendant Smith entered a guilty plea on March 27, 2025, before Judge Kenneth A. Marra, to plead guilty to Counts 1 and 2 of the Indictment. Count 1 charges Conspiracy to Commit Health Care Fraud and Wire Fraud (18 U.S.C. § 1349); and Count 2 Charges Health Care Fraud (18 U.S.C. § 1347).

Sentencing has not yet occurred.

Defendant Smith respectfully requests permission to withdraw his plea because it was unknowingly, unintelligently, and involuntarily entered, and was based on misunderstanding, incorrect legal advice, pressure, deception, lies, threats and coercion. Defendant Smith has attached his Declaration/Affidavit as **Exhibit A**.

2
**DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

## II. APPLICABLE LAW

**Under Fed. R. Crim. P. 11(d)(2)(B):**

Defendant Smith may withdraw his plea of guilty after the court accepts the plea, but before sentencing, if Defendant Smith can show a "fair and just reason" for requesting the withdrawal.

Under the Eleventh Circuit case law, the Eleventh Circuit Court of Appeals considers the following factors: Whether close assistance of counsel was available; Whether the plea was knowing and voluntary; whether withdrawal would conserve judicial resources; and whether the government would be prejudiced. See, **United States v. Buckles**, 843 F.2d 469, 472 (11th Cir. 1988).

Defendant Smith provided a Declaration/Affidavit with a detailed "fair and just reason" to withdraw his plea. **United States v. Freixas**, 332 F.3d 1314 (11th Cir. 2003). **See Exhibit A.** Defendant Smith submits that he should be entitled to withdraw his plea if he shows confusion, coercion, misunderstanding, or misadvice. See, **United States v. Brehm**, 442 F.3d 1291 (11th Cir. 2006); **United States v. Medlock**, 12 F.3d 185 (11th Cir. 1994) and **United States v. Brown**, 117 F.3d 471 (11th Cir. 1997).

## III. ARGUMENT

### A. DEFENDANT SMITH HAS NOT BEEN SENTENCED AND DID NOT RECEIVE CLOSE AND EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PLEA AGREEMENT PHASE.

Defendant Smith submits that the Court…appointed standby counsel over [Affiant Smith's] objection [DEs 234, 238]. Standby Counsel Edward Donald Reagan was present during the plea phase and the signing of the Plea Agreement. However, during the process of whether to sign the plea agreement or not, Counsel Reagan did not explain explain the elements of the offense, did not correctly advise Defendant Smith of the sentencing exposure, review or clarify with Defendant Smith the plea agreement, and did not properly explain the consequences of the plea or the options and alternatives. Defendant Smith submits that ineffective or inadequate legal assistance is a valid basis for plea withdrawal. **See, Declaration/Affidavit.**

*Self-Representation.*—Numerous Court have held that the Sixth Amendment, in addition to guaranteeing the right to retained or appointed counsel, also guarantees a defendant the right to represent himself.[1] It is a right the defendant must adopt knowingly and intelligently; ***under some circumstances the trial judge may deny the authority to exercise it, as when the defendant simply lacks the competence to make a knowing or intelligent waiver of counsel or when his self-representation***

---

[1] **Faretta v. California**, 422 U.S. 806 (1975). An invitation to overrule *Faretta* because it leads to unfair trials for defendants was declined in **Indiana v. Edwards**, 128 S. Ct. 2379, 2388 (2008). Even if the defendant exercises his right to his detriment, the Constitution ordinarily guarantees him the opportunity to do so. A defendant who represents himself cannot thereafter complain that the quality of his defense denied him effective assistance of counsel. 422 U.S. at 834–35 n.46. The Court, however, has not addressed what state aid, such as access to a law library, might need to be made available to a defendant representing himself. **Kane v. Garcia Espitia**, 546 U.S. 9 (2005) (per curiam). Related to the right of self-representation is the right to testify in one's own defense. **Rock v. Arkansas**, 483 U.S. 44 (1987) (per se rule excluding all hypnotically refreshed testimony violates right).

