ROBERT LEON SMITH III
Reg. No. 91598-510
FDC Miami
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL   33101

NOTICE: COURT CLERK, PLEASE FILE, DOCKET THIS DECLARATION/AFFIDAVIT

FILED BY MCO D.C.

DEC 3 0 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA (WEST PALM BEACH)

ROBERT LEON SMITH III,

    Defendant(s)-Affiant,

vs.

UNITED STATES OF AMERICA,

    Plaintiff(s).

Case Number: **9:23-cr-80211-KAM-1**

**DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

## AFFIDAVIT OF ROBERT LEON SMITH III

I, Robert Leon Smith III, Reg. No. 91598-510 (hereinafter "Affiant") hereby declare under penalty of perjury:

1. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2. Petitioner Smith states that Counsels were ineffective for their failure to explain, apprise, and properly inform Petitioner of the elements to the charges.

3. Affiant Smith states that he signed and entered a plea of guilty at the direction of his Standby Counsel Edward Donald Reagan.

4. Affiant Smith states that all Counsel's, including Reagan, were disinterested and half-heartedly representing Petitioner Smith.

5. Affiant Smith states that without full knowledge of the facts and consequences, unknowingly, involuntary, unintelligently and unwillingly entered a plea of guilty, and was forced to abandon his constitutional rights to a fair trial.

6. Affiant Smith states, the honorable found, that the record does not reflect or mention of the status of the plea negotiations when the trial recommenced.

7. The Court...appointed standby counsel over [Affiant Smith's] objection [DEs 234, 238]. Standby Counsel Edward Donald Reagan, Edward D Reagan PA, 658 West Indiantown Road, Suite 209, Jupiter, FL 33458, was present during the plea phase.

8. Affiant Smith states that the Court held that, "[d]uring the plea colloquy, Defendant acknowledged that he took advantage of Attorney Reagan during the course of the trial and in reviewing the plea agreement. *Attorney Reagan represented to the Court that he assisted Defendant in understanding the plea agreement, including the sentencing guidelines, and Defendant thanked the Court for the appointment.* Transcript at 36-37, 6-7.

9. Affiant Smith states that the honorable Court found that in Affiant Smith's case, Affiant Smith had the *assistance of standby counsel of which he took advantage, particularly in connection with the change of plea. Affiant Smith acknowledged his reliance on standby counsel in reviewing the plea agreement* and thanked the Court for appointing Attorney Reagan. As a result, his assertion in the present motion that Attorney Reagan refused to negotiate or advise him is belied by both Defendant and Attorney Reagan's statements on the record at the time of the change of plea.

10. Affiant Smith states that the Court, without granting an evidentiary hearing, found that as to a specific factor, that *Affiant Smith did have close assistance of counsel*, and to the extent he may not have, it was his knowing and voluntary instance that he be permitted to represent himself that brought it about.

**DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

11. In denying the Motion to withdraw the plea, the Court held that Affiant Smith's assertions were inconsistent with Defendant's sworn testimony during the plea colloquy where he testified he reviewed the plea agreement with his standby counsel, and he had enough time to review it and reflect on it before signing it. Transcript at 10-11.

12. Affiant Smith states a recess was taken at 5:09 p.m. so Attorney Reagan could confer with Defendant about the jury instructions. At 5:50 p.m., the Court went back on the record and the parties had presented the Court with a signed plea agreement.

13. Affiant Smith states that on 03/27/2025, the day he pled guilty, he twice previously had rejected the Government's plea offer, one in the morning and again at lunch.

14. Affiant Smith states that he was presented with a "coercive deadline and threats." Defendant asserts that during the approximately 50 minutes between the time the jury was excused for the day and the time he signed the plea agreement, the Government attorneys told Defendant he was literally already convicted, and he would be taken immediately to jail unless he signed the plea agreement "now." Affiant Smith states that he had virtually no time to review the agreement or consult meaningfully with standby counsel. *The March 27, 2025, surveillance video* to the day Affiant Smith signed the plea agreement *will irrefutably show* the Government's interruption into Affiant Smith's decision-making process as to whether to sign the plea agreement or not. In addition, the Government made calculated threating statement to Affiant Smith to coerce and force him to reluctantly, unwillingly, involuntarily and unwittingly sign the plea agreement.

**DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

15. **Defendant Smith's Plea is Clearly Involuntary**

    During the Change of Plea, the honorable Court asked Defendant, "How do you Plea?" and Defendant Smith clearly was confused, he did not know what to answer to the Court, Defendant Smith turned his head at the direction of Counsel Reagan and Counsel Reagan said, "Guilty," Defendant therein turned his head to the honorable Court and answered the honorable Court's question by answering "Guilty," clearly at the direction of Counsel Reagan. Defendant was not acting under his own free will, therefore his Guilty plea is unconstitutional. **The March 27, 2025, surveillance video to the day Affiant Smith entered his guilty plea will irrefutably show that Counsel Reagan directed Defendant to enter the Guilty plea and it was not entered under Defendant's own free will.**

16. Affiant Smith states that he did not have adequate counsel and that his standby counsel refused to negotiate or advise him. Standby Counsel Reagan provided defective and deceptive advice during the precise moment of signing the plea agreement.