4

**DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

*is so disruptive of orderly procedures that the judge may curtail it.*[2] The right applies only at trial; there is no constitutional right to self-representation on direct appeal from a criminal conviction.[3] (emphasis added).

In the instant case, the record clearly shows that Defendant Smith's self-representation was so disruptive of orderly procedures that the judge appointed Counsel Reagan as standby Counsel. Upon appointment of Counsel Reagan, it was Counsel Reagan's professional duty to protect Defendant Smith's Constitutional rights, something Counsel Reagan simply did not do. Defendant Smith's Declaration provides this honorable Court a detailed "fair and just reason" for Defendant Smith to withdraw his plea.

## B. DEFENDANT SMITH'S PLEA IS NULL AND VOID BECAUSE IT WAS NOT KNOWING, VOLUNTARY, WILLINGLY, OR INTELLIGENTLY MADE

Defendant Smith's previous pleadings, Court Orders, and, in addition, he asserts that he did not understand the factual basis, the nature of the charge, the rights he was giving up, and or potential sentencing outcomes. Defendant Smith's plea is invalid because he "did not understand the true nature of the charge." **U.S. v. Brown**, 117 F.3d 471, 476 (11th Cir. 1997). Counsel Reagan failed to explain

---

[2] The fact that a defendant is mentally competent to stand trial does not preclude a court from finding him not mentally competent to represent himself at trial. **Indiana v. Edwards**, 128 S. Ct. 2379 (2008). Mental competence to stand trial, however, is sufficient to ensure the right to waive the right to counsel in order to plead guilty. **Godinez v. Moran**, 509 U.S. 389, 398 (1993).

[3] **Martinez v. Court of App. of Cal.**, Fourth App. Dist., 528 U.S. 152 (2000). The Sixth Amendment itself "does not include any right to appeal." 528 U.S. at 160.

the plea agreement, enhancements, elements, charges to Defendant Smith before signing the Plea agreement.

Defendant Smith submits that his Pro Se status weighs strongly in favor of withdrawal, because clearly, he did not understand the complexity statutory schemes, extensive financial records, and other complexities with the discovery process and how to apply it to his defense.

Inter alia, when a pro se defendant enters a plea without fully grasping these complexities, withdrawal is appropriate to ensure fundamental fairness.

### 1. Defendant's Smith's Plea is Clearly Involuntary

During the Change of Plea, the honorable Court asked Defendant, "How do you Plea?". Here, Defendant Smith clearly was confused, he did not know what to answer to the Court, Defendant Smith turned his head at the direction of Counsel Reagan and Counsel Reagan said, "Guilty," Defendant therein turned his head to the honorable Court and answered the honorable Court's question by answering "Guilty," clearly at the direction of Counsel Reagan. Defendant was not acting under his own free will, therefore his Guilty plea is unconstitutional. Courtroom Surveillance video will confirm this incident.

### C. DEFENDANT WAS PRESSURED AND CONFUSED DURING THE SIGNING OF THE PLEA AGREEMENT AND WAS UNDER THE DIRECTION OF COUNSEL REAGAN AT THE PLEA HEARING

Defendant Smith submits that Coercion or intimidation—even subtle pressure—undermined the voluntariness. See, **United States v. Dolores Freixas,** 332 F.3d 1314, 1319 11th Cir. (2003).

Defendant Smith states that during the critical plea decision-making process, the government twice offered a plea deal--once in the morning and again at lunch-- which Defendant declined. After court recessed and while jury instructions were being discussed, Mr. McCarthy and Mr. Dunn (the prosecution) entered the room and said, "The guilty train is coming. Sign the deal and go home with your family, or tomorrow when the jury finds you guilty, the government will move to have you held until sentencing.", along with numerous other interruptions. When Defendant Smith asked for time to go over the deal and speak with Defendant's children, Defendant was told by Michael McCarthy that if he (McCarthy) left that evening and wrote his closing statement the deal was off the table. Adding insult to injury, Counsel Reagen advised Defendant, at that precise time, that it was going to be the best deal Defendant would get. Along, with the government interrupting Defendant during the plea process to sign, Courtroom Deputy also entered the room with the government and stated, "I can give 10 (ten) minutes, but we have the jury waiting."