17. Standby Counsel Reagan advised Affiant Smith that if he signed the Plea Agreement, he would be going to a camp low security institution. Counsel Reagan advised Affiant the following, "That is the best deal you are going to get." "If you sign, you will be going to minimum security camp." Among other defective advice and deceptive advice by Counsel Reagan, Reagan directed Affiant Smith to sign the plea, Affiant under the direction of standby Counsel Reagan signed the plea agreement.

18. Affiant Smith pled guilty on March 27, 2025, but I did not fully understand the charge, the consequences, or the rights Affiant was waiving.

19. Affiant Smith states that standby Counsel did not explain the plea agreement, sentencing exposure, defenses, evidence, elements, charges, options, alternatives and consequences of proceeding with trial or pleading guilty.

20. Defendant Smith states that during the critical plea decision-making process, the government twice offered a plea deal--once in the morning and again at lunch--which Defendant declined. After court recessed and while jury instructions were being discussed, Mr. McCarthy and Mr. Dunn (the prosecution) entered the room and said, "The guilty train is coming. Sign the deal and go home with your family, or tomorrow when the jury finds you guilty, the government will move to have you held until sentencing.", along with numerous other interruptions. When Defendant Smith asked for time to go over the deal and speak with Defendant's children, Defendant was told by Michael McCarthy that if he (McCarthy) left that evening and wrote his closing statement the deal was off the table. Adding insult to injury, Counsel Reagen advised Defendant, at that precise time, that it was going to be the best deal Defendant would get. Along, with the government interrupting Defendant during the plea process to sign, Courtroom Deputy also entered the room with the government and stated, "I can give 10 (ten) minutes, but we have the jury waiting."

21. Defendant Smith was handed a complex 17-page agreement with virtually no time to review or consult meaningful counsel. Instead of concentrating and reviewing the plea agreement, Defendant Smith was repeatedly interrupted by Government Officials entering the conference room to threaten and coerce Defendant to sign the plea agreement. Counsel Reagan just stood there making

DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)

assumptions with defective, deceptive, and professional deficiency, directing Defendant to sign or otherwise it would not be good for Defendant.

22. Affiant Smith states that the totality of the circumstances, the March 27, 2025 surveillance video, and first-rate knowledge testimony will show that Affiant Smith was pressured and confused during the plea process.

23. Affiant Smith states that if he had understood the situation correctly, Affiant Smith would not have signed the plea agreement or pled guilty.

24. Affiant Smith is requesting permission to withdraw his plea so he may defend himself with an attorney at trial.

25. Affiant Smith makes this request freely and voluntarily.

26. Affiant Smith states that a evidentiary hearing will assist this court to determine the reliability, corroboration, authenticity, integrity and identity of the witnesses' statements and testimony.

In Carrion v. Smith, 365 Fed. Appx. 278 (2d Cir. 2012) Judge Scheindlin found amongst other things petitioner's testimony credible. An excerpt from that case follows:

> ("Although this testimony is self-serving, **I find it credilble especially given his demeanor in testifying….**". **Cullen v. United States**, 194 F.3d 401, 407 (2d Cir. 1999) (explaining that although a habeas petitioner's testimony is often self-serving, "it ought no be rejected solely on this account")). See **Carrion v. Smith**, 365 Fed. Appx. At 282. (emphasis added).

Only an evidentiary hearing would allow the honorable Court to analyze and witness Affiant Smith's "demeanor in testifying." Affiant Smith requests this

**DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

honorable Court Grant an Evidentiary hearing directing the Government, Affiant Smith and other witnesses to appear to testify at an evidentiary hearing.

27. Affiant Sayeth Nought.

28. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on December 21, 2025.

*Robert Leon Smith* (signature)

**Robert Leon Smith III, Affiant**
Reg. No. 91598-510
FDC Miami
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL   33101

**DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

## CERTIFICATE OF SERVICE

I, **Robert Leon Smith III,** Reg. No. 91598-510, hereby certify that I have served a true and correct copy of:

**DECLARATION/AFFIDAVIT IN SUPPORT OF DEFENDANT SMITH'S MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FED. R. CRIM. P. 11(d)(2)(B)**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101 complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

**Florida Southern District Court - Miami, FL**
**301 North Miami Avenue**
**Miami, FL 33128**

and deposited same with prison officials here at:

**FDC Miami**
**FEDERAL DETENTION CENTER**
**P.O. BOX 019120**
**MIAMI, FL 33101**

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

December 21, 2025

*/s/ Robert Leon Smith*

**Robert Leon Smith III**
Reg. No. 91598-510
FDC Miami
FEDERAL DETENTION CENTER
P.O. BOX 019120
MIAMI, FL 33101



Priority Mail Express Flat Rate Envelope

FROM:
Robert Leon Smith # 91548-510
FDC Miami
Federal Detention Center
PO Box 019120
Miami, Florida 33101

TO:
US District Court
Southern District of Florida
301 North Miami Avenue
Miami, Florida 33128