Defendant Smith was handed a complex 17-page agreement with virtually no time to review or consult meaningful counsel. Instead of concentrating and reviewing the plea agreement, Defendant Smith was repeatedly interrupted by Government Officials entering the conference room to threaten and coerce Defendant to sign the plea agreement. Counsel Reagan just stood there making assumptions with defective, deceptive, and professional deficiency, directing Defendant to sign or otherwise it would not be good for Defendant.

### D. DEFENDANT SMITH MOVED TO WITHDRAW THE PLEA PROMPTLY AND ACTED WITH "DUE DILIGENCE"

Defendant Smith's Motion to withdraw his plea was made as soon as Defendant understood the misunderstanding. See, **U.S. v. Brehm**, 442 F.3d 1291,

1298 (11th Cir. 2006). The record in Defendant Smith's case shows that he acted with "due diligence" to protect his constitutional rights. At each and every stage, respective counsel was informed, however counsel's refused to correct and properly guide Defendant Smith's pleadings, and, as a result, causing Defendant Smith to file his own pro se pleadings.

### E. THE GOVERNMENT WILL NOT BE PREJUDICED BY DEFENDANT SMITH'S WITHDRAWL OF HIS PLEA

Defendant Smith submits that allowing withdrawal now is not prejudicial and even where a fair and just reason is shown, courts consider whether withdrawal would prejudice the government. **The burden of showing prejudice rests with the government,** not the defendant. **Buckles**, 843 F.2d at 474.

This is a Document-Driven prosecution because it is based primarily on Medicare/Medicaid billing data; Bank and business records; Medical charts and audits; and electronic records preserved by the government.

Defendant submits that the prosecution's evidence is stable, preserved, and unaffected by plea withdrawal. Courts routinely find no prejudice where evidence is financial or documentary in nature. Id. The prosecution cannot show no witness unavailability or loss of evidence. Moreover, any witness has become unavailable; any witness's memory has materially faded due to the plea; or any evidence has been lost or destroyed.

Speculative claims of inconvenience or memory loss are legally insufficient. See **United States v. Gonzalez-Mercado**, 808 F.2d 796, 801 (11th Cir. 1987).

Defendant Smith's withdrawal of his plea simply restores the parties to their pre-plea positions, which Rule 11 expressly permits.

Further, Defendant Smiths argues that judicial economy and public confidence favor withdrawal. While proceeding to trial may require resources, the Eleventh Circuit recognizes that judicial economy cannot justify enforcing an invalid plea. **See United States v. McCarty**, 99 F.3d at 386.

Finally, the manner in which Defendant Smith's plea process was carried out, with coercion, the Government's intrusion and interference with the decision-making plea process in whether to sign or not, and the ability to consult with Counsel Reagan violated Defendant's Constitutional right making Defendant Smith's plea null and void.

**Sir William Blackstone** famously said that it is "better that ten guilty persons escape, than that one innocent suffer." The maxim expressed by that English jurist was perhaps no more popular in 1765 than it is today.

In 1970, **Justice John Marshall Harlan II** in the Court's In re Winship ruling that set such a high standard of proof in U.S. criminal trials, explained: "I view the requirement of proof beyond a reasonable doubt in a criminal case as bottomed on a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free."

Here, public confidence in the criminal justice system is enhanced—not diminished—when courts ensure that guilty pleas are knowing, voluntary, and intelligent.

Defendant Smith respectfully requests a evidentiary hearing.

## IV. REQUEST FOR AN EVIDENTIARY HEARING

### AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

The elements to the charges, the Sentencing Guidelines and Defendant's Level on the U.S.S.G. Had Counsel apprised, properly informed, not misleaded or deceived Defendant, investigated those facts, and challenged self-serving statements used against Defendant, Defendant would not have signed the plea or entered a plea of guilt,

> "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. Section 2255

In the instant case, as set forth in Defendant's Affidavit, Defendant has pleaded, presented evidence, and argued to demonstrate that his conviction and sentence is violative of his Sixth Amendment right to effective assistance of counsel during the plea negotiation phase.

While many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations require an evidentiary hearing under well settled law. **Stoia v. United States**, 24 F.3d 766, 768 (7th Cir. 1994); **Shaw v. United States**, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); **Nichols v. United States**, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); **United States v. Witherspoon**, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether

counter affidavit disputed defendant's allegations). See also, **United States v. Wallace**, 93 F.3d 146 (11th Cir. 1996).

Here, Defendant Smith was directed and induced via defective, deceptive, and professional deficiency by Counsel Reagan to sign the plea agreement and enter a plea of guilty for significantly a lot less than what counsel advised Defendant immediately before signing the plea agreement. Defendant Smith states that during the critical plea decision-making process, the government twice offered a plea deal--once in the morning and again at lunch--which Defendant declined. After court recessed and while jury instructions were being discussed, **government attorneys entered the conference room** and stated that the jury would convict, and Defendant would be taken immediately to jail unless the plea was signed "Now." Defendant Smith was handed a complex 17-page agreement with virtually no time to review or consult meaningful counsel. Counsel Reagan did just stood there making assumptions- defective, deceptive, and professional deficiency-directing Defendant to sign or otherwise it would not be good for Defendant.

Since the onset of Counsel Reagan's appointment as standby Counsel for Defendant, Counsel Edward Reagan repeatedly refused to negotiate or advise Defendant, as a result, Counsel withdrew from representing Defendant. Defendant argues that his conviction and sentence are violative of his Sixth Amendment right to effective assistance of counsel because "any amount of jail time has a Sixth Amendment significance." **Glover v. United States**, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

**DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

## V. CONCLUSION

For the reasons above, Defendant Smith respectfully requests that this Court:

1. SET the matter for an evidentiary hearing;
2. GRANT this Motion to Withdraw Guilty Plea;
3. Appoint Counsel for Defendant; and
4. Return the case to the trial calendar.

Respectfully submitted,

*/s/ Robert Leon Smith III*
ROBERT LEON SMITH III
Reg. No. 91598-510
FDC Miami
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL  33101

**DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

## CERTIFICATE OF SERVICE

I, **Robert Leon Smith III,** Reg. No. 91598-510, hereby certify that I have served a true and correct copy of:

### DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101 complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

**Florida Southern District Court - Miami, FL**
**301 North Miami Avenue**
**Miami, FL 33128**

and deposited same with prison officials here at:

**FDC Miami**
**FEDERAL DETENTION CENTER**
**P.O. BOX 019120**
**MIAMI, FL   33101**

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

December 21, 2025

*[signature]*

**Robert Leon Smith III**
Reg. No. 91598-510
FDC Miami
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL   33101

**DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

# PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

USPS.COM/PICKUP

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

**FROM:** (PLEASE PRINT) PHONE ( )
Robert Leon Smith # 91548-510
FDC Miami
Federal Detention Center
PO Box 019120
Miami, Florida 33101

**TO:** (PLEASE PRINT) PHONE ( )
US District Court,
Southern District of Florida
301 North Miami Avenue
Miami, Florida 33128

ZIP+4® (U.S. ADDRESSES ONLY)

PEEL FROM THIS CORNER

- For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
- $100.00 insurance included.

DELIVERY OPTIONS (Customer Use Only)
☒ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required

CUSTOMER USE ONLY

PO ZIP Code: 33101
Date Accepted (MM/DD/YY): NOV 07
Time Accepted: 1:50 PM
Scheduled Delivery Time: 6:00 PM
Weight: 5 lbs ozs
☒ Flat Rate
Postage: $3.40
Insurance Fee: 
Return Receipt Fee: 
Live Animal Transportation Fee: 
COD Fee: 
Total Postage & Fees: $33.40

LABEL 11-B, NOVEMBER 2023   PSN 7690-02-000-9996

RDC 07
ER 252 518 434 US

$33.40
S2322W502044-05

This package is made from post-consumer waste material and can be recycled.